## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

**ERNESTINA GARCIA**

     **VS**                           **C.A. NO.: 13-617**

**HSBC BANK USA, NATIONAL
ASSOCIATION, AS TRUSTEE
FOR HOME EQUITY LOAN
TRUST SERIES ACE 2006-HE1, ALIAS,
HSBC BANK USA, NATIONAL
ASSOCIATION, AS TRUSTEE
FOR ACE SECURITIES CORP. HOME
EQUITY LOAN TRUST, SERIES 2006-HE1,
ASSET BACKED PASS-THROUGH
CERTIFICATES, ALIAS,
WELLS FARGO BANK, N.A., ALIAS
AND JOHN DOE, ALIAS**

**SECOND AMENDED COMPLAINT FOR DECLARATORY
JUDGMENT, VIOLATION OF THE FAIR DEBT COLLECTION
PRACTICES ACT, VIOLATION OF THE REAL ESTATE
SETTLEMENT AND PROCEDURES ACT, VIOLATION OF
REGULATION X AND Z, VIOLATION OF THE TRUTH IN
LENDING ACT, VIOLATION OF R.I.G.L. 34-27-3.1, VIOLATION
OF R.I.G.L. 34-11-22, BREACH OF CONRACT, DAMAGES,
ATTORNEY FEES AND INJUNCTIVE RELIEF**

     The Plaintiff, Ernestina Garcia, by her Attorney, complains of
Defendants as follows:

1.     The Plaintiff, Ernestina Garcia, is a Rhode Island resident. She is a
resident of the State of Rhode Island. She owns the real estate located at 44
Union Avenue, Providence, Rhode Island.

2.     Defendant John Doe is any entity which has an interest in the
Plaintiff's mortgage and/or promissory note.

3.      Fremont Investment & Loan ("Fremont") was the nominal originator of the Plaintiff's loan

4.      Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is a National Bank company conducting business in Rhode Island as a loan servicer. It is the current loan servicer for the Plaintiff's loan. It succeeded Wells Fargo Home Mortgage, doing business as America's Servicing Company as the servicer for the Plaintiff's loan

5.      Defendant HSBC Bank USA, National Association as Trustee for Ace Securities Corp. Home Equity Loan Trust, Series 2006-HE1 Asset Backed Pass-Through Certificates, alias, (hereinafter referred to as "2006-HE1 Certificates") claims to own the Plaintiff's Mortgage and Note.

6.      Defendant, 2006-HE1 Certificates claims to have been conveyed the mortgage  by an alleged assignment from Defendant, HSBC Bank U.S.A., National Association as trustee for Home Equity Loan Trust Series ACE 2006-HE1, alias( hereinafter referred to as "ACE 2006-HE1") on December 17, 2007.

7.      Neither 2006-HE1 Certificates nor ACE 2006-HE1 have ever owned the Plaintiff's mortgage.  A search of the records of the Securities and Exchange Commission ("SEC") indicates that neither 2006-HE1 Certificates, which claims to own the Plaintiff's mortgage nor ACE 2006-HE1 which claims to have conveyed to 2006-HE1 Certificates the mortgage, have  ever existed. The search page for any entity which includes the term 2006-HE1 is located at the following web page of the SEC Website:

http://www.sec.gov/cgi-bin/browse-edgar?company=2006-HE1&match=contains&filenum=&State=&Country=&SIC=&myowner=exclude&action=getcompany

This page indicates that the only trust registered with the SEC which contains the terms ACE Securities and 2006-HE1 is Ace Securities Corp. Home Equity Loan Trust, Series 2006-HE1 (hereinafter referred to as "2006-HE1").  That securitized trust is located at the following web page of the SEC website:

**http://www.sec.gov/cgi-bin/browse-edgar?action=getcompany&CIK=0001353171&owner=include&count=40&hidefilings=0**

This website indicates that HSBC is the Trustee for this Trust. HSBC has never been the trustee for the non-existent entities, ACE 2006-HE1 or 2006-HE1 Certificates. HSBC as Trustee for Ace Securities Corp. Home Equity Loan Trust Series 2006-HE1 has never been assigned the Plaintiff's mortgage. It has never been transferred the Plaintiff's note.

8.    Mortgage Electronic Registration Systems, Inc. ("MERS") is a Delaware Corporation. It is not licensed to do business in the State of Rhode Island. It is a wholly owned subsidiary of Defendant, MERSCORP Holding, Inc. ("MERSCORP")  MERSCORP is a Delaware corporation. It is not licensed to do business in the State of Rhode Island.

9.    The subject matter of this complaint is proper to invoke the Equitable Jurisdiction of this Court.

10.    All of the parties named herein have sufficient minimum contacts with the State of Rhode Island to render them subject to its jurisdiction.

11.    This Court has subject matter jurisdiction over the matters in this complaint pursuant to the following statutes:

    a.    The provisions of the Declaratory Judgment Act 28 U.S.C. § 2201 et seq., grant this Court jurisdiction over questions of law and equity. The Plaintiff is asking this Court, inter alia, to restrain certain defendants from taking adverse action on the subject property owned by the Plaintiff at 44 Union Avenue, Providence, Rhode Island.

    b.    The provisions of the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., grant the Court jurisdiction to determine certain legal questions relating to the property rights of the Plaintiff and the Defendants under certain assignments, powers of attorney, and a mortgage. The Plaintiff asks that the alleged assignments be declared void and invalid, that the Court declare that neither 2006-HE1 Certificates nor ACE 2006-HE1 exist, that the mortgage and note have never not owned by any of the Defendants and that said Defendants lacked standing to enforce the note or to foreclose on the mortgage.

     c.     The provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(k) grant the Court jurisdiction over violations of that Act as alleged in this complaint.

     d.     The provisions of the Truth In Lending Act ("TILA") 15 U.S.C. § 1641(f) grant this Court jurisdiction and grant the Plaintiff the right to a private right of action for violations of TILA.

     e.     The provisions of the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. 2605 et seq., grant this Court jurisdiction and grant the  Plaintiff the right to a private right of action for violations of RESPA and Regulation X.

12.     Plaintiff executed a mortgage to MERS as nominee for Fremont on November 10, 2005.

13.     A  securitized trust, 2006-HE1,  was created on or before February 28, 2006 when Fremont, sold mortgage loans to DB Structured Products, Inc. ("DBSP"), which along with Ace Securities Corp. ("Ace") securitized loans originated by Fremont and other entities into a pool of loans.

14.     The documents for this securitized trust are located at the following web-page of the Securities and Exchange Commission. The html web address for this particular trust is:

          http://www.sec.gov/cgi-bin/browse-edgar?company=ace+2006-he1&match=contains&filenum=&State=&Country=&SIC=&myowner=exclude&action=getcompany

15.     This securitized trust was defined by the terms of its Pooling and Servicing Agreement ("PSA") and other documents associated with the loan securitization process.  This Pooling and Servicing Agreement is located at the following html website of the Securities and Exchange Commission:

          http://www.sec.gov/Archives/edgar/data/1353171/000088237706001569/d444644_ex4-1.htm

This Pooling and Servicing Agreement contains the actual name of the Trust in the definition section. This section provides the name of the trust as follows:

"Trust": ACE Securities Corp., Home Equity Loan Trust, Series 2006-HE1, the trust created hereunder.

16.     In this securitization, all loans, originated by Fremont, were initially sold by Fremont to DB Structured Products, Inc. ("DBSP") pursuant to a Mortgage Loan Purchase Agreement dated February 28, 2006.

17.     Thus, no later than February 28, 2006, any loans which this Trust owned, which were originated by Fremont, were conveyed from Fremont to DBSP.

