## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

**ERNESTINA GARCIA**

      **VS**                    **C.A. NO.: 13-617**

**HSBC BANK USA, NATIONAL**
**ASSOCIATION, AS TRUSTEE**
**FOR HOME EQUITY LOAN**
**TRUST SERIES ACE 2006-HE1, ALIAS,**
**HSBC BANK USA, NATIONAL**
**ASSOCIATION, AS TRUSTEE**
**FOR ACE SECURITIES CORP. HOME**
**EQUITY LOAN TRUST, SERIES 2006-HE1,**
**ASSET BACKED PASS-THROUGH**
**CERTIFICATES, ALIAS,**
**WELLS FARGO BANK, N.A., ALIAS**
**AND JOHN DOE, ALIAS**

**THIRD AMENDED COMPLAINT FOR DECLARATORY**
**JUDGMENT, VIOLATION OF THE FAIR DEBT COLLECTION**
**PRACTICES ACT, VIOLATION OF THE REAL ESTATE**
**SETTLEMENT AND PROCEDURES ACT, VIOLATION OF**
**REGULATION X AND Z, VIOLATION OF THE TRUTH IN**
**LENDING ACT, VIOLATION OF R.I.G.L. 34-27-3.1, VIOLATION**
**OF R.I.G.L. 34-11-22, BREACH OF CONTRACT, DAMAGES,**
**ATTORNEY FEES AND INJUNCTIVE RELIEF**

      The Plaintiff, Ernestina Garcia, by her Attorney, complains of Defendants as follows:

1.     The Plaintiff, Ernestina Garcia, is a Rhode Island resident. She is a resident of the State of Rhode Island. She owns the real estate located at 44 Union Avenue, Providence, Rhode Island.

2.     Defendant John Doe is any entity which has an interest in the Plaintiff's mortgage and/or promissory note.

3.      Fremont Investment & Loan ("Fremont") was the nominal originator of the Plaintiff's loan.

4.      Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is a National Bank company conducting business in Rhode Island as a loan servicer. It is the current loan servicer for the Plaintiff's loan. It succeeded Wells Fargo Home Mortgage, doing business as America's Servicing Company as the servicer for the Plaintiff's loan.

5.      Defendant HSBC Bank USA, National Association as Trustee for Ace Securities Corp. Home Equity Loan Trust, Series 2006-HE1 Asset Backed Pass-Through Certificates, alias, (hereinafter referred to as "2006-HE1 Certificates") claims to own the Plaintiff's Mortgage and Note.

6.      Defendant, 2006-HE1 Certificates claims to have been conveyed the mortgage   by an alleged assignment from Defendant, HSBC Bank U.S.A., National Association as trustee for Home Equity Loan Trust Series ACE 2006-HE1, alias (hereinafter referred to as "ACE 2006-HE1") on December 17, 2007.

7.      Neither 2006-HE1 Certificates nor ACE 2006-HE1 have ever owned the Plaintiff's mortgage.  A search of the records of the Securities and Exchange Commission ("SEC") has been made which indicates that neither 2006-HE1 Certificates, which claims to own the Plaintiff's mortgage nor ACE 2006-HE1 which claims to have conveyed to 2006-HE1 Certificates the mortgage,  have  ever existed. The search page for any entity which includes the term 2006-HE1 is located at the following web page of the SEC Website:

http://www.sec.gov/cgi-bin/browse-edgar?company=2006-HE1&match=contains&filenum=&State=&Country=&SIC=&myowner=exclude&action=getcompany

This page indicates that the only trust registered with the SEC which contains the terms ACE Securities and 2006-HE1 is Ace Securities Corp. Home Equity Loan Trust, Series 2006-HE1 (hereinafter referred to as "2006-HE1").  That securitized trust is located at the following web page of the SEC website:

**http://www.sec.gov/cgi-bin/browse-edgar?action=getcompany&CIK=0001353171&owner=include&count=40&hidefilings=0**

This website indicates that HSBC is the Trustee for this Trust. HSBC has never been the trustee for the non-existent entities, ACE 2006-HE1 or 2006-HE1 Certificates. HSBC as Trustee for Ace Securities Corp. Home Equity Loan Trust Series 2006-HE1 has never been assigned the Plaintiff's mortgage. It has never been transferred the Plaintiff's note.

8.      Mortgage Electronic Registration Systems, Inc. ("MERS") is a Delaware Corporation. It is not licensed to do business in the State of Rhode Island. It is a wholly owned subsidiary of Defendant, MERSCORP Holding, Inc. ("MERSCORP")  MERSCORP is a Delaware corporation. It is not licensed to do business in the State of Rhode Island.

9.      The subject matter of this complaint is proper to invoke the Equitable Jurisdiction of this Court.

10.     All of the parties named herein have sufficient minimum contacts with the State of Rhode Island to render them subject to its jurisdiction.

11.     This Court has subject matter jurisdiction over the matters in this complaint pursuant to the following statutes:

        a.      The provisions of the Declaratory Judgment Act 28 U.S.C. § 2201 et seq., grant this Court jurisdiction over questions of law and equity. The Plaintiff is asking this Court, inter alia, to restrain certain defendants from taking adverse action on the subject property owned by the Plaintiff at 44 Union Avenue, Providence, Rhode Island.

        b.      The provisions of the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., grant the Court jurisdiction to determine certain legal questions relating to the property rights of the Plaintiff and the Defendants under certain assignments, powers of attorney, and a mortgage.  The Plaintiff asks that the alleged assignments be declared void and invalid, that the Court declare that neither 2006-HE1 Certificates nor ACE 2006-HE1 exist, that the mortgage and note have never been owned by any of the Defendants and that said Defendants lacked standing to enforce the note or to foreclose on the mortgage.

c.    The provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(k) grant the Court jurisdiction over violations of that Act as alleged in this complaint.

d.    The provisions of the Truth In Lending Act ("TILA") 15 U.S.C. § 1641(f) grant this Court jurisdiction and grant the Plaintiff the right to a private right of action for violations of TILA.

e.    The provisions of the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. 2605 et seq., grant this Court jurisdiction and grant the  Plaintiff the right to a private right of action for violations of RESPA and Regulation X.

12.    Plaintiff executed a mortgage to MERS as nominee for Fremont on November 10, 2005.

13.    A  securitized trust, 2006-HE1,  was created on or before February 28, 2006 when Fremont, sold mortgage loans to DB Structured Products, Inc. ("DBSP"), which along with Ace Securities Corp. ("Ace") securitized loans originated by Fremont and other entities into a pool of loans.

14.    The documents for this securitized trust are located at the following web-page of the Securities and Exchange Commission. The html web address for this particular trust is:

http://www.sec.gov/cgi-bin/browse-edgar?company=ace+2006-he1&match=contains&filenum=&State=&Country=&SIC=&myowner=exclude&action=getcompany

15.    This securitized trust was defined by the terms of its Pooling and Servicing Agreement ("PSA") and other documents associated with the loan securitization process.  This Pooling and Servicing Agreement is located at the following html website of the Securities and Exchange Commission:

http://www.sec.gov/Archives/edgar/data/1353171/000088237706001569/d444644_ex4-1.htm

This Pooling and Servicing Agreement contains the actual name of the Trust in the definition section. This section provides the name of the trust as follows:

"Trust": ACE Securities Corp., Home Equity Loan Trust, Series 2006 HE1, the trust created hereunder.

HSBC Bank USA, National Association is trustee for this Trust.

16.     In this securitization, all loans, originated by Fremont, were initially sold by Fremont to DB Structured Products, Inc. ("DBSP") pursuant to a Mortgage Loan Purchase Agreement dated February 28, 2006.

17.     Thus, no later than February 28, 2006, any loans which this Trust owned, which were originated by Fremont, were conveyed from Fremont to DBSP.

18.     ACE Securities Corporation ("ACE") was identified as the Depositor, of the Trust, which meant that all the loans in the trust were conveyed to the Trust only by ACE and by no other entity. No loans were conveyed to the trust by MERS on its own behalf, nor by any other entity other than ACE at any time.  A review of the records of MERS indicates that ACE was never a member of MERS or MERSCORP and was never a signatory of any MERSCORP membership agreement.

## COUNT I

**COMPLAINT FOR DECLARATORY JUDGMENT THAT 2006-HE1 CERIFICATES AND ACE 2006-HE1 HAVE NEVER EXISTED WITH THE RESULT THAT  THE TWO ALLEGED ASSIGNMENTS OF MORTGAGE TO AND FROM EACH NON-EXISTENT ENTRY WERE VOID**

19.     Paragraphs 1-18 are incorporated by reference.

20.     On or about December 17, 2007, a purported assignment of mortgage was executed by MERS on its own behalf and not as a nominee for any entity to the non-existent ACE 2006-HE1.

21.     MERS did not own Plaintiff's note or mortgage on this date. The loan had been sold to DBSP and then to ACE on or before February 28, 2006. MERS was not acting as an agent for the owner of the note or the mortgage on December 17, 2007.  DPSP was not a member of MERSCORP and was not a signatory of any MERSCORP membership agreement.

22.     MERS had no contractual or other relationship with ACE, DPSB or 2006-HE1 and owned nothing to assign to ACE 2006-HE1 and this alleged assignment conveyed nothing to the non-existent 2006-HE1 Certificates.

23.     Pursuant to Rhode Island law a mortgage is a conveyance of a property interest. A valid conveyance of a mortgage requires a conveyance of an interest in property by the grantor to the grantee, delivery by the grantor to the grantee of the interest in property and acceptance of the grantee of the interest in property conveyed to it.

24.     MERS could not deliver any interest in the mortgage or note to ACE 2006-HE1 because the alleged grantee did not exist on December 17, 2007 or at any time.

25.     MERS could not convey any interest in the mortgage or note to the alleged grantee because ACE 2006-HE1 did not exist on December 17, 2007 or at any time.

26.     ACE 2006-HE1 could not accept this alleged conveyance because it did not exist on December 17, 2007 or at any time. ACE 2006-HE1 could not ratify this alleged assignment because it did not exist on December 17, 2007 or any time.

27.     MERS owned nothing to assign on January 17, 2007 as it had no relationship with the owner of the note and the mortgage.

28.     On or about January 17, 2013, Wells Fargo created an alleged assignment of mortgage at its Minneapolis office.  This document purported to convey the Plaintiff's mortgage by Wells Fargo Bank, N.A. pursuant to a purported power of attorney from HSBC Bank U.S.A., National Association as trustee for a non-existent securitized trust, Home Equity Loan Trust Series ACE 2006-HE1 ("ACE 2006-HE1") to HSBC Bank USA, National Association as Trustee for Ace Securities Corp. Home Equity Loan Trust, Series 2006-HE1 Asset Backed Pass-Through Certificates, ("2006-HE1 Certificates").

29.     Pursuant to Rhode Island law, a mortgage is a conveyance of a property interest. A valid conveyance of a mortgage requires conveyance of an interest in property by the grantor to the grantee, delivery by the grantor

to the grantee of the interest in property and acceptance of the grantee of the interest in property conveyed to it.

30.     ACE 2006-HE1 could not convey any interest in the mortgage to 2006-HE1 Certificates because ACE 2006-HE1 did not exist and thus did not own an interest in any property to convey to 2006-HE1 Certificates on January 18, 2013 or at any time. Since the alleged assignment to this non-existent entity, ACE 2006-HE1, was void due to the fact that it had never been assigned the Plaintiff's mortgage, 2006-HE1 certificates acquired nothing from the alleged conveyance of the mortgage.

31.     ACE 2006-HE1 could not deliver any interest in the mortgage to 2006-HE1 Certificates because neither ACE 2006-HE1 nor 2006-HE1 Certificates existed on January 18, 2013 or at any time.

32.     The alleged conveyance was also void because 2006-HE1 Certificates could not accept delivery of Plaintiff's mortgage, because it did not exist on January 18, 2013 or at any time.

33.     The alleged conveyance has never been ratified and could not be ratified by either ACE 2006-HE1 or 2006-HE1 Certificates because neither existed.

34.     As a result any alleged assignments to ACE 2006-HE1 or 2006-HE1 Certificates were void, since neither entity existed at any time.

35.     The website for the search of SEC records relating to all securitized trusts, which are publicly reported is located at:

https://www.sec.gov/edgar/searchedgar/companysearch.html

These records of the SEC, located at the indicate that HSBC Bank USA, N.A., has never been the trustee for either ACE 2006-HE1 or 2006-HE1 Certificates, which have never existed.  The only trusts which contain the language 2006-HE1 are located at the following site:

https://www.sec.gov/cgi-bin/browse-edgar?company=2006-he1&match=contains&filenum=&State=&Country=&SIC=&myowner=exclude&action=getcompany&Find=Search

36. The two named alleged trusts in the alleged chain of assignments are not named in this list, only one of which involves Ace Securities.

37. Plaintiff has incurred legal fees and costs for the prosecution of this action.

WHEREFORE, Plaintiff demands that this Court:

a. Issue a Declaratory Judgment that HSBC has never been trustee for the entity referred to as Home Equity Loan Trust Series ACE 2006-HE1.

b. Issue a Declaratory Judgment that no entity named Home Equity Loan Trust Series ACE 2006-HE1 has ever existed as an entity or as Trust with that name.

c. Issue a Declaratory Judgment that MERS did not convey the Plaintiff's Mortgage to HSBC Bank USA, National Association as Trustee for Home Equity Loan Trust Series ACE 2006-HE1 by an assignment dated December 17, 2007.

d. Issue a Declaratory Judgment that HSBC Bank USA, National Association as Trustee for Home Equity Loan Trust Series ACE 2006-HE1 never owned Plaintiff's mortgage.

e. Issue a Declaratory Judgment that HSBC Bank USA, National Association as Trustee for Home Equity Loan Trust Series ACE 2006-HE1did not convey Plaintiff's mortgage to HSBC Bank USA, National Association as Trustee for Ace Securities Corp. Home Equity Loan Trust, Series 2006-HE1 Asset Backed Pass-Through Certificates by an assignment dated January 18, 2013.

f. Issue a Declaratory Judgment that HSBC Bank USA, National Association has ever been Trustee for Ace Securities Corp. Home Equity Loan Trust, Series 2006-HE1 Asset Backed Pass-Through Certificates.

g. Issue a Declaratory Judgment that Ace Securities Corp. Home Equity Loan Trust, Series 2006-HE1 Asset Backed Pass-Through Certificates has never existed as an entity or trust with that name.

ERNESTINA GARCIA
By her Attorney

October 26, 2015

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, RI 02920
(401) 943-9230
jbelaw@aol.com

## COUNT II

**COMPLAINT FOR DECLARATORY JUDGMENT THAT THERE WAS NO POWER OF ATTORNEY EXECUTED BY HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR ACE 2006-HE1 TO WELLS FARGO WHICH AUTHORIZED AN ASSIGNMENT OF THE PLAINTIFF'S MORTGAGE TO 2006-HE1 CERTIFICATES**

38.     Paragraphs 1-37 are incorporated by reference.

39.     A conveyance of an interest in property can be validly conveyed pursuant to a power of attorney only if there is compliance  with the provisions of R.I.G.L. § 34-11-34**.**

40.     This section of the Rhode Island General Laws provides:

> **R.I.G.L. § 34-11-34 Conveyances executed by attorney – Recording of power.** **–** Any conveyance executed by attorney shall be as valid as if executed by the grantor himself, providing that a power of attorney be given by such grantor for this purpose; which power and the deed executed by the attorney thereunder shall be signed, acknowledged, delivered and recorded with like formalities prescribed by law concerning deeds from grantors in person.

41.     A mortgage pursuant to Rhode Island is an interest in property.  Thus an assignment of mortgage is a conveyance of land, which requires compliance with the statute of frauds and R.I.G.L. § 34-11-34.