18.     ACE Securities Corporation ("ACE") was identified as the Depositor, which meant that all the loans in the trust were conveyed to the Trust only by ACE and by no other entity. No loans were conveyed to the trust by MERS on its own behalf, nor  by any other entity other than ACE at any time.

## COUNT I

**COMPLAINT FOR DECLARATORY JUDGMENT THAT 2006-HE1 CERIFICATES AND ACE 2006-HE1 HAVE NEVER EXISTED WITH THE RESULT THAT  THE TWO ALLEGED ASSIGNMENTS OF MORTGAGE TO AND FROM EACH WERE VOID**

19.     Paragraphs 1-18 are incorporated by reference.

20.     On or about December 17, 2007, a purported assignment of mortgage was executed by MERS on its own behalf and not as a nominee to the non-existent ACE 2006-HE1.

21.     MERS did not own Plaintiff's note or mortgage on this date as the loan had been sold to DBSP on or before February 28, 2006.  Nor was it acting as an agent for the owner of the note or the mortgage on December 17, 2007.

22.    MERS owned nothing to assign to ACE 2006-HE1 and this alleged assignment conveyed nothing to the non-existent 2006-HE1.

23.    Pursuant to Rhode Island law a mortgage is a conveyance of a property interest. A valid conveyance of a mortgage requires conveyance of an interest in property by the grantor to the grantee, delivery by the grantor to the grantee of the interest in property and acceptance of the grantee of the interest in property conveyed to it.

24.    MERS could not deliver any interest in the mortgage or note to ACE 2006-HE1 because the alleged grantee did not exist on December 17, 2007 or at any time.

25.    MERS could not convey any interest in the mortgage or note to the alleged grantee because ACE 2006-HE1 did not exist on December 17, 2007 or at any time.

26.    ACE 2006-HE1 could not accept this alleged conveyance because it did not exist on December 17, 2007 or at any time.

27.    On or about January 17, 2013, Wells Fargo created an alleged assignment of mortgage at its Minneapolis office.  This document purported to convey the Plaintiff's mortgage by Wells Fargo Bank, N.A. pursuant to a purported power of attorney for HSBC Bank U.S.A., National Association as trustee for Home Equity Loan Trust Series ACE 2006-HE1 ("ACE 2006-HE1") to HSBC Bank USA, National Association as Trustee for Ace Securities Corp. Home Equity Loan Trust, Series 2006-HE1 Asset Backed Pass-Through Certificates, ("2006-HE1 Certificates").

28.    Pursuant to Rhode Island law, a mortgage is a conveyance of a property interest. A valid conveyance of a mortgage requires conveyance of an interest in property by the grantor to the grantee, delivery by the grantor to the grantee of the interest in property and acceptance of the grantee of the interest in property conveyed to it.

29.    ACE 2006-HE1 could not convey any interest in the mortgage to 2006-HE1 Certificates because ACE 2006-HE1 did not own an interest in any property to convey to 2006-HE1 Certificates on January 18, 2013 or at any time.

29.    ACE 2006-HE1 could not deliver any interest in the mortgage to 2006-HE1 Certificates because  neither ACE 2006-HE1 nor 2006-HE1 Certificates existed on January 18, 2013 or at any time.

30.    The alleged conveyance was also void because 2006-HE1 Certificates could not accept delivery of Plaintiff's mortgage, because it did not exist on January 18, 2013 or at any time.

31.    As a result any alleged assignments to ACE 2006-HE1 or 2006-HE1 Certificates were void, since neither entity existed at any time.

WHEREFORE, Plaintiff demands that this Court:

a.  Issue a Declaratory Judgment that HSBC has never been trustee for the entity referred to as Home Equity Loan Trust Series ACE 2006-HE1.

b.  Issue a Declaratory Judgment that no entity named Home Equity Loan Trust Series ACE 2006-HE1 has ever existed.

c.  Issue a Declaratory Judgment that MERS did not convey the Plaintiff's Mortgage to HSBC Bank USA, National Association as Trustee for Home Equity Loan Trust Series ACE 2006-HE1 by an assignment dated December 17, 2007.

d.  Issue a Declaratory Judgment that HSBC Bank USA, National Association as Trustee for Home Equity Loan Trust Series ACE 2006-HE1 never owned Plaintiff's mortgage.

e.  Issue a Declaratory Judgment that HSBC Bank USA, National Association as Trustee for Home Equity Loan Trust Series ACE 2006-HE1did not convey Plaintiff's mortgage to HSBC Bank USA, National Association as Trustee for Ace Securities Corp. Home Equity Loan Trust, Series 2006-HE1 Asset Backed Pass-Through Certificates by an assignment dated January 18, 2013.

f.  Issue a Declaratory Judgment that HSBC Bank USA, National Association has ever been Trustee for Ace Securities Corp. Home Equity Loan Trust, Series 2006-HE1 Asset Backed Pass-Through Certificates.

g. Issue a Declaratory Judgment that Ace Securities Corp. Home Equity Loan Trust, Series 2006-HE1 Asset Backed Pass-Through Certificates has never existed as an entity or trust with that name.

ERNESTINA GARCIA
By her Attorney

August 13, 2014

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, RI 02920
(401) 943-9230

## COUNT II

**COMPLAINT FOR DECLARATORY JUDGMENT THAT THERE WAS NO POWER OF ATTORNEY EXECUTED BY HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR ACE 2006-HE1 TO WELLS FARGO WHICH AUTHORIZED AN ASSIGNMENT OF THE PLAINTIFF'S MORTGAGE TO 2006-HE1 CERTIFICATES**

32.    Paragraphs 1-31 are incorporated by reference.

33.    A conveyance of an interest in property can be validly conveyed pursuant to a power of attorney only if there is compliance  with the provisions of R.I.G.L. § 34-11-34**.**

34.    This section of the Rhode Island General Laws provides:

**R.I.G.L. § 34-11-34 Conveyances executed by attorney – Recording of power. –** Any conveyance executed by attorney shall be as valid as if executed by the grantor himself, providing that a power of attorney be given by such grantor for this purpose; which power and the deed executed by the attorney thereunder shall be signed, acknowledged, delivered and recorded with like formalities prescribed by law concerning deeds from grantors in person.

This document could not be ratified by the grantee because it did not either of the alleged parties because neither of them existed. It was also void because the assignor owned nothing to assign or had no authority to make an assignment to a particular assignee, such as the original alleged assignee, which did not exist.

35.    A title search of the Providence Land Records since August,  2004, indicates that HSBC Bank U.S.A., National Association as trustee for Home Equity Loan Trust Series ACE 2006-HE1 has never granted a power of attorney to Wells Fargo, which was recorded in the Providence Land Records.  At least twenty four powers of attorney were recorded during this period in the Providence Recorder of Deeds from HSBC Bank USA, National Association ("HSBC") to Wells Fargo.   None of these powers of attorney, which were executed by HSBC, granted a power of attorney on behalf of HSBC as Trustee for ACE 2006-HE1 to Wells Fargo.

36.    HSBC Bank U.S.A., National Association has never been the trustee for Home Equity Loan Trust Series ACE 2006-HE1 and has never granted Wells Fargo a power of attorney to act on behalf of this non-existent entity.

WHEREFORE, Plaintiff demands that this Court:

    a.  Issue a Declaratory Judgment that no power of attorney was granted by HSBC as Trustee for Home Equity Loan Trust Series ACE 2006-HE1 to Wells Fargo to authorize Wells Fargo convey the Plaintiff's mortgage to 2006-HE1 Certificates.

    b.  Issue a Declaratory Judgment that no power of attorney was recorded by HSBC as Trustee for Home Equity Loan Trust Series ACE 2006-HE1 to Wells Fargo to authorize Wells Fargo to convey the Plaintiff's mortgage to 2006-HE1 Certificates.