42.    A title search of the Providence Land Records since August 31, 2004, indicates that HSBC Bank U.S.A., National Association as trustee for Home Equity Loan Trust Series ACE 2006-HE1 has never granted a power of attorney to Wells Fargo, which was recorded in the Providence Land Records.  In fact no such power of attorney by HSBC on behalf of this non-existent entity has ever been granted by HSBC to Wells Fargo.

43.    At least twenty four powers of attorney were recorded during this period in the Providence Recorder of Deeds from HSBC Bank USA, National Association ("HSBC") to Wells Fargo.   None of these powers of attorney, which were executed by HSBC, granted a power of attorney on behalf of HSBC as Trustee for ACE 2006-HE1 to Wells Fargo.

44.    HSBC Bank U.S.A., National Association has never been the trustee for the non-existence entity named Home Equity Loan Trust Series ACE 2006-HE1 and has never granted Wells Fargo a power of attorney to act on behalf of this non-existent entity.

WHEREFORE, Plaintiff demands that this Court:

a. Issue a Declaratory Judgment that no power of attorney was granted by HSBC as Trustee for Home Equity Loan Trust Series ACE 2006-HE1 to Wells Fargo to authorize Wells Fargo as  attorney for the non-existent entity referred to as ACE 2006-HE1 to convey the Plaintiff's mortgage to HSBC Bank USA, National Association as Trustee for 2006-HE1 Certificates.

b. Issue a Declaratory Judgment that no power of attorney was recorded by HSBC as Trustee for Home Equity Loan Trust Series ACE 2006-HE1 to Wells Fargo to authorize Wells Fargo as power of attorney for the non-existent entity, referred to as ACE 2006-HE1to convey the Plaintiff's mortgage to HSBC Bank USA, National Association as Trustee for 2006-HE1 Certificates.

ERNESTINA GARCIA
By her Attorney

October 26, 2015

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, RI 02920
(401) 943-9230
jbelaw@aol.com

## COUNT III

**DECLARATORY JUDGMENT THAT DEFENDANT FAILED TO COMPLY WITH PARAGRAPH 22 OF THE MORTGAGE, WHICH WAS A CONDITION PRECEDENT TO ANY ACCELERATION AND TO ANY ALLEGED FORECLOSURE SALE**

45.     Paragraphs 1-44 are incorporated by reference.

46.     On or about February 5, 2013, Wells Fargo, using the name of America's Servicing Company mailed a letter to the Plaintiff.

47.     This letter was sent by America's Servicing Company's Default Management Department, with no reference to any other entity. It did not indicate that it was acting on behalf of the lender or the owner of the note or the mortgage.

48.     Paragraph 22 of the mortgage provides that the Lender must send a notice of default which contains specific language as a condition precedent to acceleration and sale.

49.      Plaintiff never received any a default letter, pursuant to the terms of the mortgage from the owner of the note or the mortgage or an agent indicating that it was acting on behalf of the owner of the note and the mortgage.

50.     None of the provisions of paragraph 22 of the mortgage were complied with before an acceleration of the loan was declared. In fact no

acceleration of the loan was ever declared. The Owner of the Note or the Mortgage or an agent acting on its behalf was required to specify:

a.   the default;

b.   the action required to cure the default, stating a date, not less than 30 days from the date the default must be cured;

c.   that failure to cure the default on or before the date specified in the Notice may result in the acceleration and the right to bring a court action to asset the non-existence of a default of Borrower to acceleration and sale.

51.   Paragraph 22 of the mortgage, which contains conditions precedent for the exercise of the statutory power of sale, reads as follows:

> **Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law.  Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.**

52.     The February 5, 2013 letter sent by America's Servicing Company to the Plaintiff did not specify the entire amount of the default that had to be cured on or before at least thirty days from the date of the letter.

53.     This letter specified an amount due as of February 5, 2013 in the amount of $164,719.35 but did not indicate a specific amount due, which had to be paid on or before March 26, 2013, which was the date that it specified as the date by which the alleged arrearage had to be cured.

54.     This letter indicated that the Plaintiff "must pay this amount plus any additional monthly payments, late charges and other charges that may be due under applicable law after the date of this notice and on or before March 26, 2013". This letter did not provide the actual amount of the arrearage due on March 26, 2013 and did not comply with the language of paragraph 22 which required the lender to specify the default amount, which was required to cure the default.

55.     This letter did not state that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. Rather it stated that "If funds are not received by the above referenced date, we will proceed with acceleration. Once acceleration has occurred, we may take steps to terminate your ownership in the property by a foreclosure proceeding or other action to seize your home or pursue any other remedy under the terms of your Mortgage."

56.     This letter did not indicate that a sale of the property could occur and only indicated that Americas' Servicing Company may take steps to

terminate the Plaintiff's ownership in the property by a foreclosure proceeding.

57.     A foreclosure proceeding involves a judicial foreclosure, which was not utilized by America's Servicing Company, as it was not the exercise of statutory power  of sale

58.     America's Servicing Company never indicated that it would exercise the statutory power of sale.  Rather it indicated that it would other steps to seize the Plaintiff's home which is not permitted under Rhode Island law or pursue any other remedy under the terms of the Plaintiff's Mortgage.

59.     This letter did not inform the Plaintiff of the right to reinstate after acceleration.  Rather it stated that "You have the right to reinstate your Mortgage Note and Mortgage or Deed of Trust after acceleration.  However, any future negotiations attempting to reinstate your loan or payment of less than the full amount due shall not require America's Servicing Co.'s waiver of acceleration unless otherwise agreed to, in writing by America's Servicing Co.".  This failure to comply with the terms of the mortgage suggested that the Plaintiff could not reinstate the loan without paying the entire amount of the mortgage.

60.     Neither Wells Fargo nor any of the defendants sent the Plaintiff any notice after February 5, 2013, which accelerated the note or the mortgage.  Defendant has in fact admitted through its attorney that acceleration of the mortgage loan did not occur and was not necessary to exercise the statutory power of sale.  However the exercise of the statutory power of sale requires acceleration as a condition precedent.

61.     Plaintiff did not receive any other alleged default letter after February 5, 2013, nor did she receive any letter pursuant to the terms of paragraph 22 of the mortgage at any time.  At no time did the Lender send the Plaintiff a default letter.

62.     No entity nor the Lender accelerated the Plaintiff's mortgage or the note.

63.     Plaintiff has never received an acceleration notice by the lender pursuant to the terms of the mortgage as alleged above.

64.     Due to this failure to comply with the terms of the mortgage, no entity was contractually authorized to exercise the statutory power of sale and foreclose on the Plaintiff's property. This action constituted a breach of contract, resulting in damages to the Plaintiff, by having to hire an attorney to commence this case.

65.     Pursuant to Rhode Island Law the Statutory Power of Sale can only be exercised if a mortgagee or its actual assignee accelerate the mortgage.

WHEREFORE, Plaintiff demands that this Court:

a.  Issue a Declaratory Judgment that the alleged February 5, 2013 letter from America's Servicing Company to the Plaintiff did not comply with the terms of the Plaintiff's mortgage.

b.  Issue a Declaratory Judgment that the February 5, 2013 letter from America's Servicing Company to the Plaintiff did not authorize any party to accelerate the note or the mortgage and to exercise the statutory power of sale in regard to the Plaintiff's mortgage.

c.  Issue a Declaratory Judgment that the February 5, 2013 letter from America's Servicing Company to the Plaintiff did not authorize any party to exercise the statutory power of sale in regard to the Plaintiff's mortgage.

d.  Issue a Declaratory Judgment that neither America's Servicing Company nor 2006-HE1 Certificates accelerated the Plaintiff's Mortgage after the February 5, 2013 letter from America's Servicing Company to the Plaintiff.

e.  Issue a Declaratory Judgment that the Lender never sent the Plaintiff a Default Letter or an Acceleration Letter.

f.  Award the Plaintiff legal fees pursuant to R.I.G.L.§ 9-1-45  for breach of contract.

ERNESTINA GARCIA
By her Attorney

October 26, 2015

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, RI 02920
(401) 943-9230
jbelaw@aol.com

## COUNT IV

**COMPLAINT FOR DECLARATORY JUDGMENT THAT ANY ALLEGED FORECLOSURE SALE WAS VOID DUE TO NON-COMPLIANCE WITH R.I.G.L. § 34-27-3.1**

66.    Paragraphs 1- 65 are incorporated by reference.

67.    R.I.G.L. § 34- 4-27-3.1 states:

Foreclosure counseling**. –** (a) No less than forty-five (45) days prior to initiating **any** foreclosure of real estate pursuant to subsection 34-27-4(b), the mortgagee shall provide to an individual consumer mortgagor written notice of default and the mortgagee's right to foreclose by first class mail at the address of the real estate and, if different, at the address designated by the mortgagor by written notice to the mortgagee as the mortgagor's address for receipt of notices.

(b) The written notice required by this section shall be in English and Spanish and, provided the same is then available, shall advise the mortgagor of the availability of counseling through HUD-approved mortgage counseling agencies and, the toll-free telephone number and website address maintained to provide information regarding no-cost HUD-approved mortgage counseling agencies in Rhode Island. The written notice may also contain any other information required under federal law. A form of written notice meeting the requirements of this section shall be promulgated by the department of business regulation for use by mortgagees at least thirty (30) days prior to the effective date of this section. Counseling shall be provided at no cost to the mortgagee.

(c) Failure of the mortgagee to provide notice to the mortgagor as provided herein shall render the foreclosure void, without limitation of the right of the mortgagee thereafter to reexercise its power of sale or other means of foreclosure upon compliance with this section. The mortgagee shall include in the foreclosure deed an affidavit of compliance with this section.

(d) As used herein and in this chapter, the term "HUD" means the United States Department of Housing and Urban Development and any successor to such department.

68.     This statute indicates that the mortgagee is the owner of the mortgage, which must give notice to the homeowner. **(emphasis added)**

69.     Neither the actual owner of the mortgage and the note nor an agent acting on its behalf sent  a notice to the Plaintiff at least 45 days before any initiating this purported foreclosure, pursuant to R.I.G.L. 34-27-4 in compliance with R.I.G.L.§  34-27-3.1.

70.     On or about February 5, 2013, America's Servicing Company sent a notice to the Plaintiff, which purported to notify her of her rights under R.I.G.L. § 34-27-3.1.

71.     This notice was sent by Wells Fargo, purportedly on behalf of the non-existent entity, Defendant, 2006-HE1 Certificates.

72.     This notice was sent at least 45 days before an April 2, 2013  letter from Harmon Law Offices, P.C., which claimed to initiate a foreclosure sale of the Plaintiff's home pursuant to R.I.G.L. § 34-27-4(b).

73.     This letter did not identify the mortgagee or the entity on whose behalf the letter was sent.

74.     This letter was sent with the February 5, 2013 letter sent by America's Servicing Company to the Plaintiff.

75.     The letter dated April 2, 2013 was sent by Harmon Law Offices, P.C. with a copy of an advertisement of a foreclosure sale of the Plaintiff's home to be held on May 24, 2013.

76.     This letter, which indicated that a foreclosure sale of the Plaintiff's home had been scheduled by Harmon Law Offices, P.C. for May 24, 2013.

77.     No advertising occurred as a result of this purported initiation of a foreclosure sale pursuant to R.I.G.L. § 34-27-4(b).

78.     No foreclosure sale of the Plaintiff's home occurred on May 24, 2013.

79.     On or about May 17, 2013, another letter was sent by Harmon Law Offices P.C. to Plaintiff, which was not accompanied by a notice pursuant to R.I.G.L. § 34-27-4. It advised the Plaintiff that she may be entitled to foreclosure mediation pursuant to the Providence Ordinances.

80.     This letter was not the initiation of a foreclosure pursuant to Rhode Island Law pursuant to R.I.G.L. § 34-27-4(b).

81.     This letter included a copy of an advertisement of a foreclosure sale of the Plaintiff's home to be held on July 10, 2013, which indicated that it was scheduled by Harmon Law Offices, P.C.

82.     Advertising for this purported foreclosure sale occurred on June 19, 2013, June 26, 2013 and July 3, 2013.  However, the sale did not occur on July 10, 2013 despite the advertising caused to be published in the Providence Journal by Harmon Law Offices, P.C. on behalf of Wells Fargo.

83.     On or about July 12, 2013 Harmon Law Offices, P.C., purportedly on behalf of the Holder of the Mortgage claimed to have initiated another foreclosure sale of the Plaintiff's home by mailing to the Plaintiff a letter indicating that her home would be sold on September 4, 2013.

84.     This letter included a notice pursuant to R.I.G.L. § 34-27-4(b), which purported to initiate a new foreclosure, even though the note and mortgage had not been accelerated.

85.      R.I.G.L. § 34-27-3.1 requires that a new counseling notice be sent to a homeowner at least 45 days before any initiating of a new foreclosure pursuant to R.I.G.L. § 34-27-4.

86.     No additional R.I.G.L. § 34-27-3.1 counseling notice was sent to the Plaintiff before the initiation of this purported foreclosure sale. The

advertising and publishing for this purported sale occurred on August 14, 2013, August 21, 2013 and August 28, 2013 in the Providence Journal.

87.     Pursuant to the provisions of that statute, any foreclosure sale, which did not comply with this notice provision, was void.

88.     Defendant 2006-HE1 Certificates claims to have conducted a foreclosure sale of Plaintiff's home on or about September 13, 2013. However no additional advertising for that alleged sale occurred. Wells Fargo, through its attorney, Harmon law Offices, P.C. postponed the sale to September 11, 2013 but did not adjourn the sale.  It merely published an additional notice, which postponed the alleged sale to September 11, 2013. On September 11, 2013 Wells Fargo claimed to have continued the sale to September 13, 2013.  No advertising of the subsequent continuance to September 13, 2013 was published in the Providence Journal.

WHEREFORE, Plaintiff demands that this Court:

> a.     Issue a Declaratory Judgment that the owner of the note and the mortgage did not send the Plaintiff a notice pursuant to R.I.G.L. § 34-27-3.1 prior to initiating a foreclosure.

> b.     Issue a Declaratory Judgment the failure of America's Servicing Company to send the Plaintiff a notice pursuant to R.I.G.L. § 34-27-3.1 prior to initiating a foreclosure rendered any alleged foreclosure void.

> c.     Issue a Declaratory Judgment that any foreclosure sale conducted on or about September 13, 2013 was void due to lack of compliance with R.I.G.L. §  34-27-3.1.

ERNESTINA GARCIA
By her Attorney

October 26, 2015

/s/ John B. Ennis_____
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, RI 02920
(401) 943-9230
jbelaw@aol.com

# COUNT VII

## DECLARATORY JUDGMENT THAT THE ALLEGED FORECLOSURE WAS NOT ADVERTISED PURSUANT TO THE PROVISIONS OF R.I.G.L. § 34-11-22

89.     Paragraphs 1-88 are incorporated by reference.

90.     The purported sale of the Plaintiff's home at the alleged foreclosure sale noticed by Harmon Law Offices, P.C. did not occur on September 4, 2013.

91.     Wells Fargo claims that the purported sale was postponed to September 11, 2013.  An advertisement of the postponement was published in the Providence Journal which indicated that it was "postponing the sale to September 11, 2013".  The provisions of R.I.G.L.§ 34-11-22  requires a mortgagee the "power to adjourn such sale from time to time, provided that publishing of the notice shall be continued, together with a notice of the adjournment or adjournments, at least once each week in that newspaper".  No adjournment of the sale occurred as required by the provisions of R.I.G.L. § 34-11-22.  This statute does not contemplate the postponement of a foreclosure sale, only an adjournment, which can only occur at the home of the mortgagor and can only be adjourned by the auctioneer.