                              ERNESTINA GARCIA
                                By her Attorney

August 13, 2014

                              /s/ John B. Ennis
                              JOHN B. ENNIS, ESQ. #2135
                              1200 Reservoir Avenue
                              Cranston, RI 02920
                              (401) 943-9230

## COUNT III

**DECLARATORY JUDGMENT THAT DEFENDANT FAILED TO COMPLY WITH PARAGRAPH 22 OF THE MORTGAGE, WHICH WAS A CONDITION PRECEDENT TO ANY ACCELERATION AND ANY ALLEGED FORECLOSURE SALE**

37.    Paragraphs 1-36 are incorporated by reference.

38.    On or about February 5, 2013, Wells Fargo, using the name of America's Servicing Company mailed a letter to the Plaintiff.

39.    This letter was sent by America's Servicing Company's  Default Management Department, with no reference to any other entity. It did not indicate that it was acting on behalf of the lender or the owner of the note or the mortgage.

40.    Paragraph 22 of the mortgage provides that the Lender must send a notice of default which contains specific language as a condition precedent to acceleration and sale.

41.     Plaintiff never received any valid default letter from the owner of the note and the mortgage or an agent indicating that it was acting on behalf of the owner of the note and the mortgage.

42.    None of the provisions of paragraph 22 of the mortgage were complied with before an acceleration of the loan was declared. In fact no acceleration was ever declared. The Owner of the Note and the Mortgage was required to specify:

     a.    the default;

     b.    the action required to cure the default, stating a date, not less than 30 days from the date the default must be cured;

     c.    that failure to cure the default on or before the date specified in the Notice may result in the acceleration and the right to bring a court action to asset the non-existence of a default of Borrower to acceleration and sale.

43.     Paragraph 22 of the mortgage, which contains conditions for the exercise of the statutory power of sale, reads as follows:

> **Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law.  Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

> **If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15.  Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.**

44.     The February 5, 2013 letter sent by America's Servicing Company to the Plaintiff did not specify the entire amount of the default that had to be cured on or before at least thirty days from the date of the letter.

45.     This letter specified an amount due as of February 5, 2013 in the amount of $164,719.35 but did not indicate a specific amount due, which had to be paid on or before March 26, 2013, which was the date that it specified as the date by which the alleged arrearage had to be cured.

46.     This letter indicated that the Plaintiff "must pay this amount plus any additional monthly payments, late charges and other charges that may be due under applicable law after the date of this notice and on or before March 26, 2013". This letter did not provide the actual amount of the arrearage due on March 26, 2013 and did not comply with the language of paragraph 22 which required the lender to specify the default amount, which was required to cure the default.

47.     This letter did not state that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. Rather it stated that "If funds are not received by the above referenced date, we will proceed with acceleration. Once acceleration has occurred, we may take steps to terminate your ownership in the property by a foreclosure proceeding or other action to seize your home or pursue any other remedy under the terms of your Mortgage." This letter did not indicate that a sale of the property could occur and only indicated that a foreclosure proceeding, which involves a judicial foreclosure, which was not utilized and the seizure of Plaintiff's home, which is not permitted under Rhode Island law by the exercise of the Statutory Power of Sale.

48.     This letter did not inform the Plaintiff of the right to reinstate after acceleration. Rather it stated that "You have the right to reinstate your Mortgage Note and Mortgage or Deed of Trust after acceleration. However, any future negotiations attempting to reinstate your loan or payment of less than the full amount due shall not require America's Servicing Co.'s waiver of acceleration unless otherwise agreed to, in writing by America's Servicing Co.". This failure to comply with the terms of the mortgage suggested that the Plaintiff could not reinstate the loan without paying the entire amount of the mortgage.

49.     Neither Wells Fargo nor any of the defendants sent the Plaintiff any notice after February 5, 2013, which accelerated the note or the mortgage. No entity accelerated the mortgage or the note and thus no entity was contractually authorized to exercise the statutory power of sale and foreclose on the Plaintiff's property. This action constituted a breach of contract, resulting in damages to the Plaintiff, by having to hire an attorney to commence this case.

WHEREFORE, Plaintiff demands that this Court:

a.  Issue a Declaratory Judgment that the alleged February 5, 2013 letter from America's Servicing Company to the Plaintiff did not comply with the terms of the Plaintiff's mortgage.

b.  Issue a Declaratory Judgment that the February 5, 2013 letter from America's Servicing Company to the Plaintiff did not authorize any party to accelerate the note or the mortgage and to exercise the statutory power of sale in regard to the Plaintiff's mortgage.

c.  Issue a Declaratory Judgment that the February 5, 2013 letter from America's Servicing Company to the Plaintiff did not authorize any party to exercise the statutory power of sale in regard to the Plaintiff's mortgage.

d.  Issue a Declaratory Judgment that neither America's Servicing Company nor 2006-HE1 Certificates accelerated the Plaintiff's Mortgage after the February 5, 2013 letter from America's Servicing Company to the Plaintiff.

e.  Award the Plaintiff legal fees pursuant to R.I.G.L.§ 9-1-45  for breach of contract.

ERNESTINA GARCIA
By her Attorney

August 13, 2014

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, RI 02920
(401) 943-9230

13

## COUNT IV

**COMPLAINT FOR DECLARATORY JUDGMENT THAT ANY ALLEGED FORECLOSURE SALE WAS VOID DUE TO NON-COMPLIANCE WITH R.I.G.L. § 34-4-27-3.1**

50.   Paragraphs 1- 49 are incorporated by reference.

51.   R.I.G.L. § 34- 4-27-3.1 states:

> Foreclosure counseling**.** – (a) No less than forty-five (45) days prior to initiating any foreclosure of real estate pursuant to subsection 34-27-4(b), the mortgagee shall provide to an individual consumer mortgagor written notice of default and the mortgagee's right to foreclose by first class mail at the address of the real estate and, if different, at the address designated by the mortgagor by written notice to the mortgagee as the mortgagor's address for receipt of notices.

> (b) The written notice required by this section shall be in English and Spanish and, provided the same is then available, shall advise the mortgagor of the availability of counseling through HUD-approved mortgage counseling agencies and, the toll-free telephone number and website address maintained to provide information regarding no-cost HUD-approved mortgage counseling agencies in Rhode Island. The written notice may also contain any other information required under federal law. A form of written notice meeting the requirements of this section shall be promulgated by the department of business regulation for use by mortgagees at least thirty (30) days prior to the effective date of this section. Counseling shall be provided at no cost to the mortgagee.

> (c) Failure of the mortgagee to provide notice to the mortgagor as provided herein shall render the foreclosure void**,** without limitation of the right of the mortgagee thereafter to reexercise its power of sale or other means of foreclosure upon compliance with this section. The mortgagee shall include in the foreclosure deed an affidavit of compliance with this section.

(d) As used herein and in this chapter, the term "HUD" means the United States Department of Housing and Urban Development and any successor to such department.

52.    This statute indicates that the mortgagee is the owner of the mortgage, which must give notice to the homeowner.

53.    Neither the actual owner of the mortgage and the note nor an agent acting on its behalf sent  a notice to the Plaintiff at least 45 days before any initiating this purported foreclosure, pursuant to R.I.G.L. 34-27-4 in compliance with R.I.G.L.§  34-27-3.1.

54.    On or about February 5, 2013,  America's Servicing Company sent a notice to the Plaintiff, which purported to notify her of her rights under R.I.G.L.§ 34-27-3.1.

55.    This notice was sent by Wells Fargo on behalf of the non-existent entity, Defendant, 2006-HE1 Certificates.

56.    This notice was sent at least 45 days before an April 2, 2013  letter from Harmon Law Offices, P.C., which claimed to initiate a foreclosure sale of the Plaintiff's home pursuant to R.I.G.L. § 34-27-4(b).