92.     On September 11, 2013, Harmon Law Offices, P.C., without an auctioneer appearing at the premises of the Plaintiff on September 11, 2013, claims to have postponed the alleged foreclosure sale of the Plaintiff's home to September 13, 2013 without any advertising of the adjournment in the Providence Journal newspaper as required by the provisions of R.I.G.L.  34-11-22.That section of the General Laws indicates that the mortgagee has the power to adjourn such sale from time to time, provided that publishing of the notice shall be continued, together with a notice of the adjournment or adjournments, at least once each week in that newspaper.  Plaintiff was present on September 11, 2013.  Neither the Auctioneer or anyone on his behalf appeared at her home on September 11, 2013.

93.     Plaintiff and the paralegal for her Attorney were present at the alleged auction on September 13, 2013 and stood in front of the property with the auctioneer.  On that date no agent of Harmon Law Offices, P.C., nor any

agent for Wells Fargo nor any agent for the alleged mortgagee, 2006-HE1 Certificates appeared.  No person bid at the alleged sale on behalf of any party.  The only person present was the auctioneer at the alleged sale on September 13, 2013. The Plaintiff and the paralegal for her attorney were on the sidewalk in front of the house for the entire time while the auctioneer was present and saw that no one else appeared at the purported sale to bid.

94.    No foreclosure deed was executed or recorded until March 17, 2015. Defendants have abandoned or terminated the purported sale, with the Plaintiff continuing to incur bills for the property taxes, water and sewer, since September 13, 2013.

WHEREFORE, Plaintiff demands that this Court:

   a.    Issue a Declaratory Judgment that the alleged exercise of the statutory power of sale of the Plaintiff's home was void due to the failure of the defendants to comply with the provisions of R.I.G.L. § 34-11-22 by not publishing an advertising of a notice of adjournment of the alleged foreclosure sale of Plaintiff's home from September 11, 2013 to September 13, 2013.

   b.    Issue a declaratory Judgment that the use of the term postponement in the advertising of the Providence Journal by Harmon Law Offices, P.C. on behalf of Wells Fargo,  was not in compliance with the provisions of R.I.G.L § 34-11-22.

   c.    Issue a Declaratory Judgment that the auctioneer could not bid on behalf of any person or entity at a foreclosure sale and that as the result, any sale was void.

   d.    Issue a Declaratory Judgment that the failure to adjourn any sale on September 11, 2013, by an auctioneer at the premises, rendered any subsequent proceedings void.

   e.    Grant all other just and proper relief.

ERNESTINA GARCIA
By her Attorney

October 26, 2015

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, RI 02920
(401) 943-9230
jbelaw@aol.com

## <u>COUNT VIII</u>

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE TRUTH
IN LENDING ACT BY DEFENDANT'S  FAILURE TO IDENTIFY
THE OWNER OF THE NOTE AND THE MORTGAGE AND THE
MASTER SERVICER FOR THE NOTE AND THE MORTGAGE**

95.     Paragraphs 1-94 are incorporated by reference.

96.     This is an action for damages brought by the Plaintiff, who is a
consumer for Wells Fargo's and John Doe's violations of the Truth in
Lending Act, 15 U.S.C. §1601 et seq. ("TILA").

97.     Specifically, Plaintiff seeks the remedies provided in TILA for
Defendants' failure to respond a request for the identity of the owner and
holder of Plaintiff's mortgage loan as required by 15 U.S.C. §§ 1641(f) and
1641(g) respectively.

98.     This Court has jurisdiction pursuant to 14 U.S.C. § 1641(f) to provide
private remedies for failure to respond to a borrower's request for
information under that section.  15 U.S.C. § 1640 provides for statutory
damages of the type alleged in this Complaint to a range of not less than
$400 nor greater than $4000.00.Jurisdiction is further conferred on this
Court by 15 U.S.C. §1640(e).

99.     The Defendant, Wells Fargo is a National Bank that services
residential mortgage loans.  Wells Fargo is the servicer of the mortgage loan,
which is the subject of this complaint. Wells Fargo is a National Bank

existing under the laws of the United States, which has a headquarters located at Sioux Falls, South Dakota.

100. Defendant, John Doe is the entity which claims to own and hold the Plaintiff's note and mortgage.

101. On November 10, 2005, Fremont gave a mortgage loan to Plaintiff for the purpose of refinancing the Plaintiff's residence at 44 Union Avenue, Providence Rhode Island (the "property"), referred to in this complaint as the "Mortgage loan".

102. In connection with the Mortgage Loan the Plaintiff executed a promissory note to Fremont in the original principal amount of $262,000.00 payable to Fremont.

103. The Mortgage Note was secured by a Mortgage on the property dated November 10, 2005 and recorded in the land evidence records of the City of Providence in Book 7699 Page 22, which named Fremont as Lender and MERS as mortgage of the mortgage and as nominee of Fremont.

104. The mortgage loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1).

105. On or about June 9, 2014 Plaintiff, by her attorney, mailed a letter to Wells Fargo requesting the name of the owner of the Mortgage Note and clearly alerting Defendant to the fact that her request was being made pursuant to TILA, 15 U.S.C. § 1641.

106. A copy of Plaintiff's request, the original of which Plaintiff's attorney signed and mailed, is attached hereto as Exhibit A along with Postal Form 3811, the certified receipt form attached as Exhibit B, which indicates that Defendant received this letter on June 12, 2014.

107. Wells Fargo and John Doe did not respond within 10 business days or a reasonable time to Plaintiff's request for the owner and holder of the Mortgage Note as required, thus violating 15 U.S.C. §1641(f) with respect to the Mortgage Loan.

108. The Plaintiff has incurred actual damages, costs and legal fees in regard to this action:

a. She has incurred costs for gasoline to visit her attorney on at least five occasions, driving to her attorney's office for a round trip totaling 8.2 miles. The IRS standard mileage allowance provides for .56 per mile.

b. She has had to use her cell phone to call and receive calls from her attorney. These calls are charged to her pursuant to her cell phone usage and monthly fees.

c. She has incurred attorney fees and costs for the prosecution of this action. Her fee agreement with her attorney provides that she will be responsible for legal fees expenses incurred in regard to this action. She has agreed to pay legal fees at the rate of $400.00 per hour or out of Court legal work and $450.00 per hour for in Court legal work.

WHERFORE, Plaintiff demands Judgment against Wells Fargo and

John Doe jointly and severally for statutory damages of at least $4,000.00,

plus actual damages, plus attorney fees and costs.

ERNESTINA GARCIA
By her Attorney

October 26, 2015

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, RI 02920
(401) 943-9230
jbelaw@aol.com

# COUNT IX

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE TRUTH IN LENDING ACT BY DEFENDANT'S FAILURE TO SEND THE PLAINTIFF A MONTHLY MORTGAGE STATEMENT EACH MONTH PURSUANT TO THE PROVISIONS OF 12 C.F.R. 1026.41 and 15 U.S.C. 1638**

109.   Paragraphs 1-108 are incorporated by reference.

110.   This is an action for damages brought by the Plaintiff, who is a consumer for Wells Fargo's and John Doe's violations of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA").

111.   Specifically, Plaintiff seeks the remedies provided in TILA for Defendants' failure to respond a request for the identity of the owner and holder of Plaintiff's mortgage loan as required by 15 U.S.C. §§ 1638 and 12 C.F.R. 1026.41 respectively.

112.   This Court has jurisdiction pursuant to 15 U.S.C. § 1640 to provide private remedies for failure to respond to provide a borrower monthly statements.  15 U.S.C. § 1640 provides for statutory damages of the type alleged in this Complaint to a range of not less than $400 nor greater than $4000.00.Jurisdiction is further conferred on this Court by 15 U.S.C. §1640(e).

113.   The Defendant, Wells Fargo is a National Bank that services residential mortgage loans.  Wells Fargo is the servicer of the mortgage loan, which is the subject of this complaint. Wells Fargo is a National Bank existing under the laws of the United States, which has a headquarters located at Sioux Falls, South Dakota.

114.   Defendant, John Doe is the entity which claims to own and hold the Plaintiff's note and mortgage.

115.   On November 10, 2005,  Fremont gave a mortgage loan to Plaintiff for the purpose of refinancing the Plaintiff's residence at 44 Union Avenue, Providence Rhode Island (the "property"), referred to in this complaint as the "Mortgage loan".

116.   In connection with the Mortgage Loan the Plaintiff executed a promissory note to Fremont in the original principal amount of $262,000.00 payable to Fremont.

117.   The Mortgage Note was secured by a Mortgage on the property dated November 10, 2005 and recorded in the land evidence records of the City of Providence in Book 7699 Page 22, which named Fremont as Lender and MERS as mortgage of the mortgage and as nominee of Fremont.

118.   The mortgage loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1).

119.   Plaintiff has not been sent a monthly statement since September, 2013, despite no valid foreclosure having occurred.

120.   The Plaintiff has incurred actual damages, costs and legal fees in regard to this action:

   a.   She has incurred costs for gasoline to visit her attorney on at least five occasions, driving to her attorney's office for a round trip totaling 8.2 miles.  The IRS standard mileage allowance provides for .56 per mile.

   b.   She has had to use her cell phone to call and receive calls from her attorney. These calls are charged to her pursuant to her cell phone usage and monthly fees.

   c.   She has incurred attorney fees and costs for the prosecution of this action. Her fee agreement with her attorney provides that she will be responsible for legal fees expenses incurred in regard to this action.  She has agreed to pay legal fees at the rate of $400.00 per hour or out of Court legal work and $450.00 per hour for in Court legal work.

   WHERFORE, Plaintiff demands Judgment against Wells Fargo and John Doe jointly and severally for statutory damages of at least $4,000.00, for each failure to send a monthly mortgage statement since October, 2014 plus actual damages, plus attorney fees and costs.

ERNESTINA GARCIA
By her Attorney

October 26, 2015

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, RI 02920
(401) 943-9230
jbelaw@aol.com

## COUNT X
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

121.   Paragraphs 1-120 are incorporated by reference.

122.   Wells Fargo is a debt collector as defined by 15 U.S.C. § 1692 et seq. Wells Fargo using the name of America's Servicing Company regularly collects debts for other entities in the ordinary course of its business.  In fact it regularly references itself as a debt collector and has referred to itself as debt collector in its communications to the Plaintiff. On February 5, 2013 America's Servicing Company referred to itself as a debt collector in its letter to the Plaintiff.

123.   The original loan service for the Plaintiff's loan was Fremont.

124.   When Wells Fargo became the loan servicer for Plaintiff's mortgage and note in 2006, the Plaintiff's loan was in default and had been charged late fees, which were charged to the Plaintiff's mortgage loan account when servicing transfer occurred.

125.   Wells Fargo, since September 3, 2012 has committed several violations of the FDCPA and is liable to the Plaintiff for compensatory damages, statutory damages, and attorney fees and costs for violations on all

dates referenced in this complaint, Wells Fargo was acting as a Debt Collector seeking to collect the mortgage loan of the Plaintiff.

126.   Wells Fargo has used multiple followings unfair and unconscionable means to collect or attempt to collect a debt against the Plaintiff.

127.   In violation of the FDCPA, representatives of Wells Fargo contacted the Plaintiff on the following occasions since September 3, 2012 despite knowing that she was represented by an attorney during this time. These contacts in the form of letters were each violations of  the provisions of 15 U.S.C. §1692(b)(6).These contacts occurred in the form of letters sent to the Plaintiff by America's Servicing Company  on the following dates:

> April 2, 2013
> May 17, 2013
> July 8, 2013
> July 22, 2013
> September 4, 2013
> September 17, 2013
> September 27, 2013

128.   Wells Fargo has threatened to commence and has claimed to have commenced a non-judicial foreclosure to effect dispossession of the Plaintiff of her property even though the non-existent 2006-HE1 Certificates had no present right to possession of the property claimed as collateral through an enforceable security interest.  Specifically, it committed the following violations in this regard:

> a.   On about April 2, 2013, Wells Fargo had sent, through its attorney Harmon Law Offices, P.C., two Notices of Foreclosure to Plaintiff. One of these was sent by certified mail and one was sent by regular mail.  This notice purported to schedule a foreclosure sale of the plaintiff's property, even though it had no contractual or statutory ability to conduct such a sale.

> b.   On about May 8, 2013, America's Servicing Company had sent a letter, through its attorney Harmon Law Offices, P.C., indicating it was the servicer for HSBC Bank, USA, National Association as Trustee.

c. On about May 17, 2003, Wells Fargo had sent, through its attorney Harmon Law Offices, P.C., two Notices of Foreclosure to Plaintiff indicating that a sale would occur on July 12, 2013.

d. On about June 11, 2013, 2003, Wells Fargo had sent, through its attorney Harmon Law Offices, P.C., one Notices of Foreclosure sale to Plaintiff.

e. On about July 12, 2013, Wells Fargo had sent, through its attorney Harmon Law Offices, P.C., one Notice of Foreclosure to Plaintiff.

f. Wells Fargo on January 18, 2013 prepared an assignment of mortgage, purportedly from ACE 2006-HE1 to 2006-HE1 Certificates, which conveyed nothing as neither the assignor or the assignee existed and the assignor owned nothing to convey.

g. Wells Fargo has caused the publication of seven foreclosure advertisements of a foreclosure sale of Plaintiff's home. These advertisements were published in the Providence Journal on:

1. June 19, 2013
2. June 26, 2013
3. July 3, 2013
4. August 14, 2013
5. August 21, 2013
6. August 28, 2013
7. September 10, 2013

h. Wells Fargo has hired an auctioneer and caused him to claim to foreclose on Plaintiff's home on September 13, 2013.

i. Wells Fargo authorized an auctioneer to conduct the alleged foreclosure sale on September 4, 2013, September 11, 2013 and September 13, 2013.

j. Wells Fargo authorized an auctioneer appeared at the Plaintiff's home on September 13, 2014 and conduct what purported to be a foreclosure auction. No advertisement indicating that the sale

had been adjourned from September 11, 2013 to September 13, 2013 was published.

    k.      Wells Fargo has notified Plaintiff's tenants of the alleged foreclosures by letter on the following occasions:

        1.      April 2, 2013
        2.      May 17, 2013
        3.      July 12, 2013
        3.      September 17, 2013

    l.      Wells Fargo falsely claimed to act on behalf of a non-existent entity without a Power of Attorney and recorded a foreclosure deed without authority on March 17, 2015.

129.   The facts alleged in this complaint establish that the non-existent 2006-HE1 Certificates did not possess the present right to possession of the property claimed as collateral through an enforceable security interest.

130.   Wells Fargo also violated section 1692e of the FDCPA by using false deceptive and misleading representations or means in connection with the collection of this alleged debt. Wells Fargo made false representations regarding the amount of the debt, namely the arrearage due on February 5, 2013 was $164,719.35.  This amount was not accurate as it included improperly assessed fees for foreclosure, legal fees, property inspections and other fees not authorized pursuant to the terms of the mortgage.  Plaintiff did not owe this amount to Wells Fargo nor did she owe the previous any legal fees and costs included in this amount for the following reasons:

    a.      Neither the lender, its assignee nor any entity acting on its behalf had ever complied with the terms of the mortgage, particularly paragraph 22 at any time.   This mortgage provision required the lender as a condition of acceleration and exercise of the statutory power of sale to advise the borrowers that failure to cure the default on or before the date specified in the notice may result in the acceleration of the sums secured by this Security Instrument and sale of the property.

    b.      Neither the lender, its assignee nor any entity acting on its behalf ever sent the Plaintiff an acceleration letter, pursuant to the terms of the mortgage as required to exercise the statutory power of sale.

c.     Previous foreclosure costs and legal fees arising from foreclosure sales, which never proceeded were charged to the consumers' mortgage loan account prior to the 2013 purported assignment of the mortgage.

d.     Neither the lender, its assignee or any entity acting on its behalf  had sent the Plaintiffs a notice pursuant to R.I.G.L §34-27-3.1 in conjunction with the foreclosure commenced by a notice pursuant to R.I.G.L §34-27-4.

f.     The amount claimed as past due included fees for property inspections on a monthly basis.  **These fees were neither necessary nor reasonable.  They were incurred solely to incur expenses to charge the account. Wells Fargo knew that the property was occupied by the Plaintiff and that tenants were living in the house. Uniform covenant number Nine of the mortgage provided that only fees that are reasonable or appropriate to protect Lender's interest in this property and rights under this Security Instrument could be charged.  There was no basis for these monthly charges.**

131.   Wells Fargo also made false representations regarding the character of Plaintiff's debt as follows:

a.     It falsely stated that it was owned by 2006-HE1 Certificates.

b.     It falsely stated after September 13, 2013 that the Plaintiff's mortgage had been foreclosed on and that the property was owned by 2006-HE1 Certificates.