57.    This letter did not identify the mortgagee or the entity on whose behalf the letter was sent.

58.    This letter was sent with the February 5, 2013 letter sent by America's Servicing Company to the Plaintiff.

59.    The letter dated April 2, 2013 was sent by Harmon Law Offices, P.C. with a copy of an advertisement of a foreclosure sale of the Plaintiff's home to be held on May 24, 2013.

60.    This letter, which indicated that a foreclosure sale of the Plaintiff's home had been scheduled by Harmon Law Offices, P.C. for May 24, 2013.

61.    No advertising occurred as a result of this purported initiation of a foreclosure sale pursuant to R.I.G.L. § 34-27-4(b).

62.    No foreclosure sale of the Plaintiff's home occurred on May 24, 2013.

63.    On or about May 17, 2013, another letter was sent by Harmon Law Offices P.C. to Plaintiff, which was not accompanied by a notice pursuant to R.I.G.L. § 34-27-4. It advised the Plaintiff that she may be entitled to foreclosure mediation pursuant to the Providence Ordinances.

64.    This letter was not the initiation of a foreclosure pursuant to Rhode Island Law pursuant to R.I.G.L. § 34-27-4(b).

65.    This letter included a copy of an advertisement of a foreclosure sale of the Plaintiff's home to be held on July 10, 2013, which indicated that it was scheduled by Harmon Law Offices, P.C.

66.    Advertising for this purported foreclosure sale occurred on June 19, 2013, June 26, 2013 and July 3, 2013.  However, the sale did not occur on July 10, 2013 despite the advertising caused to be published in the Providence Journal by Harmon Law Offices, P.C. on behalf of Wells Fargo.

67.    On or about July 12, 2013 Harmon Law Offices, P.C., purportedly on behalf of the Holder of the Mortgage claimed to have initiated another foreclosure sale of the Plaintiff's home by mailing to the Plaintiff a letter indicating that her home would be sold on September 4, 2013.

68.    This letter included a notice pursuant to R.I.G.L. § 34-27-4(b), which purported to initiate a new foreclosure, even though the note and mortgage had not been accelerated.

69.     R.I.G.L. § 34-27-3.1 requires that a new counseling notice be sent to a homeowner at least 45 days before any initiating of a new foreclosure.

70.    No additional R.I.G.L. § 34-27-3.1 counseling notice was sent to the Plaintiff before the initiation of this purported foreclosure sale. The advertising and publishing for this purported sale occurred on August 14, 2013, August 21, 2013 and August 28, 2013 in the Providence Journal.

71.    Pursuant to the provisions of that statute, any foreclosure sale, which did not comply with this notice provision, was void.

72.    Defendant 2006-HE1 Certificates claims to have conducted a foreclosure sale of Plaintiff's home on or about September 13, 2013. However no additional advertising for that alleged sale occurred. Wells

Fargo, through its attorney, Harmon law Offices, P.C. postponed the sale to September 11, 2013 but did not adjourn the sale. It merely published an additional notice, which postponed the alleged sale to September 11, 2013. No advertising of the subsequent adjournment to September 11, 2013 was published in the Providence Journal.

WHEREFORE, Plaintiff demands that this Court:

    a.    Issue a Declaratory Judgment that the owner of the note and the mortgage did not send the Plaintiff a notice pursuant to R.I.G.L. § 34-27-3.1 prior to initiating a foreclosure.

    b.    Issue a Declaratory Judgment the failure of America's Servicing Company to send the Plaintiff a notice pursuant to R.I.G.L. § 34-27-3.1 prior to initiating a foreclosure rendered any alleged foreclosure void.

    c.    Issue a Declaratory Judgment that any foreclosure sale conducted on or about September 13, 2013 was void due to lack of compliance with R.I.G.L. § 34-27-3.1.

 

ERNESTINA GARCIA
By her Attorney

August 13, 2014

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, RI 02920
(401) 943-9230

## COUNT VII

## DECLARATORY JUDGMENT THAT THE ALLEGED FORECLOSURE WAS NOT ADVERTISED PURSUANT TO THE PROVISIONS OF R.I.G.L. § 34-11-22

73.    Paragraphs 1-72 are incorporated by reference.

74.     The purported sale of the Plaintiff's home at the alleged foreclosure sale noticed by Harmon Law Offices, P.C. did not occur on September 4, 2013.

75.     Wells Fargo claims that the purported sale was postponed to September 11, 2013.  An advertisement of the postponement was published in the Providence Journal  which indicated that it was "postponing the sale to September 11, 2013".  The provisions of R.I.G.L.§ 34-11-22  requires a mortgagee the "power to adjourn such sale from time to time, provided that publishing of the notice shall be continued, together with a notice of the adjournment or adjournments, at least once each week in that newspaper".  No adjournment of the sale occurred as required by the provisions of R.I.G.L. §34-11-22.  This statute does not contemplate the postponement of a foreclosure sale, only an adjournment, which occurred at the home of the mortgagor and was adjourned by the auctioneer.

76.     Harmon Law Offices, P.C., then without an auctioneer appearing at the premises of the Plaintiff on September 11, 2013, then purported to postponed the alleged foreclosure sale of the Plaintiff's home to September 13, 2013 without any advertising of the adjournment in the Providence Journal newspaper as required by the provisions of R.I.G.L. 34-11-22.That section of the General Laws indicates that the mortgagee has the  power to adjourn such sale from time to time, provided that publishing of the notice shall be continued, together with a notice of the adjournment or adjournments, at least once each week in that newspaper.

77.     At the alleged auction on September 13, 2013, no agent of Harmon Law Offices, P.C. nor any agent for Wells Fargo nor any agent for the alleged mortgagee, 2006-HE1 Certificates appeared.  No person bid at the alleged sale on behalf of any party.

78.     No foreclosure deed has ever been executed or recorded. Defendants have  abandoned or terminated the purported sale, with the Plaintiff continuing to incur bills for the property taxes, water and sewer, since September 13, 2013.

WHEREFORE, Plaintiff demands that this Court:

        a.      Issue a Declaratory Judgment that the alleged exercise of the statutory power of sale of the Plaintiff's home was void due to the

failure of the defendants to comply with the provisions of R.I.G.L. § 34-11-22 by not publishing an advertising of a notice of adjournment of the alleged foreclosure sale of Plaintiff's home from September 11, 2013 to September 13, 2013.

b.      Issue a declaratory Judgment that the use of the term postponement in the advertising of the Providence Journal by Harmon Law Offices, P.C. on behalf of Wells Fargo,  was not in compliance with the provisions of R.I.G.L § 34-11-22.

c.      Issue a Declaratory Judgment that the auctioneer could not bid on behalf of any person or entity at a foreclosure sale and that as the result, any sale was void.

d.      Issue a Declaratory Judgment that the failure to adjourn any sale on September 11, 2014, by an auctioneer at the premises, rendered any subsequent proceedings void.


                                        ERNESTINA GARCIA
                                        By her Attorney

August 13, 2014

                                        /s/ John B. Ennis
                                        JOHN B. ENNIS, ESQ. #2135
                                        1200 Reservoir Avenue
                                        Cranston, RI 02920
                                        (401) 943-9230


19

## COUNT VIII

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE TRUTH IN LENDING ACT BY DEFENDANT'S FAILURE TO IDENTIFY THE OWNER OF THE NOTE AND THE MORTGAGE AND THE MASTER SERVICER FOR THE NOTE AND THE MORTGAGE**

79.    Paragraphs 1-78 are incorporated by reference.

80.    This is an action for damages brought by the Plaintiff, who is a consumer for Wells Fargo's and John Doe's violations of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA").