132.   Each action of Wells Fargo described above constitutes a separate violation of the FDCPA for which Wells Fargo is liable.

133.   The purported foreclosure action and all actions to seek to foreclose on the property have occurred within one year of the filing of this complaint. Any claims in the Amended Complaint relate back to this entity of the original complaint. The allegations made in the original complaint put the defendant on notice that these allegations were FDCPA violations. The facts alleged in the original complaint put the Defendant on notice that its conduct in regard to these claims constituted violations of the FDCPA.

134. The Plaintiff has incurred actual damages in regard to this action:

a. She has incurred costs for gasoline to visit her attorney on at least five occasions, driving to her attorney's office for a round trip totaling 8.2 miles. The IRS standard mileage allowance provides for .56 per mile.

b. She has had to use her cell phone to call and receive calls from her attorney. These calls are charged to her pursuant to her cell phone usage and monthly fees.

c. She has incurred attorney fees and costs for the prosecution of this action. Her fee agreement with her attorney provides that she will be responsible for legal fees expenses incurred in regard to this action. She has agreed to pay legal fees at the rate of $400.00 per hour or out of Court legal work and $450.00 per hour for in Court legal work.

d. Her mortgage loan was charged fees and costs for improperly charged foreclosure legal fees, inspection fees and property valuation fees.

WHEREFORE, Plaintiff demands that this Court grant her the

following relief:

a. Judgment against Wells Fargo for actual damages, and statutory damages of $1,000.00 for each violation of the FDCPA
.
b. Judgment against Wells Fargo for legal fees and costs.

ERNESTINA GARCIA
By her Attorney

October 26, 2015

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, RI 02920
(401) 943-9230

## COUNT XI

## VIOLATIONS OF REGULATION X AND REGULATION Z

135.   Paragraphs 1-134 are incorporated by reference.

136.   This is an action for actual and statutory damages filed by the Plaintiff for violations of the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA) and specifically of the Regulations enacted pursuant thereto by the Consumer Financial Protection Bureau (CFPB).  This is also an action for actual and statutory damages filed by the Plaintiff for violations of the Real Estate Settlement Procedures Act, ("RESPA") and the Truth in Lending Act, 15 U.S.C. § 1601 et. seq.  ("TILA").

137.   This action is specifically filed to enforce the Regulations that became effective on January 10, 2014, specifically 12 CFR § 1024.36(c) and 12 CFR §1024.36(d)(2)(i)(A) of Regulation X.

138    Wells Fargo performs its mortgage loan servicing business under the name of America's Servicing Company ("ASC").  Wells Fargo d/b/a ASC is the current servicer of a Promissory Note and Deed of Trust on the Plaintiff' residential real estate.

139.   Wells Fargo and ASC are hereinafter collectively referred to as Wells Fargo and Defendant.

140.   In January 2013, the Consumer Financial Protection Bureau issued a number of final rules concerning mortgage markets in the United States, pursuant to the Dodd-Frank Wall Street Reform and Consumer Protection Act (DFA), Public Law No. 111-203, 124 Stat. 1376 (2010).

141.   Specifically, on January 17, 2013, the CFPB issued the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z) Mortgage Servicing Final Rules, 78 FR §10901 (Regulation Z)(February 14, 2013) and 78 FR §10695 (Regulation X)(February 14, 2013).  These Regulations became effective on January 10, 2014.

142. The residential mortgage loan in this case is a "federally related mortgage loan" as that term is defined by Regulation 1024.2 (b) of the said Regulations.

143. The Defendant in this case is subject to the said Regulations and does not qualify for any of the exceptions noted in the said Regulations for "small servicers." Neither is Defendant a "qualified lender," as defined in 12 CFR § 617.7000.

144. The Plaintiff is asserting a claim for relief against the Defendant for breach of the specific Rules under Regulation X as set forth below. The Plaintiff has a private right of action under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(f) for these breaches and such an action includes actual damages, costs, statutory damages and attorney's fees.

145. On or about April 17, 2014, the Plaintiff sent a written request for information to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

146. The Request for Information was mailed by certified mail, return receipt requested, having an article number 7014 0510 0000 8335 9204. The Request was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR Section 1024.36(b).

147. The Request was received by the Defendant on April 21, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit C.

148. The Plaintiff's Request for Information requested the Life of the Loan Transactional History for the Plaintiff's mortgage loan account.

150. Under 12 CFR Section 1024.36(d)(2)(i)(A), the Defendant had 30 business days to provide the Plaintiff with the information requested.

151. Since the Request was received on April 21, 2014 the time period for the Defendant to comply expired on May 5, 2014.

152. As of the filing of this complaint, the Defendant has failed to provide any of the requested information to the Plaintiff.

153.  On or about June 9, 2014, the Plaintiff sent a written notice of error to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This notice was made pursuant to 12 CFR § 1024.35.

154.  The Notice of Error was mailed by certified mail, return receipt requested, having an article number 7014 0510 0000 8337 8330.  The Notice was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.35.

155.  The Notice was received by the Defendant on June 15, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit D.

156.  The Plaintiff's Notice of Error referenced the Defendant's failure to provide information requested in the Request for Information for the Life of the Loan Transactional History for the Plaintiff's mortgage loan account.

157.  Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of the Request.  The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded.  As a result, in this case, the written response was due no later than July 28, 2014.

158.  As of the filing of this 3rd Amended Complaint, the Defendant has failed to respond to the Notice of Error.  It has indicated that it will not respond to any Requests for Information or Notices of Error because this matter is in active litigation.

159.  There is no Litigation exemption which allows Wells Fargo not to respond to Requests for Information or Notice of Errors.

160.  The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

161.  As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and

attorney's fees for failure to correct the error indicated in this Notice of Error and provide the documents requested in the Request for Information.

162.  The Plaintiff has incurred actual damages, costs and legal fees in regard to this action relating to this Notice of Error:

      a.     She has incurred costs for gasoline to visit her attorney on at least five occasions, driving to her attorney's office for a round trip totaling 8.2 miles.  The IRS standard mileage allowance provides for .56 per mile.

      b.     She has had to use her cell phone to call and receive calls from her attorney. These calls are charged to her pursuant to her cell phone usage and monthly fees.

      c.     She has incurred postage and copying costs in transmitting this Notice of Error.

      d.     She has incurred attorney fees and costs for the prosecution of this action. Her fee agreement with her attorney provides that she will be responsible for legal fees and expenses incurred in regard to this action.  She has agreed to pay legal fees at the rate of $400.00 per hour or out of Court legal work and $450.00 per hour for in Court legal work.

163.  The Plaintiff has demonstrated through the failure of the Defendant to respond to any of the Requests for Information or any of the Notices of Error in this case that the Defendant has exhibited a pattern and practice of failure to respond to RESPA Requests.

164.  The failure of the Defendant to respond to  the total number of Requests for Information in this case and to respond to the total number of Notices of Error in this case establish that the pattern and practice of Wells Fargo is to ignore Regulation X Notices of Error and Requests for Information.

165.  On or about August 3, 2015, the Plaintiff sent a written notice of error to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the specific error alleged. This notice was made pursuant to 12 CFR § 1024.35.

166.   The Notice of Error was mailed by certified mail, return receipt requested, having an article number 9414 8102 0088 2691 9828 11.  The Notice was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.35.

167.   The Notice was received by the Defendant on August 6, 2015 as evidenced by United States Postal Form 3811 attached hereto as Exhibit E.

168.   The Plaintiff's Notice of Error referenced the Defendant's failure to respond to the Notice of Error for failure to provide information requested in Request for Information for the Life of the Loan Transactional History for the Plaintiff's mortgage loan account.

169.   Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of the Request.  The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded.  As a result, in this case, the written response was due no later than September 18, 2015.

170.   As of the filing of this 3rd Amended Complaint, the Defendant has failed to respond to the Notice of Error.  It has indicated that it will not respond to any Requests for Information or Notices of Error because this matter is in active litigation.

171.   There is no Litigation exemption which allows Wells Fargo not to respond to Requests for Information or Notice of Errors.

172.   The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

173.   As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees for failure to correct the error indicated in this Notice of Error and provide the documents requested in the Request for Information.

174.   The Plaintiff has incurred actual damages, costs and legal fees in regard to this action relating to this Notice of Error:

a.     She has incurred costs for gasoline to visit her attorney on at least five occasions, driving to her attorney's office for a round trip totaling 8.2 miles.  The IRS standard mileage allowance provides for .56 per mile.

b.     She has had to use her cell phone to call and receive calls from her attorney. These calls are charged to her pursuant to her cell phone usage and monthly fees.

c.     She has incurred postage and copying costs in transmitting this Notice of Error.

d.     She has incurred attorney fees and costs for the prosecution of this action. Her fee agreement with her attorney provides that she will be responsible for legal fees and expenses incurred in regard to this action.  She has agreed to pay legal fees at the rate of $400.00 per hour or out of Court legal work and $450.00 per hour for in Court legal work.

175.   The Plaintiff has demonstrated through the failure of the Defendant to respond to any of the Requests for Information or any of the Notices of Error in this case that the Defendant has exhibited a pattern and practice of failure to respond to RESPA Requests.

176.   The failure of the Defendant to respond to  the total number of Requests for Information in this case and to respond to the total number of Notices of Error in this case establish that the pattern and practice of Wells Fargo is to ignore Regulation X Notices of Error and Requests for Information.

177.   On or about April 17, 2014, the Plaintiff sent a written request for information to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

178.   The Request for Information was mailed by certified mail, return receipt requested, having an article number 7014 0510 0000 8335 9242.  The Request was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.36(b).

179.   The Request was received by the Defendant on April 21, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit F.

180.   The Plaintiff's Request for Information requested all Loss Mitigation Options, available to the Plaintiff.

181.   Under 12 CFR Section 1024.36(d)(2)(i)(A), the Defendant had 10 business days to provide the Plaintiff with the information requested.

182.   Since the Request was received on April 21, 2014 the time period for the Defendant to comply expired on May 5, 2014.

183.   As of the filing of this complaint, the Defendant has failed to provide any of the requested information to the Plaintiff.

184.   The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

185.   As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees correct the escrow as legitimate in this Notice of Error and provide the documents requested in the Request for Information.

186.   On or about June 9, 2014, the Plaintiff sent a written notice of error to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the specific error alleged. This notice was made pursuant to 12 CFR § 1024.35.

187.   The Notice of Error was mailed by certified mail, return receipt requested, having an article number 7014 0510 0000 8337 8847.  The Notice was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.35.

188.   The Notice was received by the Defendant on June 15, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit G.

189.   The Plaintiff's Notice of Error referenced the Defendant's for failure to provide information requested in the Request for Information for the Loss Mitigation Options for the Plaintiff's mortgage loan account.

190.   Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of the Request.  The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded.  As a result, in this case, the written response was due no later than July 28, 2014.

191.   As of the filing of this 3rd Amended Complaint, the Defendant has failed to respond to the Notice of Error.  It has indicated that it will not respond to any Requests for Information or Notices of Error because this matter is in active litigation.

192.   There is no Litigation exemption which allows Wells Fargo not to respond to Requests for Information or Notice of Errors.

193   The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

194.   As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees for failure to correct the error indicated in this Notice of Error and provide the documents requested in the Request for Information.

195.   The Plaintiff has incurred actual damages, costs and legal fees in regard to this action relating to this Notice of Error:

   a.      She has incurred costs for gasoline to visit her attorney on at least five occasions, driving to her attorney's office for a round trip totaling 8.2 miles.  The IRS standard mileage allowance provides for .56 per mile.

   b.      She has had to use her cell phone to call and receive calls from her attorney. These calls are charged to her pursuant to her cell phone usage and monthly fees.

   c.      She has incurred postage and copying costs in transmitting this Notice of Error.

d.    She has incurred attorney fees and costs for the prosecution of this action. Her fee agreement with her attorney provides that she will be responsible for legal fees and expenses incurred in regard to this action.  She has agreed to pay legal fees at the rate of $400.00 per hour or out of Court legal work and $450.00 per hour for in Court legal work.

196.   The Plaintiff has demonstrated through the failure of the Defendant to respond to any of the Requests for Information or any of the Notices of Error in this case that the Defendant has exhibited a pattern and practice of failure to respond to RESPA Requests.

197.   The failure of the Defendant to respond to the total number of Requests for Information in this case and to respond to the total number of Notices of Error in this case establish that the pattern and practice of Wells Fargo is to ignore Regulation X Notices of Error and Requests for Information.

198.   On or about August 3, 2015, the Plaintiff sent a written notice of error to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the specific error alleged. This notice was made pursuant to 12 CFR § 1024.35.

199.   The Notice of Error was mailed by certified mail, return receipt requested, having an article number 9414 8102 0083 0807 8506 53  The Notice was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.35.

200.   The Notice was received by the Defendant on August 10, 2015 as evidenced by United States Postal Form 3811 attached hereto as Exhibit H.

201.   The Plaintiff's Notice of Error referenced the Defendant's failure to respond to the Notice of Error for failure to provide information requested in the Request for Information for all Loss Mitigation Options, available to the Plaintiff.

202.   Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of the Request.  The Regulations provide that in computing this time period

public holidays, Saturdays and Sundays are excluded. As a result, in this case, the written response was due no later than September 18, 2015.

203. As of the filing of this 3rd Amended Complaint, the Defendant has failed to respond to the Notice of Error. It has indicated that it will not respond to any Requests for Information or Notices of Error because this matter is in active litigation.

204. There is no Litigation exemption which allows Wells Fargo not to respond to Requests for Information or Notice of Errors.

205. The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

206. As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees for failure to correct the error indicated in this Notice of Error and provide the documents requested in the Request for Information.

207. The Plaintiff has incurred actual damages, costs and legal fees in regard to this action relating to this Notice of Error:

    a.      She has incurred costs for gasoline to visit her attorney on at least five occasions, driving to her attorney's office for a round trip totaling 8.2 miles. The IRS standard mileage allowance provides for .56 per mile.

    b.      She has had to use her cell phone to call and receive calls from her attorney. These calls are charged to her pursuant to her cell phone usage and monthly fees.

    c.      She has incurred postage and copying costs in transmitting this Notice of Error.

    d.      She has incurred attorney fees and costs for the prosecution of this action. Her fee agreement with her attorney provides that she will be responsible for legal fees and expenses incurred in regard to this action. She has agreed to pay legal fees at the rate of $400.00 per hour or out of Court legal work and $450.00 per hour for in Court legal work.

208.   The Plaintiff has demonstrated through the failure of the Defendant to respond to any of the Requests for Information or any of the Notices of Error in this case that the Defendant has exhibited a pattern and practice of failure to respond to RESPA Requests.

209.   The failure of the Defendant to respond to  the total number of Requests for Information in this case and to respond to the total number of Notices of Error in this case establish that the pattern and practice of Wells Fargo is to ignore Regulation X Notices of Error and Requests for Information.

210.   On or about April 17, 2014, the Plaintiff sent a written request for information to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

211.   The Request for Information was mailed by certified mail, return receipt requested, having an article number 7014 0510 0000 8335 9211.  The Request was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.36(b).

212.   The Request was received by the Defendant on April 21, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit I.

213.   The Plaintiff's Request for Information requested the Identity of and address and other relevant contact information for, the owner or assignee of the Plaintiff's mortgage note.