81.    Specifically, Plaintiff seeks the remedies provided in TILA for Defendants' failure to respond a request for the identity of the owner and holder of Plaintiff's mortgage loan as required by 15 U.S.C. §§ 1641(f) and 1641(g) respectively.

82.    This Court has jurisdiction pursuant to 14 U.S.C. § 1641(f) to provide private remedies for failure to respond to a borrower's request for information under that section.  15 U.S.C. § 1640 provides for statutory damages of the type alleged in this Complaint to a range of not less than $400 nor greater than $4000.00.Jurisdiction is further conferred on this Court by 15 U.S.C. §1640(e).

83.    The Defendant, Wells Fargo is a National Bank that services residential mortgage loans.  Wells Fargo is the servicer of the mortgage loan, which is the subject of this complaint. Wells Fargo is a National Bank existing under the laws of the United States, which has a headquarters located at Sioux Falls, South Dakota.

84.    Defendant, John Doe is the entity which claims to own and hold the Plaintiff's note and mortgage.

85.    On November 10, 2005,  Fremont gave a mortgage loan to Plaintiff for the purpose of refinancing the Plaintiff's residence at 44 Union Avenue, Providence Rhode Island (the "property"), referred to in this complaint as the "Mortgage loan".

86.    In connection with the Mortgage Loan the Plaintiff executed a promissory note to Fremont in the original principal amount of $262,000.00 payable to Fremont.

87.    The Mortgage Note was secured by a Mortgage on the property dated November 10, 2005 and recorded in the land evidence records of the City of Providence in Book 7699 Page 22, which named Fremont as Lender and MERS as mortgage of the mortgage and as nominee of Fremont.

88.    The mortgage loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1).

89.    On or about June 9, 2014 Plaintiff, by her attorney,  mailed a letter to Wells Fargo requesting the name of the owner of the Mortgage Note and clearly alerting Defendant to the fact that her request was being made pursuant to TILA,  U.S.C. §15 1641.

90.     A copy of Plaintiff's request, the original of which Plaintiff's attorney signed and mailed, is attached hereto as Exhibit A along with Postal Form 3811, the certified receipt form attached as Exhibit B, which indicates that Defendant received this letter on June 12, 2014.

91.    Wells Fargo and John Doe did not respond within 10 business days to Plaintiff's request for the owner and holder of the Mortgage Note as required by 12 U.S.C. § 2605(e), thus violating 15 U.S.C. §1641(f) with  respect to the Mortgage Loan.

92.    The Plaintiff has incurred actual damages, costs and legal fees in regard to this action:

a.     She has incurred costs for gasoline to visit her attorney on at least five occasions, driving to her attorney's office for a round trip totaling 8.2 miles.  The IRS standard mileage allowance provides for .56 per mile.

b.    She has had to use her cell phone to call and receive calls from her attorney. These calls are charged to her pursuant to her cell phone usage and monthly fees.

c.    She has incurred attorney fees and costs for the prosecution of this action. Her fee agreement with her attorney provides that she will be

responsible for legal fees expenses incurred in regard to this action.  She has agreed to pay legal fees at the rate of $400.00 per hour or out of Court legal work and $450.00 per hour for in Court legal work.

WHERFORE, Plaintiff demands Judgment against Wells Fargo and

John Doe jointly and severally for statutory damages of at least $4,000.00,

plus actual damages, plus attorney fees and costs.

ERNESTINA GARCIA
By her Attorney

August 13, 2014

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, RI 02920
(401) 943-9230

## COUNT IX

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

93.    Paragraphs 1-92 are incorporated by reference.

94.    Wells Fargo is a debt collector as defined by 15 U.S.C. § 1692 et seq.

95.    The original loan service for the Plaintiff's loan was Fremont.

96.    When Wells Fargo became the loan servicer for Plaintiff's mortgage and note in 2006, the Plaintiff's loan was in default and had been charged late fees, which were charged to the Plaintiff's mortgage loan account when servicing transfer occurred.

97.    Wells Fargo, since September 3, 2012 has committed several violations of the FDCPA and is liable to the Plaintiff for compensatory damages, statutory damages, and attorney fees and costs for violations.

98.    Wells Fargo has used multiple followings unfair and unconscionable means to collect or attempt to collect a debt against the Plaintiff.

99.    In violation of the FDCPA, representatives of Wells Fargo contacted the Plaintiff on the following occasions since September 3, 2012 despite knowing that she was represented by an attorney during this time. These contacts in the form of letters were each violations of  the provisions of 15 U.S.C. §1692(b)(6).These contacts occurred in the form of letters sent to the Plaintiff by America's Servicing Company  on the following dates:

April 2, 2013
May 17, 2013
July 8, 2013
July 22, 2013
September 4, 2013
September 17, 2013
September 27, 2013

100.    Wells Fargo has threatened to commence and has claimed to have commenced a non-judicial foreclosure to effect dispossession of the Plaintiff of her property even though the non-existent 2006-HE1 Certificates had no present right to possession of the property claimed as collateral through an enforceable security interest.  Specifically, it committed the following violations in this regard:

   a.    On about April 2, 2013, Wells Fargo had sent, through its attorney Harmon Law Offices, P.C., two Notices of Foreclosure to Plaintiff. One of these was sent by certified mail and one was sent by regular mail.  This notice purported to schedule a foreclosure sale of the plaintiff's property, even though it had no contractual or statutory ability to conduct such a sale.

   b.    On about May 8, 2013, America's Servicing Company had sent a letter, through its attorney Harmon Law Offices, P.C., indicating it was the servicer for HSBC Bank, USA, National Association as Trustee.

   c.    On about May 17, 2003, Wells Fargo had sent, through its attorney Harmon Law Offices, P.C., two Notices of Foreclosure to Plaintiff indicating that a sale would occur on uly 12, 2013.

d.      On about June 11, 2013, 2003, Wells Fargo had sent, through its attorney Harmon Law Offices, P.C., one Notices of Foreclosure sale to Plaintiff.

e.      On about July 12, 2013, Wells Fargo had sent, through its attorney Harmon Law Offices, P.C., one Notice of Foreclosure to Plaintiff.

f.      Wells Fargo on January 18, 2013 prepared an assignment of mortgage, purportedly from ACE 2006-HE1 to 2006-HE1 Certificates, which conveyed nothing as neither the assignor or the assignee existed and the assignor owned nothing to convey.

g.      Wells Fargo has caused the publication of  seven foreclosure advertisements of a foreclosure sale of Plaintiff's home.  These advertisements were published in the Providence Journal on:

        1.      June 19, 2013
        2.      June 26, 2013
        3.      July 3, 2013
        4.      August 14, 2013
        5.      August 21, 2013
        6.      August 28, 2013
        7.      September 10, 2013

h.      Wells Fargo has hired an auctioneer and caused him to claim to foreclose on Plaintiff's home on September 13, 2013.

i.      Wells Fargo authorized an auctioneer to conduct the alleged foreclosure sale  on September 4, 2014 and September 13, 2013.

j.      Wells Fargo authorized an auctioneer appeared at the Plaintiff's home on September 13, 2014 and conducted what purported to be a foreclosure auction.  No advertisement indicating that the sale had been adjourned from September 11, 2013 to September 13, 2013 was published.

    k.    Wells Fargo has notified Plaintiff's tenants of the alleged foreclosures by letter on the following occasions:

        1.    April 2, 2013
        2.    May 17, 2013
        3.    July 12, 2013
        3.    September 17, 2013

101.   The facts alleged in this complaint establish that 2006-HE1 Certificates possessed the present right to possession of the property claimed as collateral through an enforceable security interest.