214.   Under 12 CFR § 1024.36(d)(2)(i)(A), the Defendant had 10 business days to provide the Plaintiff with the information requested. As a result, in this case, the written response was due no later than May 5, 2014.

215.   As of the filing of this complaint, the Defendant has failed to provide any of the requested information to the Plaintiff.

216.   On or about June 9, 2014, the Plaintiff sent a written notice of error to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the specific error alleged. This notice was made pursuant to 12 CFR § 1024.35.

217.   The Notice of Error was mailed by certified mail, return receipt requested, having an article number 7014 0510 0000 8337 8861.  The Notice was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.35.

218.   The Notice was received by the Defendant on June 15, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit J.

219.   The Plaintiff's Notice of Error referenced the Defendant's failure to provide information requested in the Request for Information for the Identity of and address and other relevant contact information for, the owner or assignee of the Plaintiff's mortgage note.

220.   Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of the Request.  The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded.  As a result, in this case, the written response was due no later than September 18, 2015.

221.   As of the filing of this 3rd Amended Complaint, the Defendant has failed to respond to the Notice of Error.  It has indicated that it will not respond to any Requests for Information or Notices of Error because this matter is in active litigation.

222.   There is no Litigation exemption which allows Wells Fargo not to respond to Requests for Information or Notice of Errors.

223.   The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

224.   As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees for failure to correct the error indicated in this Notice of Error and provide the documents requested in the Request for Information.

225.   The Plaintiff has incurred actual damages, costs and legal fees in regard to this action relating to this Notice of Error:

a. She has incurred costs for gasoline to visit her attorney on at least five occasions, driving to her attorney's office for a round trip totaling 8.2 miles. The IRS standard mileage allowance provides for .56 per mile.

b. She has had to use her cell phone to call and receive calls from her attorney. These calls are charged to her pursuant to her cell phone usage and monthly fees.

c. She has incurred postage and copying costs in transmitting this Notice of Error.

d. She has incurred attorney fees and costs for the prosecution of this action. Her fee agreement with her attorney provides that she will be responsible for legal fees and expenses incurred in regard to this action. She has agreed to pay legal fees at the rate of $400.00 per hour or out of Court legal work and $450.00 per hour for in Court legal work.

226. The Plaintiff has demonstrated through the failure of the Defendant to respond to any of the Requests for Information or any of the Notices of Error in this case that the Defendant has exhibited a pattern and practice of failure to respond to RESPA Requests.

227. The failure of the Defendant to respond to the total number of Requests for Information in this case and to respond to the total number of Notices of Error in this case establish that the pattern and practice of Wells Fargo is to ignore Regulation X Notices of Error and Requests for Information.

228. On or about August 3, 2015, the Plaintiff sent a written notice of error to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the specific error alleged. This notice was made pursuant to 12 CFR § 1024.35.

229. The Notice of Error was mailed by certified mail, return receipt requested, having an article number 9414 8102 0082 9691 8822 91. The Notice was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.35.

230.  The Notice was received by the Defendant on August 6, 2015 as evidenced by United States Postal Form 3811 attached hereto as Exhibit K.

231.  The Plaintiff's Notice of Error referenced the Defendant's failure to respond to the Notice of Error for failure to provide information requested in the Request for Information for the Identity of and address and other relevant contact information for, the owner or assignee of the Plaintiff's mortgage note.

232.  Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of the Request.  The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded.  As a result, in this case, the written response was due no later than September 18, 2015.

233.  As of the filing of this 3rd Amended Complaint, the Defendant has failed to respond to the Notice of Error.  It has indicated that it will not respond to any Requests for Information or Notices of Error because this matter is in active litigation.

234.  There is no Litigation exemption which allows Wells Fargo not to respond to Requests for Information or Notice of Errors.

235.  The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

236.  As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees for failure to correct the error indicated in this Notice of Error and provide the documents requested in the Request for Information.

237.  The Plaintiff has incurred actual damages, costs and legal fees in regard to this action relating to this Notice of Error:

    a.       She has incurred costs for gasoline to visit her attorney on at least five occasions, driving to her attorney's office for a round trip totaling 8.2 miles.  The IRS standard mileage allowance provides for .56 per mile.

b.     She has had to use her cell phone to call and receive calls from her attorney. These calls are charged to her pursuant to her cell phone usage and monthly fees.

c.     She has incurred postage and copying costs in transmitting this Notice of Error.

d.     She has incurred attorney fees and costs for the prosecution of this action. Her fee agreement with her attorney provides that she will be responsible for legal fees and expenses incurred in regard to this action.  She has agreed to pay legal fees at the rate of $400.00 per hour or out of Court legal work and $450.00 per hour for in Court legal work.

238.   The Plaintiff has demonstrated through the failure of the Defendant to respond to any of the Requests for Information or any of the Notices of Error in this case that the Defendant has exhibited a pattern and practice of failure to respond to RESPA Requests.

239.   The failure of the Defendant to respond to  the total number of Requests for Information in this case and to respond to the total number of Notices of Error in this case establish that the pattern and practice of Wells Fargo is ignore Regulation X Notices of Error and Requests for Information.

240.   On or about April 17, 2014, the Plaintiff sent a written request for information to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

241.   The Request for Information was mailed by certified mail, return receipt requested, having an article number 7014 0510 0000 8335 9228.  The Request was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.36(b).

242.   The Request was received by the Defendant on April 21, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit L.

243.   The Plaintiff's Request for Information consisted of a Qualified Written Request, relating to the Plaintiff's mortgage loan account.

244.   Under 12 CFR Section 1024.36(d)(2)(i)(B), the Defendant had 30 business days to provide the Plaintiff with the information requested.

245.   Since the Request was received on April 21, 2014 the time period for the Defendant to comply expired on June 3, 2014.

246.   As of the filing of this complaint, the Defendant has failed to provide any of the requested information to the Plaintiff.

247.   On or about August 7, 2015, the Plaintiff sent a written notice of error to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the specific error alleged. This notice was made pursuant to 12 CFR § 1024.35.

248.   The Notice of Error was mailed by certified mail, return receipt requested, having an article number 9414 8102 0088 2696 7239 76.  The Notice was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.35.

249.   The Notice was received by the Defendant on August 10, 2015 as evidenced by United States Postal Form 3811 attached hereto as Exhibit M.

250.   The Plaintiff's Notice of Error the Defendant's failure to provide information requested in the Request for Information for the Qualified Written Request, relating to the Plaintiff's mortgage loan account.

251.   Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of the Request.  The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded.  As a result, in this case, the written response was due no later than September 22, 2015.

252.   As of the filing of this complaint, the Defendant has failed to respond to the Notice of Error.  It has indicated that it will not respond to any Requests for Information or Notices of Error because this matter is in active litigation.

253.   There is no Litigation exemption which allows Wells Fargo not to respond to Requests for Information or Notice of Errors.

254.  The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

255.  As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees for failure to correct the error indicated in this Notice of Error and provide the documents requested in the Request for Information.

256.  The Plaintiff has incurred actual damages, costs and legal fees in regard to this action relating to this Notice of Error:

      a.      She has incurred costs for gasoline to visit her attorney on at least five occasions, driving to her attorney's office for a round trip totaling 8.2 miles.  The IRS standard mileage allowance provides for .56 per mile.

      b.      She has had to use her cell phone to call and receive calls from her attorney. These calls are charged to her pursuant to her cell phone usage and monthly fees.

      c.      She has incurred postage and copying costs in transmitting this Notice of Error.

      d.      She has incurred attorney fees and costs for the prosecution of this action. Her fee agreement with her attorney provides that she will be responsible for legal fees and expenses incurred in regard to this action.  She has agreed to pay legal fees at the rate of $400.00 per hour or out of Court legal work and $450.00 per hour for in Court legal work.

257.  On or about June 9, 2014, the Plaintiff sent a written request for information to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

258.  The Request for Information was mailed by certified mail, return receipt requested, having an article number 7014 0510 0000 8337 8854.  The Request was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.36(b).

259.   The Request was received by the Defendant on June 15, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit N.

260.   The Plaintiff's Request for Information requested all the Property Inspection fees charged in regard to Plaintiff's mortgage loan account.

261.   Under 12 CFR Section 1024.36(d)(2)(i)(B), the Defendant had 30 business days to provide the Plaintiff with the information requested.

262.   Since the Request was received on June 13, 2014 the time period for the Defendant to comply expired on July 28, 2014.

263.   The Plaintiff has demonstrated through the failure of the Defendant to respond to any of the Requests for Information or any of the Notices of Error in this case that the Defendant has exhibited a pattern and practice of failure to respond to RESPA Requests.

264.   The failure of the Defendant to respond to the total number of Requests for Information in this case and to respond to the total number of Notices of Error in this case establish that the pattern and practice of Wells Fargo is to ignore Regulation X Notices of Error and Requests for Information.

265.   On or about June 3, 2014, the Plaintiff sent a written request for information to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

266.   The Request for Information was mailed by certified mail, return receipt requested, having an article number 7014 0510 0000 8337 8014.  The Request was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.36(b).

267.   The Request was received by the Defendant on June 13, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit O.

268.   The Plaintiff's Request for Information requested all records of Escrow Advances charged to the Plaintiff's mortgage loan account.

269.   Under 12 CFR Section 1024.36(d)(2)(i)(B), the Defendant had 30 business days to provide the Plaintiff with the information requested.

270.   Since the Request was received on June 13, 2014 the time period for the Defendant to comply expired on July 28, 2014.

271.   As of the filing of this complaint, the Defendant has failed to provide any of the requested information to the Plaintiff.

272.    The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

273.    As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual and statutory damages, costs and attorney's fees.

274.   On or about August 4, 2015, the Plaintiff sent a written notice of error to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the specific error alleged. This notice was made pursuant to 12 CFR § 1024.35.

275.   The Notice of Error was mailed by certified mail, return receipt requested, having an article number 9414 8102 0088 3729 5198 63.  The Notice was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.35.

276.   The Notice was received by the Defendant on August 10, 2015 as evidenced by United States Postal Form 3811 attached hereto as Exhibit P.

277.   The Plaintiff's Notice of Error referenced the Defendant's failure to provide information requested in the Request for Information for all records of Escrow Advances charged to the Plaintiff's mortgage loan account.

278.   Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of the Request.  The Regulations provide that in computing this time period

public holidays, Saturdays and Sundays are excluded.  As a result, in this case, the written response was due no later than September 22, 2015.

279.   As of the filing of this 3rd Amended Complaint, the Defendant has failed to respond to the Notice of Error.  It has indicated that it will not respond to any Requests for Information or Notices of Error because this matter is in active litigation.

280.   There is no Litigation exemption which allows Wells Fargo not to respond to Requests for Information or Notice of Errors.

281.   The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

282.   As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees for failure to correct the error indicated in this Notice of Error and provide the documents requested in the Request for Information.

283.   The Plaintiff has incurred actual damages, costs and legal fees in regard to this action relating to this Notice of Error:

   a.      She has incurred costs for gasoline to visit her attorney on at least five occasions, driving to her attorney's office for a round trip totaling 8.2 miles.  The IRS standard mileage allowance provides for .56 per mile.

   b.      She has had to use her cell phone to call and receive calls from her attorney. These calls are charged to her pursuant to her cell phone usage and monthly fees.

   c.      She has incurred postage and copying costs in transmitting this Notice of Error.

   d.      She has incurred attorney fees and costs for the prosecution of this action. Her fee agreement with her attorney provides that she will be responsible for legal fees and expenses incurred in regard to this action.  She has agreed to pay legal fees at the rate of $400.00 per hour or out of Court legal work and $450.00 per hour for in Court legal work.

284.   The Plaintiff has demonstrated through the failure of the Defendant to respond to any of the Requests for Information or any of the Notices of Error in this case that the Defendant has exhibited a pattern and practice of failure to respond to RESPA Requests.

285.   The failure of the Defendant to respond to the total number of Requests for Information in this case and to respond to the total number of Notices of Error in this case establish that the pattern and practice of Wells Fargo is to ignore Regulation X Notices of Error and Requests for Information.

286.   On or about June 3, 2014, the Plaintiff sent a written request for information to the Defendant that included the Statutory Mailing charges and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

287.   The Request for Information was mailed by certified mail, return receipt requested, having an article number 7014 0510 0000 8337 8007.  The Request was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR Section 1024.36(b).

288.   The Request was received by the Defendant on June 13, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit Q.

289.   The Plaintiff's Request for Information requested records of all the Statutory Mailing Fees charged to Plaintiff's mortgage loan account.

290.    Under 12 CFR Section 1024.36(d)(2)(i)(B), the Defendant had 30 business days to provide the Plaintiff with the information requested.

291.   Since the Request was received on June 13, 2014 the time period for the Defendant to comply expired on July 28, 2014.

292.   As of the filing of this complaint, the Defendant has failed to provide any of the requested information to the Plaintiff.

293.   On or about August 4, 2015, the Plaintiff sent a written notice of error to the Defendant that included the name of the borrower, the identity of the

account, the property description and stated the specific error alleged. This notice was made pursuant to 12 CFR § 1024.35.

294.   The Notice of Error was mailed by certified mail, return receipt requested, having an article number 9414 8102 0082 8695 3468 53.  The Notice was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.35.

295.   The Notice was received by the Defendant on August 10, 2015 as evidenced by United States Postal Form 3811 attached hereto as Exhibit R.

296.   The Plaintiff's Notice of Error referenced the Defendant's failure to provide information requested in the Request for Information for all records of Statutory Mailing charged to the Plaintiff's mortgage loan account.

297.   Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of the Request.  The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded.  As a result, in this case, the written response was due no later than September 22, 2015.

298.   As of the filing of this 3rd Amended Complaint, the Defendant has failed to respond to the Notice of Error.  It has indicated that it will not respond to any Requests for Information or Notices of Error because this matter is in active litigation.

299.   There is no Litigation exemption which allows Wells Fargo not to respond to Requests for Information or Notice of Errors.

300.   The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

301.   As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees for failure to correct the error indicated in this Notice of Error and provide the documents requested in the Request for Information.

302.    The Plaintiff has incurred actual damages, costs and legal fees in regard to this action relating to this Notice of Error:

a.    She has incurred costs for gasoline to visit her attorney on at least five occasions, driving to her attorney's office for a round trip totaling 8.2 miles.  The IRS standard mileage allowance provides for .56 per mile.

b.    She has had to use her cell phone to call and receive calls from her attorney. These calls are charged to her pursuant to her cell phone usage and monthly fees.

c.    She has incurred postage and copying costs in transmitting this Notice of Error.

d.    She has incurred attorney fees and costs for the prosecution of this action. Her fee agreement with her attorney provides that she will be responsible for legal fees and expenses incurred in regard to this action.  She has agreed to pay legal fees at the rate of $400.00 per hour or out of Court legal work and $450.00 per hour for in Court legal work.

303.    The Plaintiff has demonstrated through the failure of the Defendant to respond to any of the Requests for Information or any of the Notices of Error in this case that the Defendant has exhibited a pattern and practice of failure to respond to RESPA Requests.

304.    The failure of the Defendant to respond to the total number of Requests for Information in this case and to respond to the total number of Notices of Error in this case establish that the pattern and practice of Wells Fargo is to ignore Regulation X Notices of Error and Requests for Information.

305.    On or about June 3, 2014, the Plaintiff sent a written request for information to the Defendant that included the name of the borrower, records of all the Forced Placed Insurance Fees, charged to the Plaintiff's mortgage loan account.   This request was made pursuant to 12 CFR § 1024.36(a).

306.    The Request for Information was mailed by certified mail, return receipt requested, having an article number 7014 0510 0000 8337 7994.  The Request was mailed to the address noticed by the Defendant on its website

as the designated address for requesting such information as provided for by 12 CFR § 1024.36(b).

307.   The Request was received by the Defendant on June 13, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit S.

308.   The Plaintiff's Request for Information requested the records of all the Forced Placed Insurance Fees, charged to the Plaintiff's mortgage loan account.