102.   Wells Fargo also violated section 1692e of the FDCPA by using false deceptive and misleading representations or means in connection with the collection of this alleged debt. Wells Fargo made false representations regarding the character and legal status of the debt, namely that it was owned by 2006-HE1.These statements were made in letters as indicated in this complaint.

103.   Wells Fargo also made false representations regarding the character of Plaintiff's debt as follows:

a.    It falsely stated that it was owned by 2006-HE1 Certificates.
b.    It falsely stated after September 13, 2013 that the Plaintiff's mortgage had been foreclosed on and that the property was owned by 2006-HE1 Certificates.

104.   Each action of Wells Fargo described above constitutes a separate violation of the FDCPA for which Wells Fargo is liable.

105.   The purported foreclosure action and all actions to seek to foreclose on the property have occurred within one year of the filing of this complaint. Any claims in the Amended Complaint relate back to this entity of the original complaint. The allegations made in the original complaint put the defendant on notice that these allegations were FDCPA violations. The facts alleged in the original complaint put the Defendant on notice that its conduct in regard to these claims constituted violations of the FDCPA.

106.   The Plaintiff has incurred actual damages in regard to this action:

a.      She has incurred costs for gasoline to visit her attorney on at least five occasions, driving to her attorney's office for a round trip totaling 8.2 miles.  The IRS standard mileage allowance provides for .56 per mile.

b.      She has had to use her cell phone to call and receive calls from her attorney. These calls are charged to her pursuant to her cell phone usage and monthly fees.

c.      She has incurred attorney fees and costs for the prosecution of this action. Her fee agreement with her attorney provides that she will be responsible for legal fees expenses incurred in regard to this action.  She has agreed to pay legal fees at the rate of $400.00 per hour or out of Court legal work and $450.00 per hour for in Court legal work.

Wherefore Plaintiff demands that this Court grant her the following relief:

a.      Judgment against Wells Fargo for actual damages, and statutory damages of $1,000.00 for each violation of the FDCPA .

b.      Judgment against Wells Fargo for legal fees and costs.


ERNESTINA GARCIA
By her Attorney

August 13, 2014

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, RI 02920
(401) 943-9230

## COUNT X

## VIOLATIONS OF REGULATION X AND REGULATION Z

107.   Paragraphs 1-106 are incorporated by reference.

108.   This is an action for actual and statutory damages filed by the Plaintiff for violations of the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA) and specifically of the Regulations enacted pursuant

26

thereto by the Consumer Financial Protection Bureau (CFPB).  This is also an action for actual and statutory damages filed by the Plaintiff for violations of the Real Estate Settlement Procedures Act, ("RESPA") and the Truth in Lending Act, 15 U.S.C. § 1601 et. seq.  ("TILA").

109.   This action is specifically filed to enforce the Regulations that became effective on January 10, 2014, specifically 12 CFR § 1024.36(c) and 12 CFR §1024.36(d)(2)(i)(A) of Regulation X.

110    Wells Fargo performs its mortgage loan servicing business under the name of America's Servicing Company ("ASC").  Wells Fargo d/b/a ASC is the current servicer of a Promissory Note and Deed of Trust on the Plaintiff' residential real estate.

111.   Wells Fargo and ASC are hereinafter collectively referred to as Wells Fargo and Defendant.

112.   In January 2013, the Consumer Financial Protection Bureau issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), Public Law No. 111-203, 124 Stat. 1376 (2010).

113.   Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z) Mortgage Servicing Final Rules, 78 FR §10901 (Regulation Z)(February 14, 2013) and 78 FR §10695 (Regulation X)(February 14, 2013).  These Regulations became effective on January 10, 2014.

114.   The residential mortgage loan in this case is a "federally related mortgage loan" as that term is defined by Regulation 1024.2 (b) of the said Regulations.

115.   The Defendant in this case is subject to the said Regulations and does not qualify for any of the exceptions noted in the said Regulations for "small servicers."  Neither is Defendant a "qualified lender," as defined in 12 CFR § 617.7000.

115.   The Plaintiff is asserting a claim for relief against the Defendant for breach of the specific Rules under Regulation X as set forth below.  The Plaintiff has a private right of action under the Real Estate Settlement

Procedures Act, 12 U.S.C. § 2605(f) for these breaches and such an action includes actual damages, costs, statutory damages and attorney's fees.

116.   On or about April 17, 2014, the Plaintiff sent a written request for information to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

117.   The Request for Information was mailed by certified mail, return receipt requested, having an article number 7014 0510 0000 8335 9204.  The Request was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR Section 1024.36(b).

118.   The Request was received by the Defendant on April 21, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit C.

119.   The Plaintiff's Request for Information requested the Life of the Loan Transactional History for the Plaintiff's mortgage loan account.

120.   Under 12 CFR Section 1024.36(d)(2)(i)(A), the Defendant had 10 business days to provide the Plaintiff with the information requested.

121.   Since the Request was received on April 21, 2014 the time period for the Defendant to comply expired on May 5, 2014.

122.   As of the filing of this complaint, the Defendant has failed to provide any of the requested information to the Plaintiff.

123.   The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

124.   As a result of this lack of compliance by the Defendant is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees.

125.   On or about April 17, 2014, the Plaintiff sent a written request for information to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

126.   The Request for Information was mailed by certified mail, return receipt requested, having an article number 7014 0510 0000 8335 9242.  The Request was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.36(b).

127.   The Request was received by the Defendant on April 21, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit D.

128.   The Plaintiff's Request for Information requested all Loss Mitigation Options, available to the Plaintiff.

129.   Under 12 CFR Section 1024.36(d)(2)(i)(A), the Defendant had 10 business days to provide the Plaintiff with the information requested.

130.   Since the Request was received on April 21, 2014 the time period for the Defendant to comply expired on May 5, 2014.

131.   As of the filing of this complaint, the Defendant has failed to provide any of the requested information to the Plaintiff.

132.   The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

133.   As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees.

134.   On or about April 17, 2014, the Plaintiff sent a written request for information to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

135.   The Request for Information was mailed by certified mail, return receipt requested, having an article number 7014 0510 0000 8335 9211.  The Request was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.36(b).

136.   The Request was received by the Defendant on April 21, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit E.

137.   The Plaintiff's Request for Information requested the Identity of and address and other relevant contact information for, the owner or assignee of the Plaintiff's mortgage note.

138.   Under 12 CFR § 1024.36(d)(2)(i)(A), the Defendant had 10 business days to provide the Plaintiff with the information requested. As a result, in this case, the written response was due no later than May 5, 2014.

139.   As of the filing of this complaint, the Defendant has failed to provide any of the requested information to the Plaintiff.

140.    The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

141.   As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees.

142.   On or about April 17, 2014, the Plaintiff sent a written request for information to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

143.   The Request for Information was mailed by certified mail, return receipt requested, having an article number 7014 0510 0000 8335 9228.  The Request was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.36(b).

144.   The Request was received by the Defendant on April 21, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit F.

145.   The Plaintiff's Request for Information consisted of a Qualified Written Request, relating to the Plaintiff's mortgage loan account.

146.   Under 12 CFR Section 1024.36(d)(2)(i)(B), the Defendant had 30 business days to provide the Plaintiff with the information requested.

147.   Since the Request was received on April 21, 2014 the time period for the Defendant to comply expired on June 3, 2014.

148.   As of the filing of this complaint, the Defendant has failed to provide any of the requested information to the Plaintiff.

149.   The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

150.   As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees.

151.   On or about June 9, 2014, the Plaintiff sent a written request for information to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

152.   The Request for Information was mailed by certified mail, return receipt requested, having an article number 7014 0510 0000 8337 7949.  The Request was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.36(b).