309.   Under 12 CFR Section 1024.36(d)(2)(i)(B), the Defendant had 30 business days to provide the Plaintiff with the information requested.

310.   Since the Request was received on June 13, 2014 the time period for the Defendant to comply expired on July 28, 2014.

311.   As of the filing of this complaint, the Defendant has failed to provide any of the requested information to the Plaintiff.

312.   On or about August 4, 2015, the Plaintiff sent a written notice of error to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the specific error alleged. This notice was made pursuant to 12 CFR § 1024.35.

313.   The Notice of Error was mailed by certified mail, return receipt requested, having an article number 9414 8102 0088 3729 4883 12.  The Notice was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.35.

314.   The Notice was received by the Defendant on August 10, 2015 as evidenced by United States Postal Form 3811 attached hereto as Exhibit T.

315.   The Plaintiff's Notice of Error referenced the Defendant's failure to provide information requested in the Request for Information for all records of Forced Placed Insurance fees charged to the Plaintiff's mortgage loan account.

316.   Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of

the Request. The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded. As a result, in this case, the written response was due no later than September 22, 2015.

317. As of the filing of this 3rd Amended Complaint, the Defendant has failed to respond to the Notice of Error. It has indicated that it will not respond to any Requests for Information or Notices of Error because this matter is in active litigation.

318. There is no Litigation exemption which allows Wells Fargo not to respond to Requests for Information or Notice of Errors.

319. The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

320. As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees for failure to correct the error indicated in this Notice of Error and provide the documents requested in the Request for Information.

321. The Plaintiff has incurred actual damages, costs and legal fees in regard to this action relating to this Notice of Error:

  a.  She has incurred costs for gasoline to visit her attorney on at least five occasions, driving to her attorney's office for a round trip totaling 8.2 miles. The IRS standard mileage allowance provides for .56 per mile.

  b.  She has had to use her cell phone to call and receive calls from her attorney. These calls are charged to her pursuant to her cell phone usage and monthly fees.

  c.  She has incurred postage and copying costs in transmitting this Notice of Error.

  d.  She has incurred attorney fees and costs for the prosecution of this action. Her fee agreement with her attorney provides that she will be responsible for legal fees and expenses incurred in regard to this action. She has agreed to pay legal fees at the rate of $400.00 per hour or out of Court legal work and $450.00 per hour for in Court legal work.

322.   The Plaintiff has demonstrated through the failure of the Defendant to respond to any of the Requests for Information or any of the Notices of Error in this case that the Defendant has exhibited a pattern and practice of failure to respond to RESPA Requests.

323.   The failure of the Defendant to respond to  the total number of Requests for Information in this case and to respond to the total number of Notices of Error in this case establish that the pattern and practice of Wells Fargo is to ignore Regulation X Notices of Error and Requests for Information.

324.   On or about June 3, 2014, the Plaintiff sent a written request for information to the Defendant that included the name of the borrower, records of the Title Report Fees charged to Plaintiff's mortgage loan account. This request was made pursuant to 12 CFR § 1024.36(a).

325.   The Request for Information was mailed by certified mail, return receipt requested, having an article number 7014 0510 0000 8337 7987.  The Request was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.36(b).

326.   The Request was received by the Defendant on June 13, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit U.

327.   The Plaintiff's Request for Information requested records of the Title Report Fees charged to Plaintiff's mortgage loan account.

328.   Under 12 CFR Section 1024.36(d)(2)(i)(B), the Defendant had 30 business days to provide the Plaintiff with the information requested.

329.   Since the Request was received on June 13, 2014 the time period for the Defendant to comply expired on July 28, 2014.

330.   As of the filing of this complaint, the Defendant has failed to provide any of the requested information to the Plaintiff.

331.   On or about August 4, 2015, the Plaintiff sent a written notice of error to the Defendant that included the name of the borrower, the identity of the

account, the property description and stated the specific error alleged. This notice was made pursuant to 12 CFR § 1024.35.

332.   The Notice of Error was mailed by certified mail, return receipt requested, having an article number 9414 8102 0088 2695 3029 74.  The Notice was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.35.

333.   The Notice was received by the Defendant on August 10, 2015 as evidenced by United States Postal Form 3811 attached hereto as Exhibit V.

334.   The Plaintiff's Notice of Error referenced the Defendant's failure to provide information requested in the Request for Information for all records of Title Report Fees charged to the Plaintiff's mortgage loan account.

335.   Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of the Request.  The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded.  As a result, in this case, the written response was due no later than September 22, 2015.

336.   As of the filing of this 3rd Amended Complaint, the Defendant has failed to respond to the Notice of Error.  It has indicated that it will not respond to any Requests for Information or Notices of Error because this matter is in active litigation.

337.   There is no Litigation exemption which allows Wells Fargo not to respond to Requests for Information or Notice of Errors.

338.   The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

339.   As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees for failure to correct the error indicated in this Notice of Error and provide the documents requested in the Request for Information.

340.   The Plaintiff has incurred actual damages, costs and legal fees in regard to this action relating to this Notice of Error:

      a.     She has incurred costs for gasoline to visit her attorney on at least five occasions, driving to her attorney's office for a round trip totaling 8.2 miles.  The IRS standard mileage allowance provides for .56 per mile.

      b.     She has had to use her cell phone to call and receive calls from her attorney. These calls are charged to her pursuant to her cell phone usage and monthly fees.

      c.     She has incurred postage and copying costs in transmitting this Notice of Error.

      d.     She has incurred attorney fees and costs for the prosecution of this action. Her fee agreement with her attorney provides that she will be responsible for legal fees and expenses incurred in regard to this action.  She has agreed to pay legal fees at the rate of $400.00 per hour or out of Court legal work and $450.00 per hour for in Court legal work.

341.   The Plaintiff has demonstrated through the failure of the Defendant to respond to any of the Requests for Information or any of the Notices of Error in this case that the Defendant has exhibited a pattern and practice of failure to respond to RESPA Requests.

342.   The failure of the Defendant to respond to  the total number of Requests for Information in this case and to respond to the total number of Notices of Error in this case establish that the pattern and practice of Wells Fargo is ignore Regulation X Notices of Error and Requests for Information.

343.   On or about June 9, 2014, the Plaintiff sent a written request for information to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

344.   The Request for Information was mailed by certified mail, return receipt requested, having an article number 7014 0510 0000 8337 7970.  The Request was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.36(b).

345.   The Request was received by the Defendant on June 13, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit W.

346.   The Plaintiff's Request for Information requested records of all the Legal Fees, charged to Plaintiff's mortgage loan account.

347.   Under 12 CFR Section 1024.36(d)(2)(i)(B), the Defendant had 30 business days to provide the Plaintiff with the information requested.

348.   Since the Request was received on June 13, 2014 the time period for the Defendant to comply expired on July 28, 2014.

349.   As of the filing of this complaint, the Defendant has failed to provide any of the requested information to the Plaintiff.

350.   On or about August 7, 2015 the Plaintiff sent a written notice of error to the Defendant that included the name of the borrower, the identity of the account, the property description and stated specific error alleged. This notice of error was made pursuant to 12 CFR § 1024.35.

351.   The Notice of Error was mailed by certified mail, return receipt requested, having an article number 9414 8102 0079 3655 7558 56.  The Notice was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.35.

352.   The Notice was received by the Defendant on August 10, 2015 as evidenced by United States Postal Form 3811 attached hereto as Exhibit X.

353.   The Plaintiff's Notice of Error referenced the Defendant's failure to provide information requested in the Request for Information for all records of all the Legal Fees charged to Plaintiff's mortgage loan account.

354.   Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of the Request.  The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded.  As a result, in this case, the written response was due no later than September 18, 2015.

355.   As of the filing of this 3rd Amended Complaint, the Defendant has failed to respond to the Notice of Error.  It has indicated that it will not respond to any Requests for Information or Notices of Error because this matter is in active litigation.

356.   There is no Litigation exemption which allows Wells Fargo not to respond to Requests for Information or Notice of Errors.

357.   The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

358.   As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees for failure to correct the error indicated in this Notice of Error and provide the documents requested in the Request for Information.

359.   The Plaintiff has incurred actual damages, costs and legal fees in regard to this action relating to this Notice of Error:

        a.       She has incurred costs for gasoline to visit her attorney on at least five occasions, driving to her attorney's office for a round trip totaling 8.2 miles.  The IRS standard mileage allowance provides for .56 per mile.

        b.       She has had to use her cell phone to call and receive calls from her attorney. These calls are charged to her pursuant to her cell phone usage and monthly fees.

        c.       She has incurred postage and copying costs in transmitting this Notice of Error.

        d.       She has incurred attorney fees and costs for the prosecution of this action. Her fee agreement with her attorney provides that she will be responsible for legal fees and expenses incurred in regard to this action.  She has agreed to pay legal fees at the rate of $400.00 per hour or out of Court legal work and $450.00 per hour for in Court legal work.

360.   The Plaintiff has demonstrated through the failure of the Defendant to respond to any of the Requests for Information or any of the Notices of Error

in this case that the Defendant has exhibited a pattern and practice of failure to respond to RESPA Requests.

361. The failure of the Defendant to respond to the total number of Requests for Information in this case and to respond to the total number of Notices of Error in this case establish that the pattern and practice of Wells Fargo is to ignore Regulation X Notices of Error and Requests for Information.

362. On or about August 6, 2015, the Plaintiff sent a written notice of error to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the specific error alleged. This notice was made pursuant to 12 CFR § 1024.35.

363. The Notice of Error was mailed by certified mail, return receipt requested, having an article number 9414 8102 0088 1696 5325 95. The Notice was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.35.

364. The Notice was received by the Defendant on August 10, 2015 as evidenced by United States Postal Form 3811 attached hereto as Exhibit Y.

365. The Plaintiff's Notice of Error referenced the Defendant's failure to respond to the Notice of Error for failure to provide information requested in the Request for Information for all records of all the Legal Fees, charged to Plaintiff's mortgage loan account.

366. Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of the Request. The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded. As a result, in this case, the written response was due no later than September 18, 2015.

367. As of the filing of this 3rd Amended Complaint, the Defendant has failed to respond to the Notice of Error. It has indicated that it will not respond to any Requests for Information or Notices of Error because this matter is in active litigation.

368. There is no Litigation exemption which allows Wells Fargo not to respond to Requests for Information or Notice of Errors.

367. The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

368. As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees for failure to correct the error indicated in this Notice of Error and provide the documents requested in the Request for Information.

369. The Plaintiff has incurred actual damages, costs and legal fees in regard to this action relating to this Notice of Error:

     a.     She has incurred costs for gasoline to visit her attorney on at least five occasions, driving to her attorney's office for a round trip totaling 8.2 miles. The IRS standard mileage allowance provides for .56 per mile.

     b.     She has had to use her cell phone to call and receive calls from her attorney. These calls are charged to her pursuant to her cell phone usage and monthly fees.

     c.     She has incurred postage and copying costs in transmitting this Notice of Error.

     d.     She has incurred attorney fees and costs for the prosecution of this action. Her fee agreement with her attorney provides that she will be responsible for legal fees and expenses incurred in regard to this action. She has agreed to pay legal fees at the rate of $400.00 per hour or out of Court legal work and $450.00 per hour for in Court legal work.

370. The Plaintiff has demonstrated through the failure of the Defendant to respond to any of the Requests for Information or any of the Notices of Error in this case that the Defendant has exhibited a pattern and practice of failure to respond to RESPA Requests.

371. The failure of the Defendant to respond to the total number of Requests for Information in this case and to respond to the total number of Notices of Error in this case establish that the pattern and practice of Wells

Fargo is to ignore Regulation X Notices of Error and Requests for Information.

372.   On or about June 3, 2014, the Plaintiff sent a written Request for Information to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

373.   The Request for Information was mailed by certified mail, return receipt requested, having an article number 7014 0510 0000 8337 7963.  The Request was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.36(b).

374.   The Request was received by the Defendant on June 13, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit Z.

375.   The Plaintiff's Request for Information requested records of all the Property Valuation Fees, charged to Plaintiff's mortgage loan account.

376.   Under 12 CFR Section 1024.36(d)(2)(i)(B), the Defendant had 30 business days to provide the Plaintiff with the information requested.

377.   Since the Request was received on June 13, 2014 the time period for the Defendant to comply expired on July 28, 2014.

378.   As of the filing of this complaint, the Defendant has failed to provide any of the requested information to the Plaintiff.

379.   On or about August 4, 2015, the Plaintiff sent a written notice of error to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the specific error alleged. This notice was made pursuant to 12 CFR § 1024.35.

380.   The Notice of Error was mailed by certified mail, return receipt requested, having an article number 9414 8102 0083 0808 9097 56.  The Notice was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.35.

381.   The Notice was received by the Defendant on August 10, 2015 as evidenced by United States Postal Form 3811 attached hereto as Exhibit AA.

382.   The Plaintiff's Notice of Error referenced the Defendant's failure to provide information requested in the Request for Information for all records of records of all the Property Valuation Fees charged to Plaintiff's mortgage loan account.

383.   Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of the Request.  The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded.  As a result, in this case, the written response was due no later than September 22, 2015.

384.   As of the filing of this 3rd Amended Complaint, the Defendant has failed to respond to the Notice of Error.  It has indicated that it will not respond to any Requests for Information or Notices of Error because this matter is in active litigation.

385.   There is no Litigation exemption which allows Wells Fargo not to respond to Requests for Information or Notice of Errors.

386.   The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

387.   As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees for failure to correct the error indicated in this Notice of Error and provide the documents requested in the Request for Information.

388.   The Plaintiff has incurred actual damages, costs and legal fees in regard to this action relating to this Notice of Error:

   a.      She has incurred costs for gasoline to visit her attorney on at least five occasions, driving to her attorney's office for a round trip totaling 8.2 miles.  The IRS standard mileage allowance provides for .56 per mile.

b.     She has had to use her cell phone to call and receive calls from her attorney. These calls are charged to her pursuant to her cell phone usage and monthly fees.

c.     She has incurred postage and copying costs in transmitting this Notice of Error.

d.     She has incurred attorney fees and costs for the prosecution of this action. Her fee agreement with her attorney provides that she will be responsible for legal fees and expenses incurred in regard to this action.  She has agreed to pay legal fees at the rate of $400.00 per hour or out of Court legal work and $450.00 per hour for in Court legal work.

389.   The Plaintiff has demonstrated through the failure of the Defendant to respond to any of the Requests for Information or any of the Notices of Error in this case that the Defendant has exhibited a pattern and practice of failure to respond to RESPA Requests.

390.   The failure of the Defendant to respond to  the total number of Requests for Information in this case and to respond to the total number of Notices of Error in this case establish that the pattern and practice of Wells Fargo is to ignore Regulation X Notices of Error and Requests for Information.

391.   On or about June 3, 2014, the Plaintiff sent a written Request for Information to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

392.   The Request for Information was mailed by certified mail, return receipt requested, having an article number 7014 0510 0000 8337 7956.  The Request was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.36(b).

393.   The Request was received by the Defendant on June 13, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit BB.

394.   The Plaintiff's Request for Information requested records of all the BPO/Appraisal Fees charged to Plaintiff's mortgage loan account.

395.  Under 12 CFR Section 1024.36(d)(2)(i)(B), the Defendant had 30 business days to provide the Plaintiff with the information requested.

396.  Since the Request was received on June 13, 2014 the time period for the Defendant to comply expired on July 28, 2014.

397.  As of the filing of this complaint, the Defendant has failed to provide any of the requested information to the Plaintiff.

398.  On or about August 4, 2015, the Plaintiff sent a written notice of error to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the specific error alleged. This request was made pursuant to 12 CFR § 1024.35.

399.  The Notice of Error was mailed by certified mail, return receipt requested, having an article number 9414 8102 0082 9695 1666 18.  The Notice was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.35.