153.   The Request was received by the Defendant on June 13, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit G.

154.   The Plaintiff's Request for Information requested all the Property Inspection fees charged in regard to Plaintiff's mortgage loan account.

155.   Under 12 CFR Section 1024.36(d)(2)(i)(B), the Defendant had 30 business days to provide the Plaintiff with the information requested.

156.   Since the Request was received on June 13, 2014 the time period for the Defendant to comply expired on July 28, 2014.

157.   As of the filing of this complaint, the Defendant has failed to provide any of the requested information to the Plaintiff.

158.   The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

159.   As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees.

160.   On or about June 9, 2014, the Plaintiff sent a written request for information to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

161.   The Request for Information was mailed by certified mail, return receipt requested, having an article number 7014 0510 0000 8337 8014.  The Request was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.36(b).

162.   The Request was received by the Defendant on June 13, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit H.

163.   The Plaintiff's Request for Information requested all records of Escrow Advances charged to the Plaintiff's mortgage loan account.

164.   Under 12 CFR Section 1024.36(d)(2)(i)(B), the Defendant had 30 business days to provide the Plaintiff with the information requested.

165.   Since the Request was received on June 13, 2014 the time period for the Defendant to comply expired on July 28, 2014.

166.   As of the filing of this complaint, the Defendant has failed to provide any of the requested information to the Plaintiff.

167.   The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

168.   As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees.

169.   On or about June 9, 2014, the Plaintiff sent a written request for information to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

170.   The Request for Information was mailed by certified mail, return receipt requested, having an article number 7014 0510 0000 8337 8007.  The Request was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR Section 1024.36(b).

171.   The Request was received by the Defendant on June 13, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit I.

172.   The Plaintiff's Request for Information requested records of all the Statutory Mailing Fees charged to Plaintiff's mortgage loan account.

173.    Under 12 CFR Section 1024.36(d)(2)(i)(B), the Defendant had 30 business days to provide the Plaintiff with the information requested.

174.   Since the Request was received on June 13, 2014 the time period for the Defendant to comply expired on July 28, 2014.

175.   As of the filing of this complaint, the Defendant has failed to provide any of the requested information to the Plaintiff.

176.    The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

177.   As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees.

178.   On or about June 9, 2014, the Plaintiff sent a written request for information to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

179.   The Request for Information was mailed by certified mail, return receipt requested, having an article number 7014 0510 0000 8337 7994.  The Request was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.36(b).

180.   The Request was received by the Defendant on June 13, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit J.

181.   The Plaintiff's Request for Information requested records of all the Forced Placed Insurance Fees, charged to the Plaintiff's mortgage loan account.

182.   Under 12 CFR Section 1024.36(d)(2)(i)(B), the Defendant had 30 business days to provide the Plaintiff with the information requested.

183.   Since the Request was received on June 13, 2014 the time period for the Defendant to comply expired on July 28, 2014.

184.   As of the filing of this complaint, the Defendant has failed to provide any of the requested information to the Plaintiff.

185.    The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

186.   As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees.

187.   On or about June 9, 2014, the Plaintiff sent a written request for information to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

188.   The Request for Information was mailed by certified mail, return receipt requested, having an article number 7014 0510 0000 8337 7987.  The Request was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.36(b).

189.   The Request was received by the Defendant on June 13, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit K.

190.   The Plaintiff's Request for Information requested records of the Title Report Fees charged to Plaintiff's mortgage loan account.

191.   Under 12 CFR Section 1024.36(d)(2)(i)(B), the Defendant had 30 business days to provide the Plaintiff with the information requested.

192.   Since the Request was received on June 13, 2014 the time period for the Defendant to comply expired on July 28, 2014.

193.   As of the filing of this complaint, the Defendant has failed to provide any of the requested information to the Plaintiff.

194.    The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

195.   As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees.

196.   On or about June 9, 2014, the Plaintiff sent a written request for information to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

197.   The Request for Information was mailed by certified mail, return receipt requested, having an article number 7014 0510 0000 8337 7970.  The Request was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.36(b).

198.   The Request was received by the Defendant on June 13, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit L.

199.   The Plaintiff's Request for Information requested records of all the Legal Fees, charged to Plaintiff's mortgage loan account.

200.   Under 12 CFR Section 1024.36(d)(2)(i)(B), the Defendant had 30 business days to provide the Plaintiff with the information requested.

201.   Since the Request was received on June 13, 2014 the time period for the Defendant to comply expired on July 28, 2014.

202.   As of the filing of this complaint, the Defendant has failed to provide any of the requested information to the Plaintiff.

203.    The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

204.   As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees.

205.   On or about June 9, 2014, the Plaintiff sent a written request for information to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

206.   The Request for Information was mailed by certified mail, return receipt requested, having an article number 7014 0510 0000 8337 7963.  The Request was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.36(b).

207.   The Request was received by the Defendant on June 13, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit M.

208.   The Plaintiff's Request for Information requested records of all the Property Valuation Fees, charged to Plaintiff's mortgage loan account.

209.   Under 12 CFR Section 1024.36(d)(2)(i)(B), the Defendant had 30 business days to provide the Plaintiff with the information requested.

210.   Since the Request was received on June 13, 2014 the time period for the Defendant to comply expired on July 28, 2014.

211.   As of the filing of this complaint, the Defendant has failed to provide any of the requested information to the Plaintiff.

212.    The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

213.   As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees.

214.   On or about June 9, 2014, the Plaintiff sent a written request for information to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

215.   The Request for Information was mailed by certified mail, return receipt requested, having an article number 7014 0510 0000 8337 7956.  The Request was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.36(b).

216.   The Request was received by the Defendant on June 13, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit N.

217.   The Plaintiff's Request for Information requested records of all the BPO/Appraisal Fees charged to Plaintiff's mortgage loan account.

218.   Under 12 CFR Section 1024.36(d)(2)(i)(B), the Defendant had 30 business days to provide the Plaintiff with the information requested.

219.   Since the Request was received on June 13, 2014 the time period for the Defendant to comply expired on July 28, 2014.

220.   As of the filing of this complaint, the Defendant has failed to provide any of the requested information to the Plaintiff.

221.   The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

222.   As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees.

223.   On or about June 9, 2014, the Plaintiff sent a written request for information to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

224.   The Request for Information was mailed by certified mail, return receipt requested, having an article number 7014 0510 0000 8337 7925.  The Request was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.36(b).

225.   The Request was received by the Defendant on June 13, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit O.

226.   The Plaintiff's Request for Information requested records of all the Motion for Relief Cost Fees, charged to Plaintiff's mortgage loan account.

227.   As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees.

228.   On or about June 9, 2014, the Plaintiff sent a written request for information to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

229.   The Request for Information was mailed by certified mail, return receipt requested, having an article number 7014 0510 0000 8337 7918.  The Request was mailed to the address noticed by the Defendant on its website

as the designated address for requesting such information as provided for by 12 CFR § Section 1024.36(b).

230.   The Request was received by the Defendant on June 13, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit P.

231.   The Plaintiff's Request for Information requested records of all the Sale Publication Fees, charged to the Plaintiff's mortgage loan account.

232.   Under 12 CFR Section 1024.36(d)(2)(i)(B), the Defendant had 30 business days to provide the Plaintiff with the information requested.

233.   Since the Request was received on June 13, 2014the time period for the Defendant to comply expired on July 28, 2014.

234.   As of the filing of this complaint, the Defendant has failed to provide any of the requested information to the Plaintiff.

235.    The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

236.   As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees.

237.   On or about June 20, 2014, the Plaintiff sent a written request for information to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

238.   The Request for Information was mailed by certified mail, return receipt requested, having an article number 7014 0510 0002 1569 2713.  The Request was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.36(b).