400.  The Notice was received by the Defendant on August 10, 2015 as evidenced by United States Postal Form 3811 attached hereto as Exhibit CC.

401.  The Plaintiff's Notice of Error referenced the Defendant's failure to provide information requested in the Request for Information for all the BPO/Appraisal Fees charged to Plaintiff's mortgage loan account.

402.  Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of the Request.  The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded.  As a result, in this case, the written response was due no later than September 22, 2015.

403.  As of the filing of this 3rd Amended Complaint, the Defendant has failed to respond to the Notice of Error.  It has indicated that it will not respond to any Requests for Information or Notices of Error because this matter is in active litigation.

404.   There is no Litigation exemption which allows Wells Fargo not to respond to Requests for Information or Notice of Errors.

405.   The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

406.   As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees for failure to correct the error indicated in this Notice of Error and provide the documents requested in the Request for Information.

407.   The Plaintiff has incurred actual damages, costs and legal fees in regard to this action relating to this Notice of Error:

      a.   She has incurred costs for gasoline to visit her attorney on at least five occasions, driving to her attorney's office for a round trip totaling 8.2 miles.  The IRS standard mileage allowance provides for .56 per mile.

      b.   She has had to use her cell phone to call and receive calls from her attorney. These calls are charged to her pursuant to her cell phone usage and monthly fees.

      c.   She has incurred postage and copying costs in transmitting this Notice of Error.

      d.   She has incurred attorney fees and costs for the prosecution of this action. Her fee agreement with her attorney provides that she will be responsible for legal fees and expenses incurred in regard to this action.  She has agreed to pay legal fees at the rate of $400.00 per hour or out of Court legal work and $450.00 per hour for in Court legal work.

408.   The Plaintiff has demonstrated through the failure of the Defendant to respond to any of the Requests for Information or any of the Notices of Error in this case that the Defendant has exhibited a pattern and practice of failure to respond to RESPA Requests.

409.   The failure of the Defendant to respond to the total number of Requests for Information in this case and to respond to the total number of Notices of Error in this case establish that the pattern and practice of Wells

Fargo is to ignore Regulation X Notices of Error and Requests for Information.

410.   On or about June 3, 2014, the Plaintiff sent a written Request for Information to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

411.   The Request for Information was mailed by certified mail, return receipt requested, having an article number 7014 0510 0000 8337 7925.  The Request was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.36(b).

412.   The Request was received by the Defendant on June 13, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit DD.

413.   The Plaintiff's Request for Information requested records of all the Motion for Relief Cost Fees, charged to Plaintiff's mortgage loan account.

414.   Under 12 CFR Section 1024.36(d)(2)(i)(B), the Defendant had 30 business days to provide the Plaintiff with the information requested.

415.   Since the Request was received on June 13, 2014 the time period for the Defendant to comply expired on July 28, 2014.

416.   On or about August 4, 2015, the Plaintiff sent a written notice of error to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the specific error alleged. This notice was made pursuant to 12 CFR § 1024.35.

417.   The Notice of Error was mailed by certified mail, return receipt requested, having an article number 9414 8102 0088 3729 4365 04.  The Notice was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.35.

418.   The Notice was received by the Defendant on August 10, 2015 as evidenced by United States Postal Form 3811 attached hereto as Exhibit EE.

419.   The Plaintiff's Notice of Error referenced the Defendant's failure to provide information requested in the Request for Information for all records of Escrow Advances charged to the Plaintiff's mortgage loan account.

420.   Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of the Request.  The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded.  As a result, in this case, the written response was due no later than September 22, 2015.

421.   As of the filing of this 3rd Amended Complaint, the Defendant has failed to respond to the Notice of Error.  It has indicated that it will not respond to any Requests for Information or Notices of Error because this matter is in active litigation.

422.   There is no Litigation exemption which allows Wells Fargo not to respond to Requests for Information or Notice of Errors.

423.   The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

424.   As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees for failure to correct the error indicated in this Notice of Error and provide the documents requested in the Request for Information.

425.   The Plaintiff has incurred actual damages, costs and legal fees in regard to this action relating to this Notice of Error:

a.      She has incurred costs for gasoline to visit her attorney on at least five occasions, driving to her attorney's office for a round trip totaling 8.2 miles.  The IRS standard mileage allowance provides for .56 per mile.

b.      She has had to use her cell phone to call and receive calls from her attorney. These calls are charged to her pursuant to her cell phone usage and monthly fees.

c.      She has incurred postage and copying costs in transmitting this Notice of Error.

d. She has incurred attorney fees and costs for the prosecution of this action. Her fee agreement with her attorney provides that she will be responsible for legal fees and expenses incurred in regard to this action. She has agreed to pay legal fees at the rate of $400.00 per hour or out of Court legal work and $450.00 per hour for in Court legal work.

426. The Plaintiff has demonstrated through the failure of the Defendant to respond to any of the Requests for Information or any of the Notices of Error in this case that the Defendant has exhibited a pattern and practice of failure to respond to RESPA Requests.

427. The failure of the Defendant to respond to the total number of Requests for Information in this case and to respond to the total number of Notices of Error in this case establish that the pattern and practice of Wells Fargo is to ignore Regulation X Notices of Error and Requests for Information.

428. On or about September 22, 2014, the Plaintiff sent a written request for information to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

429. The Request for Information was mailed by certified mail, return receipt requested, having an article number 7014 1820 0002 3173 2966. The Request was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.36(b).

430. The Request was received by the Defendant on September 26, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit FF

431. The Plaintiff's Request for Information requested that the Defendant send a Reinstatement Statement pursuant to 12 CFR Section 1026.36 of Regulation Z.

432. Under 12 CFR Section 1026.36, the Defendant had 7 business days to provide the Plaintiff with the information requested.

433. Since the Request was received on September 26, 2014the time period for the Defendant to comply expired on October 7, 2014.

434. As of the filing of this complaint, the Defendant has failed to provide any of the requested information to the Plaintiff.

435. On or about August 7, 2015, the Plaintiff sent a written notice of error to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the specific error alleged. This notice was made pursuant to 12 CFR § 1024.35.

436. The Notice of Error was mailed by certified mail, return receipt requested, having an article number 9414 8102 0083 0810 4846 54. The Notice was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.35.

437. The Notice was received by the Defendant on August 10, 2015 as evidenced by United States Postal Form 3811 attached hereto as Exhibit GG.

438. The Plaintiff's Notice of Error referenced the Defendant's failure to provide information requested in the Request for Information for a Reinstatement Statement.

439. Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of the Request. The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded. As a result, in this case, the written response was due no later than September 22, 2015.

440. As of the filing of this 3rd Amended Complaint, the Defendant has failed to respond to the Notice of Error. It has indicated that it will not respond to any Requests for Information or Notices of Error because this matter is in active litigation.

441. There is no Litigation exemption which allows Wells Fargo not to respond to Requests for Information or Notice of Errors.

442. The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

443. As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees for failure to correct the error indicated in this Notice of Error and provide the documents requested in the Request for Information.

444. The Plaintiff has incurred actual damages, costs and legal fees in regard to this action relating to this Notice of Error:

     a. She has incurred costs for gasoline to visit her attorney on at least five occasions, driving to her attorney's office for a round trip totaling 8.2 miles. The IRS standard mileage allowance provides for .56 per mile.

     b. She has had to use her cell phone to call and receive calls from her attorney. These calls are charged to her pursuant to her cell phone usage and monthly fees.

     c. She has incurred postage and copying costs in transmitting this Notice of Error.

     d. She has incurred attorney fees and costs for the prosecution of this action. Her fee agreement with her attorney provides that she will be responsible for legal fees and expenses incurred in regard to this action. She has agreed to pay legal fees at the rate of $400.00 per hour or out of Court legal work and $450.00 per hour for in Court legal work.

445. The Plaintiff has demonstrated through the failure of the Defendant to respond to any of the Requests for Information or any of the Notices of Error in this case that the Defendant has exhibited a pattern and practice of failure to respond to RESPA Requests.

446. The failure of the Defendant to respond to the total number of Requests for Information in this case and to respond to the total number of Notices of Error in this case establish that the pattern and practice of Wells Fargo is to ignore Regulation X Notices of Error and Requests for Information.

447.   On or about September 22, 2014, the Plaintiff sent a written request for information to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

448.   The Request for Information was mailed by certified mail, return receipt requested, having an article number 7014 1820 0002 3173 2973.  The Request was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.36(b).

449.   The Request was received by the Defendant on September 26, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit HH.

450.   The Plaintiff's Request for Information requested that the Defendant send the Plaintiff a Payoff Balance pursuant to 12 CFR Section 1026.36 of Regulation Z.

451.   Under 12 CFR Section 1026.36, the Defendant had 7 business days to provide the Plaintiff with the information requested.

452.   Since the Request was received on September 26, 2014 the time period for the Defendant to comply expired on October 7, 2014.

453.   As of the filing of this complaint, the Defendant has failed to provide any of the requested information to the Plaintiff.

454.   On or about August 7, 2015, the Plaintiff sent a written notice of error to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the specific error alleged. This notice was made pursuant to 12 CFR § 1024.35.

455.   The Notice of Error was mailed by certified mail, return receipt requested, having an article number 9414 8102 0088 2696 7548 19.  The Notice was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.35.

456.   The Notice was received by the Defendant on August 10, 2015 as evidenced by United States Postal Form 3811 attached hereto as Exhibit II.

457.   The Plaintiff's Notice of Error referenced the Defendant failure to provide information requested in the Request for Information for a Payoff Balance within 7 business days.

458.   Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of the Request.  The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded.  As a result, in this case, the written response was due no later than September 22, 2015.

460.   As of the filing of this 3rd Amended Complaint, the Defendant has failed to respond to the Notice of Error.  It has indicated that it will not respond to any Requests for Information or Notices of Error because this matter is in active litigation.

461.   There is no Litigation exemption which allows Wells Fargo not to respond to Requests for Information or Notice of Errors.

462.   The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

463.   As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees for failure to correct the error indicated in this Notice of Error and provide the documents requested in the Request for Information.

464.   The Plaintiff has incurred actual damages, costs and legal fees in regard to this action relating to this Notice of Error:

       a.      She has incurred costs for gasoline to visit her attorney on at least five occasions, driving to her attorney's office for a round trip totaling 8.2 miles.  The IRS standard mileage allowance provides for .56 per mile.

       b.      She has had to use her cell phone to call and receive calls from her attorney. These calls are charged to her pursuant to her cell phone usage and monthly fees.

c.	She has incurred postage and copying costs in transmitting this Notice of Error.

d.	She has incurred attorney fees and costs for the prosecution of this action. Her fee agreement with her attorney provides that she will be responsible for legal fees and expenses incurred in regard to this action.  She has agreed to pay legal fees at the rate of $400.00 per hour or out of Court legal work and $450.00 per hour for in Court legal work.

465.	The Plaintiff has demonstrated through the failure of the Defendant to respond to any of the Requests for Information or any of the Notices of Error in this case that the Defendant has exhibited a pattern and practice of failure to respond to RESPA Requests.

466.	The failure of the Defendant to respond to  the total number of Requests for Information in this case and to respond to the total number of Notices of Error in this case establish that the pattern and practice of Wells Fargo is to ignore Regulation X Notices of Error and Requests for Information.

467.	On or about September 22, 2014, the Plaintiff sent a written request for information to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

468.	The Request for Information was mailed by certified mail, return receipt requested, having an article number 7014 1820 0002 3173 2980.  The Request was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.36(b).

469.	The Request was received by the Defendant on September 26, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit JJ.

470.	The Plaintiff's Request for Information requested that the Defendant send the Plaintiff an Itemized Payoff Balance pursuant to 12 CFR Section 1026.36 of Regulation Z.

471.	Under 12 CFR Section 1026.36, the Defendant had 7 business days to provide the Plaintiff with the information requested.

472.   Since the Request was received on September 26, 2014 the time period for the Defendant to comply expired on October 7, 2014.

473.   As of the filing of this complaint, the Defendant has failed to provide any of the requested information to the Plaintiff.

474.   On or about August 7, 2015, the Plaintiff sent a written notice of error to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the specific error alleged. This notice was made pursuant to 12 CFR § 1024.35.

475.   The Notice of Error was mailed by certified mail, return receipt requested, having an article number 9414 8102 0079 3657 2685 69.  The Notice was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.35.

476.   The Notice was received by the Defendant on August 10, 2015 as evidenced by United States Postal Form 3811 attached hereto as Exhibit KK.

477.   The Plaintiff's Notice of Error referenced the Defendant's failure to provide information requested in the Request for Information for the Itemized Payoff Statements within 7 business days.

478.   Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of the Request.  The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded.  As a result, in this case, the written response was due no later than September 22, 2015.

479.   As of the filing of this 3rd Amended Complaint, the Defendant has failed to respond to the Notice of Error.  It has indicated that it will not respond to any Requests for Information or Notices of Error because this matter is in active litigation.

480.   There is no Litigation exemption which allows Wells Fargo not to respond to Requests for Information or Notice of Errors.

481. The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

482. As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees for failure to correct the error indicated in this Notice of Error and provide the documents requested in the Request for Information.

483. The Plaintiff has incurred actual damages, costs and legal fees in regard to this action relating to this Notice of Error:

a.     She has incurred costs for gasoline to visit her attorney on at least five occasions, driving to her attorney's office for a round trip totaling 8.2 miles. The IRS standard mileage allowance provides for .56 per mile.

b.     She has had to use her cell phone to call and receive calls from her attorney. These calls are charged to her pursuant to her cell phone usage and monthly fees.

c.     She has incurred postage and copying costs in transmitting this Notice of Error.

d.     She has incurred attorney fees and costs for the prosecution of this action. Her fee agreement with her attorney provides that she will be responsible for legal fees and expenses incurred in regard to this action. She has agreed to pay legal fees at the rate of $400.00 per hour or out of Court legal work and $450.00 per hour for in Court legal work.

484. The Plaintiff has demonstrated through the failure of the Defendant to respond to any of the Requests for Information or any of the Notices of Error in this case that the Defendant has exhibited a pattern and practice of failure to respond to RESPA Requests.

485. The failure of the Defendant to respond to the total number of Requests for Information in this case and to respond to the total number of Notices of Error in this case establish that the pattern and practice of Wells Fargo is to ignore Regulation X Notices of Error and Requests for Information.

486.   On or about July 24, 2014, the Plaintiff sent a written request for information to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

487.   The Request for Information was mailed by certified mail, return receipt requested, having an article number 7014 0150 0002 1568 8211.  The Request was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR Section 1024.36(b).

488.   The Request was received by the Defendant on July 27, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit LL.

489.   The Plaintiff's Request for Information requested the Recordings in the Servicing File for the Plaintiff's mortgage loan account.

490.   Under 12 CFR Section 1024.36(d)(2)(i)(A), the Defendant had 30 business days to provide the Plaintiff with the information requested.

491.   Since the Request was received on July 27, 2014 the time period for the Defendant to comply expired on October 9, 2014.

492.   As of the filing of this complaint, the Defendant has failed to provide any of the requested information to the Plaintiff.

493.   On or about August 5, 2015, the Plaintiff sent a written notice of error to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the specific error alleged. This notice was made pursuant to 12 CFR § 1024.35.

494.   The Notice of Error was mailed by certified mail, return receipt requested, having an article number 9414 8102 0088 1696 4722 97.  The Notice was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.35.

495.   The Notice was received by the Defendant on August 10, 2015 as evidenced by United States Postal Form 3811 attached hereto as Exhibit MM.

496.   The Plaintiff's Notice of Error referenced the Defendant's failure to provide information requested in the Request for Information for the Recordings in the Servicing File for the Plaintiff's mortgage loan account.

497.   Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of the Request.  The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded.  As a result, in this case, the written response was due no later than September 22, 2015.