239.   The Request was received by the Defendant on June 23, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit Q.

240.   The Plaintiff's Request for Information requested records of all the Sale Publication Fees, charged to the Plaintiff's mortgage loan account.

241.   Under 12 CFR Section 1024.36(d)(2)(i)(B), the Defendant had 30 business days to provide the Plaintiff with the information requested.

242.   Since the Request was received on June 13, 2014the time period for the Defendant to comply expired on July 28, 2014.

243.   As of the filing of this complaint, the Defendant has failed to provide any of the requested information to the Plaintiff.

244.    The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

245.   As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees.

246.   On or about June 12, 2014, the Plaintiff sent a written notice of error to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.35.

247.   The Notice of Error was mailed by certified mail, return receipt requested, having an article number 7014 0510 0000 8337 8861.  The Notice was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.35.

248.   The Notice was received by the Defendant on June 15, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit R.

249.   The Plaintiff's Notice of Error referenced a Request for Information that had requested the Identify of and address of Current Owner and Master Servicer, of the Plaintiff's mortgage note, which had not been responded to by the Defendant.

250.   Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of the Request.  The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded.  As a result, in this case, the written response was due no later than July 28, 2014.

251.   As of the filing of this complaint, the Defendant has failed to provide any of the requested information to the Plaintiff.

252.   The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

253.   As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees.

254.   On or about June 12, 2014, the Plaintiff sent a written notice of error 4to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.35.

255.   The Notice of Error was mailed by certified mail, return receipt requested, having an article number 7014 0510 0000 8337 8830.  The Notice was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.35.

256.   The Notice was received by the Defendant on June 15, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit S.

257.   The Plaintiff's Notice of Error referenced a Request for Information, which requested the Complete Life of the Loan Transactional History Statement of the Plaintiff's mortgage loan account, which Defendant had not provided.

258.   Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of the Request.  The Regulations provide that in computing this time period

public holidays, Saturdays and Sundays are excluded. As a result, in this case, the written response was due no later than July 28, 2014.

259.   As of the filing of this complaint, the Defendant has failed to provide any of the requested information to the Plaintiff.

260.   The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

261.   As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees.

262.   On or about June 12, 2014, the Plaintiff sent a written notice of error to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.35.

263.   The Notice of Error was mailed by certified mail, return receipt requested, having an article number 7014 0510 0000 8337 8847. The Notice was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.35.

264.   The Notice was received by the Defendant on June 15, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit T.

265.   The Plaintiff's Notice of Error referenced A Request for Information which requested all Loss Mitigation Options available to the Plaintiff.

266.   Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of the Request. The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded. As a result, in this case, the written response was due no later than July 28, 2014.

267.   As of the filing of this complaint, the Defendant has failed to provide any of the requested information to the Plaintiff.

268.   The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

269.   As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees.

270.   On or about June 12, 2014, the Plaintiff sent a written notice of error to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.35.

271.   The Notice of Error was mailed by certified mail, return receipt requested, having an article number 7014 0510 0000 8337 8854.  The Notice was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.35.

272.   The Notice was received by the Defendant on June 15, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit U.

273.   The Plaintiff's Notice of Error referenced a Qualified Written Request which had not been responded to by the Defendant.

274.   Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of the Request.  The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded.  As a result, in this case, the written response was due no later than July 28, 2014.

275.   As of the filing of this complaint, the Defendant has failed to provide any of the requested information to the Plaintiff.

276.   The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.  The Plaintiff has sent the Defendant  fifteen Requests for Information and four Notices of Error as indicated in this complaint.  No responses to any of the Requests for Information have been provided by the Defendant in the time frame as

required nor at any time.  No responses have been made to the Notices of Error in the time frame as required nor at any time.  Wells Fargo has made it clear that its pattern and practice regarding Requests for Information or Notices of Error is to refuse to respond to any requests of the Plaintiff.

277.   As a result, the Defendant is liable to the Plaintiff for actual damages, costs, legal fees and statutory damages of at least $2,000.00 per violation.

278.   In this case, the Plaintiff has suffered the following actual damages:

    a.    Plaintiff has incurred gasoline costs to travel to her attorney's office in regard to this case.  She has made five round trips to visit her attorney with actual mileage incurred of 8.2 miles per round trip. The IRS mileage standard mileage allowance is .56 per mile.

    b.    Expenses for postage in the amount of   $130.00

279.   In this case, the Plaintiff has incurred the following costs:

    a.    Costs for filing fee in the amount of   $400.00

280.   The Attorney Fee agreement signed by the Plaintiff in this case provides for legal fees incurred by the Plaintiff's attorney to be paid as follows:

    a.    Legal Fees at the rate of $400.00 per hour for hours spent outside of Court

    b.    Legal fees at the rate of $450.00 per hour for hours spent in Court

    c.    As of the filing of this complaint, the Plaintiff has incurred attorney fees of $13,866.44 since the February 2, 2013.

Wherefore, Plaintiff demands judgment for actual damages plus

statutory damages of $2,000.00 per violation for each of the nineteen

regulation X and Regulation Z  violations,  plus attorney fees and costs.


ERNESTINA GARCIA
By her Attorney

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, RI 02920
(401) 943-9230

August 13, 2014


## COUNT XI

## INJUNCTIVE RELIEF

282.   Paragraphs 1- 281 are incorporated by reference.

283.   The Plaintiff requires a Mandatory Injunction and Preliminary
Injunction against all defendants prohibiting them from commencing or
continue an illegal foreclosure action of 2006-HE1 Certificates and from
recording a foreclosure deed without authority to take said action.

284.   Plaintiff operates a day care business, licensed by the State of Rhode
Island, at her home.  If Wells Fargo records a foreclosure deed and asserts
ownership of the property, this will have adverse action on her license to
operate the business.

285.   2006-HE1 Certificates, which does not exist, had no interest in the
mortgage, or note, and thus had no standing to foreclose upon the Plaintiff's
mortgage.

287.   Plaintiff has a substantial likelihood of success in the pending action, would otherwise suffer irreparable harm and can claim the greater hardship in the absence of an order, which will not disserve the public interest if imposed.

288.   The failure of Wells Fargo to comply with paragraph 22 of the mortgage and to commence the alleged foreclosure proceedings, without having the contractual ability to do so, demonstrates that the Plaintiff has a substantial likelihood of success.

289.   The failure of Wells Fargo to comply with R.I.G.L § 34-27-3.1 and to commence the alleged foreclosure proceedings, without having the statutory ability to do so, demonstrates that the Plaintiff has a substantial likelihood of success.

290.   The failure of Wells Fargo to comply with R.I.G.L § 34-11-22 and to schedule a postponed foreclosure sale on September 13, 2014 without advertising the adjournment, demonstrates that the Plaintiff has a substantial likelihood of success.

291.   The void nature of the alleged assignments demonstrates that the Plaintiff has a substantial likelihood of success.

292.   The recording of a foreclosure deed following a defective foreclosure of the Plaintiff's property by a party not entitled to foreclose on the property will cause the Plaintiff irreparable harm, which hardship is greater than any hardship, which may be claimed by Defendants. Such relief sought by Plaintiff will not disserve the public interest if imposed.

293.   Plaintiff has incurred legal fees for the prosecution of this action

WHERFORE, Plaintiff demands that this Court:

     A.    Preliminarily and permanently restrain and enjoin  Wells Fargo and 2006-HE1 Certificates from commencing any further foreclosure actions, executing or recording any foreclosure deed.

ERNESTINA GARCIA
By her Attorney

August 13, 2014

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, RI 02920
(401) 943-9230