498.   As of the filing of this 3rd Amended Complaint, the Defendant has failed to respond to the Notice of Error.  It has indicated that it will not respond to any Requests for Information or Notices of Error because this matter is in active litigation.

499.   There is no Litigation exemption which allows Wells Fargo not to respond to Requests for Information or Notice of Errors.

500.   The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

501.   As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees for failure to correct the error indicated in this Notice of Error and provide the documents requested in the Request for Information.

502.   The Plaintiff has incurred actual damages, costs and legal fees in regard to this action relating to this Notice of Error:

    a.      She has incurred costs for gasoline to visit her attorney on at least five occasions, driving to her attorney's office for a round trip totaling 8.2 miles.  The IRS standard mileage allowance provides for .56 per mile.

    b.      She has had to use her cell phone to call and receive calls from her attorney. These calls are charged to her pursuant to her cell phone usage and monthly fees.

c.    She has incurred postage and copying costs in transmitting this Notice of Error.

d.    She has incurred attorney fees and costs for the prosecution of this action. Her fee agreement with her attorney provides that she will be responsible for legal fees and expenses incurred in regard to this action.  She has agreed to pay legal fees at the rate of $400.00 per hour or out of Court legal work and $450.00 per hour for in Court legal work.

503.   The Plaintiff has demonstrated through the failure of the Defendant to respond to any of the Requests for Information or any of the Notices of Error in this case that the Defendant has exhibited a pattern and practice of failure to respond to RESPA Requests.

504.   The failure of the Defendant to respond to  the total number of Requests for Information in this case and to respond to the total number of Notices of Error in this case establish that the pattern and practice of Wells Fargo is to ignore Regulation X Notices of Error and Requests for Information.

505.   On or about September 22, 2014, the Plaintiff sent a written request for information to the Defendant that included Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

506.   The Request for Information was mailed by certified mail, return receipt requested, having an article number 7014 1820 0002 3173 3017.  The Request was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR Section 1024.36(b).

507.   The Request was received by the Defendant on September 26, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit NN.

508.   The Plaintiff's Request for Information requested the Servicing File for the Plaintiff's mortgage loan account.

509.   Under 12 CFR Section 1024.36(d)(2)(i)(A), the Defendant had 30 business days to provide the Plaintiff with the information requested.

510.   Since the Request was received on September 26, 2014 the time period for the Defendant to comply expired on November 10, 2014.

511.   As of the filing of this complaint, the Defendant has failed to provide any of the requested information to the Plaintiff.

512.   On or about August 7, 2015, the Plaintiff sent a written notice of error to the Defendant that included Defendant that included the name of the borrower, the identity of the account, the property description and stated the specific error alleged. This notice was made pursuant to 12 CFR § 1024.35.

513.   The Notice of Error was mailed by certified mail, return receipt requested, having an article number 9414 8102 0088 3731 0075 87.  The Notice was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.35.

514.   The Notice was received by the Defendant on August 10, 2015 as evidenced by United States Postal Form 3811 attached hereto as Exhibit OO.

515.   The Plaintiff's Notice of Error referenced the Defendant's failure to provide information requested in the Request for Information for the Servicing File for the Plaintiff's mortgage loan account.

516.   Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of the Request.  The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded.  As a result, in this case, the written response was due no later than September 22, 2015.

517.   As of the filing of this 3rd Amended Complaint, the Defendant has failed to respond to the Notice of Error.  It has indicated that it will not respond to any Requests for Information or Notices of Error because this matter is in active litigation.

518.   There is no Litigation exemption which allows Wells Fargo not to respond to Requests for Information or Notice of Errors.

519.  The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

520.  As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees for failure to correct the error indicated in this Notice of Error and provide the documents requested in the Request for Information.

521.  The Plaintiff has incurred actual damages, costs and legal fees in regard to this action relating to this Notice of Error:

a.      She has incurred costs for gasoline to visit her attorney on at least five occasions, driving to her attorney's office for a round trip totaling 8.2 miles.  The IRS standard mileage allowance provides for .56 per mile.

b.      She has had to use her cell phone to call and receive calls from her attorney. These calls are charged to her pursuant to her cell phone usage and monthly fees.

c.      She has incurred postage and copying costs in transmitting this Notice of Error.

d.      She has incurred attorney fees and costs for the prosecution of this action. Her fee agreement with her attorney provides that she will be responsible for legal fees and expenses incurred in regard to this action.  She has agreed to pay legal fees at the rate of $400.00 per hour or out of Court legal work and $450.00 per hour for in Court legal work.

522.  The Plaintiff has demonstrated through the failure of the Defendant to respond to any of the Requests for Information or any of the Notices of Error in this case that the Defendant has exhibited a pattern and practice of failure to respond to RESPA Requests.

523.  The failure of the Defendant to respond to  the total number of Requests for Information in this case and to respond to the total number of Notices of Error in this case establish that the pattern and practice of Wells Fargo is to ignore Regulation X Notices of Error and Requests for Information.

524.   On or about June 3, 2014, the Plaintiff sent a written request for information to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the information requested. This request was made pursuant to 12 CFR § 1024.36(a).

525.   The Request for Information was mailed by certified mail, return receipt requested, having an article number 7014 0510 0000 8337 7918.  The Request was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR Section 1024.36(b).

526.   The Request was received by the Defendant on June 13, 2014 as evidenced by United States Postal Form 3811 attached hereto as Exhibit PP.

527.   The Plaintiff's Request for Information requested the Sale Publication Fee for the Plaintiff's mortgage loan account.

528.   Under 12 CFR Section 1024.36(d)(2)(i)(A), the Defendant had 30 business days to provide the Plaintiff with the information requested.

530.   Since the Request was received on June 13, 2014 the time period for the Defendant to comply expired on July 28, 2014.

531.   As of the filing of this complaint, the Defendant has failed to provide any of the requested information to the Plaintiff.

532.   On or about August 4, 2015, the Plaintiff sent a written notice of error to the Defendant that included the name of the borrower, the identity of the account, the property description and stated the specific error alleged. This notice was made pursuant to 12 CFR § 1024.35.

533.   The Notice of Error was mailed by certified mail, return receipt requested, having an article number 9414 8102 0088 2695 2551 64.  The Notice was mailed to the address noticed by the Defendant on its website as the designated address for requesting such information as provided for by 12 CFR § 1024.35.

534.   The Notice was received by the Defendant on August 11, 2015 as evidenced by United States Postal Form 3811 attached hereto as Exhibit QQ.

535.   The Plaintiff's Notice of Error referenced the Defendant's failure to provide information requested in the Request for Information for the Sale Publication Fee for the Plaintiff's mortgage loan account.

536.   Under 12 CFR 1024.35 the Notice of Error had to be responded to by the Defendant within thirty (30) business days of the date of the receipt of the Request.  The Regulations provide that in computing this time period public holidays, Saturdays and Sundays are excluded.  As a result, in this case, the written response was due no later than September 23, 2015.

537.   As of the filing of this 3rd Amended Complaint, the Defendant has failed to respond to the Notice of Error.  It has indicated that it will not respond to any Requests for Information or Notices of Error because this matter is in active litigation.

538.   There is no Litigation exemption which allows Wells Fargo no to respond to Requests for Information or Notice of Errors.

539.   The Defendant in this case has exhibited a pattern and practice of failing to comply with the Regulations as it failed to comply with Requests for Information as indicated in this complaint.

540.   As a result of this lack of compliance by the Defendant, Wells Fargo is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees for failure to correct the error indicated in this Notice of Error and provide the documents requested in the Request for Information.

541.   The Plaintiff has incurred actual damages, costs and legal fees in regard to this action relating to this Notice of Error:

    a.       She has incurred costs for gasoline to visit her attorney on at least five occasions, driving to her attorney's office for a round trip totaling 8.2 miles.  The IRS standard mileage allowance provides for .56 per mile.

    b.       She has had to use her cell phone to call and receive calls from her attorney. These calls are charged to her pursuant to her cell phone usage and monthly fees.

    c.       She has incurred postage and copying costs in transmitting this Notice of Error.

d. She has incurred attorney fees and costs for the prosecution of this action. Her fee agreement with her attorney provides that she will be responsible for legal fees and expenses incurred in regard to this action. She has agreed to pay legal fees at the rate of $400.00 per hour or out of Court legal work and $450.00 per hour for in Court legal work.

542. The Plaintiff has demonstrated through the failure of the Defendant to respond to any of the Requests for Information or any of the Notices of Error in this case that the Defendant has exhibited a pattern and practice of failure to respond to RESPA Requests.

543. The failure of the Defendant to respond to the total number of Requests for Information in this case and to respond to the total number of Notices of Error in this case establish that the pattern and practice of Wells Fargo is to ignore Regulation X Notices of Error and Requests for Information.

WHEREFORE, Plaintiff demands judgment for actual damages plus

statutory damages of $2,000.00 per violation for each of the enumerated

regulation X and Regulation Z violations, plus attorney fees and costs.


ERNESTINA GARCIA
By her Attorney

October 26, 2015

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, RI 02920
(401) 943-9230
jbelaw@aol.com


## COUNT XI

**DECLARATORY JUDICIARY THAT THE PURPOSED FORCLOSURE DEED DID NOT CONVEY TITLE TO THE PLAINTIFF'S PROPERTY TO ANY ENTITY**

544.   Paragraphs 1-543 are incorporated by reference.

545.   On or about March 17, 2015, Defendant, Wells Fargo recorded a purported foreclosure deed which sought to convey Plaintiff's property to the non-existent trust, HSBC Bank USA, N.A. as Trustee for the non-existent trust, 2006-HE1 Certificates.

546.   This foreclosure deed was purportedly executed on January 10, 2014 by Wells Fargo as a purported attorney in fact for 2006-HE1 Certificates.

547.    A conveyance of an interest in property can be validly conveyed pursuant to a power of attorney only if there is compliance  with the provisions of R.I.G.L. § 34-11-34**.**

548.   This section of the Rhode Island General Laws provides:

> **R.I.G.L. § 34-11-34 Conveyances executed by attorney – Recording of power. –** Any conveyance executed by attorney shall be as valid as if executed by the grantor himself, providing that a power of attorney be given by such grantor for this purpose; which power and the deed executed by the attorney thereunder shall be signed, acknowledged, delivered and recorded with like formalities prescribed by law concerning deeds from grantors in person.

549.   A foreclosure deed pursuant to Rhode Island is an interest in property. Thus the foreclosure deed is a conveyance of land, which requires compliance with the statute of frauds and R.I.G.L. § 34-11-34.

550.   HSBC Bank U.S.A., National Association has never been the trustee for the non-existence entity named Home Equity Loan Trust Series ACE 2006-HE1 and has never granted Wells Fargo a power of attorney to act on behalf of this non-existent entity.

551.   Pursuant to Rhode Island law, a valid conveyance by a foreclosure requires conveyance of an interest in property by the grantor to the grantee,

delivery by the grantor to the grantee of the interest in property and acceptance of the grantee of the interest in property conveyed to it.

552. Wells Fargo on behalf or 2006-HE1 Certificates could not convey any interest in the property to 2006-HE1 Certificates did not exist and thus did not own an interest in any property to convey to 2006-HE1 Certificates.

553. 2006-HE1 Certificates could not deliver any interest in the property to 2006-HE1 Certificates because neither ACE 2006-HE1 nor 2006-HE1 Certificates existed on January 18, 2013 or at any time.

554. The alleged conveyance was also void because 2006-HE1 Certificates could not accept delivery of the foreclosure, because it did not exist at any time.

555. The alleged conveyance has never been ratified and could not be ratified by 2006-HE1 Certificates because it did not exist. As a result the foreclosure deed was void because the grantee did not exist.

556. Pursuant to R.I.G.L. 34-27-3.1 a foreclosure deed must include in the foreclosure deed an affidavit of compliance with R.I.G.L. 34-27-3.1.

557. The foreclosure deed was dated January 10, 2014. However the alleged affidavit of sale was dated May 7, 2014. The alleged affidavit of compliance was dated May 14, 2014. The foreclosure deed which was dated January 10, 2014 could not incorporate by reference documents which were not executed on or before that date. It could only incorporate by reference documents executed prior to January 10, 2014.

558. Such foreclosure deed was not in compliance with R.I.G.L. 34-27-3.1.

559. As a result the alleged foreclosure deed is void and has never conveyed the Plaintiff's property to the non-existent 2006-HE1 Certificates.

WHEREFORE, Plaintiff demands that this Court:

    a.    Declare that the purported foreclosure deed is void.

    b.    Declare that the purported grantee in the purported foreclosure deed does not exist.

    c.     Declare that Wells Fargo did not receive a Power of Attorney from HSBC Bank, N.A. as Trustee for the non-existent 2006-HE1 Certificates.

    d.     Grant the Plaintiff's counsel fees and costs for all prosecution of these claims.

    e.     Grant all other just and proper relief

ERNESTINA GARCIA
By her Attorney

October 26, 2015

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, RI 02920
(401) 943-9230
jbelaw@aol.com


## COUNT XII

### INJUNCTIVE RELIEF

560.   Paragraphs 1- 559 are incorporated by reference.

561.   The Plaintiff requires a Mandatory Injunction and Preliminary Injunction against all Defendants prohibiting them from commencing or continue an illegal foreclosure action of 2006-HE1 Certificates and from recording a foreclosure deed without authority to take said action.

562.   Plaintiff operates a day care business, licensed by the State of Rhode Island, at her home.  If Wells Fargo records a foreclosure deed and asserts

ownership of the property, this will have adverse action on her license to operate the business.

563.   2006-HE1 Certificates, which does not exist, had no interest in the mortgage, or note, and thus had no standing to foreclose upon the Plaintiff's mortgage.

564.   Plaintiff has a substantial likelihood of success in the pending action, would otherwise suffer irreparable harm and can claim the greater hardship in the absence of an order, which will not disserve the public interest if imposed.

565.   The failure of Wells Fargo to comply with paragraph 22 of the mortgage and to commence the alleged foreclosure proceedings, without having the contractual ability to do so, demonstrates that the Plaintiff has a substantial likelihood of success.

566.   The failure of Wells Fargo to comply with R.I.G.L § 34-27-3.1 and to commence the alleged foreclosure proceedings, without having the statutory ability to do so, demonstrates that the Plaintiff has a substantial likelihood of success.

567.   The failure of Wells Fargo to comply with R.I.G.L § 34-11-22 and to schedule a postponed foreclosure sale on September 13, 2013 without advertising the adjournment, demonstrates that the Plaintiff has a substantial likelihood of success.

568.   The void nature of the alleged assignments and foreclosure deed demonstrates that the Plaintiff has a substantial likelihood of success.

569.   The recording of a foreclosure deed following a defective foreclosure of the Plaintiff's property by a party not entitled to foreclose on the property will cause the Plaintiff irreparable harm, which hardship is greater than any hardship, which may be claimed by Defendants. Such relief sought by Plaintiff will not disserve the public interest if imposed.

570.   Plaintiff has incurred legal fees for the prosecution of this action

WHERFORE, Plaintiff demands that this Court:

a.     Preliminarily and permanently restrain and enjoin Wells Fargo and 2006-HE1 Certificates from commencing any further foreclosure actions, executing or recording any additional foreclosure deed, and seeking to evict the Plaintiff from her property.

b.     Grant the Plaintiff legal fees for the prosecution of this claim.

c.     Grant all other just and proper relief.

ERNESTINA GARCIA
By her Attorney

October 26, 2015

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, RI 02920
(401) 943-9230
jbelaw@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that I forwarded a copy of the above Third Amended

Complaint to the following electronically or by regular mail, postage

prepaid on this 26th day of October, 2015:


Jeremy R. Bombard, Esq.
Lauren J. Regis, Esq.
Seyfarth Shaw, LLP
World Trade Center East
Two Seaport Lane
Suite 300
Boston, MA 02210-4800


/s/John B. Ennis
JOHN B. ENNIS, ESQ