UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ERNESTINA GARCIA,<br><br>      Plaintiff,<br><br>v.<br><br>HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR HOME EQUITY LOAN TRUST SERIES ACE 2006-HE1, ALIAS, HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR ACE SECURITIES CORP. HOME EQUITY LOAN TRUST, SERIES 2006-HE1, ASSET BACKED PASS-THROUGH CERTIFICATES, ALIAS WELLS FARGO BANK, N.A. ALIAS AND JOHN DOE<br><br>      Defendants. | Civil Action No. 1:13-cv-00617-M-LDA |

## DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendants, HSBC Bank, USA, National Association as Trustee for ACE Securities Corp. Home Equity Loan Trust, Series 2006-HE1, Asset Backed Pass-Through Certificates ("HSBC") (incorrectly identified by Plaintiff as HSBC Bank USA, National Association, as trustee for Home Equity Loan Trust Series ACE 2006-HE1, Asset Backed Pass-Through Certificates) and Wells Fargo Bank, N.A. ("Wells Fargo") (collectively "Defendants") hereby answer Plaintiff Ernestina Garcia's Third Amended Complaint ("Complaint") as follows:

### Preliminary Statement

To the extent titles and headings inserted by Plaintiff at various points in the Complaint are intended to make or imply claims or allegations against either or both Defendants, they are denied.

1.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint.

2.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint.

3.      Defendants admit the allegations set forth in Paragraph 3 of the Complaint that Fremont Investment & Loan was the originator of Plaintiff's loan, and denies the remaining allegations set forth in this paragraph.  Further answering, Defendants state that on November 10, 2005 Plaintiff executed an Adjustable Rate Note ("Note") in which she promised to pay $262,000.00 Principal plus interest, to the order of the  Lender, Fremont Investment & Loan and its Successors and/or Assigns, secured by a Mortgage that Plaintiff executed that same date, in which she secured to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under the Mortgage and Note, and in which she mortgaged, granted and conveyed to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with Mortgage Covenants upon the Statutory Condition and with the Statutory Power of Sale, the property that is the subject of Plaintiff's lawsuit (the "Property"), located at 44 Union Avenue, Providence, Rhode Island, 02909, which Mortgage was recorded on November 17, 2005, at Book 7699, Page 22 in the Land Evidence Records of the City of Providence. Except as expressly so admitted, the allegations set forth in this paragraph are denied.

4.      Defendants admit the allegations set forth in Paragraph 4 of the Complaint that Wells Fargo Bank, N.A. ("Wells Fargo") is a National Bank that services mortgage loans in the State of Rhode Island, and denies the remaining allegations set forth in this paragraph.  Further answering, Wells Fargo states that it is a National Association federally chartered with the Office

of the Comptroller of Currency of the United States Department of the Treasury, with its main office, as set forth in its articles of association, located in Sioux Falls, South Dakota.  Wells Fargo further states that Wells Fargo Home Mortgage is a division of Wells Fargo and states that America's Servicing Company ("ASC") is a division of Wells Fargo that services loans for other investors under the ASC name.  Except as expressly so admitted, the allegations set forth in this paragraph are denied.

5.      Defendants deny the allegations set forth in Paragraph 5 of the Complaint. Further answering, Defendants state that HSBC owns Plaintiff's Mortgage, Note, and former Property.  Except as expressly so admitted, the allegations set forth in this paragraph are denied.

6.      Defendants deny the allegations set forth in Paragraph 6 of the Complaint. Further answering, Defendants state that on December 17, 2007, MERS assigned Plaintiff's Note and Mortgage to HSBC Bank U.S.A., National Association, as Trustee for Home Equity Loan Trust Series ACE 2006-HE1 by way of an Assignment of Mortgage recorded in the Land Evidence Records of the City of Providence on December 27, 2007 at Book 8960, Page 218. Except as expressly so admitted, the allegations set forth in this paragraph are denied.

7.      Defendants deny the allegations set forth in Paragraph 7 of the Complaint. Further answering, Defendants state that on or about January 18, 2013, HSBC Bank U.S.A., National Association, as Trustee for Home Equity Loan Trust Series ACE 2006-HE1, by Wells Fargo Bank, N.A., as their attorney-in-fact, assigned Plaintiff's Note and Mortgage to HSBC Bank U.S.A., National Association, as Trustee for ACE Securities Corp. Home Equity Loan Trust, Series 2006-HE1 Asset Backed Pass-Through Certificates by way of a Corporate Assignment of Mortgage recorded in the Land Evidence Records of the City of Providence on

January 25, 2013 at Book 10486, Page 129. Except as expressly so admitted, the allegations set forth in this paragraph are denied.

8.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint.

9.      The allegations set forth in Paragraph 9 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

10.     The allegations set forth in Paragraph 10 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

11.     The allegations set forth in Paragraph 11 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

12.     Defendants admit the allegations set forth in Paragraph 12 of the Complaint. Further answering, Defendants state that Plaintiff Ernestina Garcia executed the Mortgage, which was granted to MERS, (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, to secure that certain property located in Providence County, Rhode Island, Parcel ID Number 42-74, which has the address of 44 Union Avenue, Providence, Rhode Island 02909, as more particularly described in the Mortgage. The Mortgage was recorded in the Land Evidence Records of the City of Providence on November 17, 2005, at Book 7699, Page 45. Except as expressly so admitted, the allegations set forth in this paragraph are denied.

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint.  Further answering, Defendants state that to the extent this paragraph makes allegations as to the content of written documents, those documents speak for themselves and no response is required.  Except as expressly so admitted, the allegations set forth in this paragraph are denied.

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint.

## COUNT I

### (Complaint for Declaratory Judgment that 2006-HE1 Certificates and Ace 2006 HE1 Have Never Existed With the Result that the Two Alleged Assignments of Mortgage to and From Each Non-Existent Entry [sic] Were Void)

19.     Defendants repeat and reincorporate their responses to Paragraphs 1-18 of the Complaint as if fully set forth herein and makes that their response to Paragraph 19 of the Complaint.

20.     Defendants deny the allegations set forth in Paragraph 20 of the Complaint.

21.     Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations set forth in Paragraph 22 of the Complaint.

23.     The allegations set forth in Paragraph 23 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

24.     Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

26.     Defendants deny the allegations set forth in Paragraph 26 of the Complaint.

27.     Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations set forth in Paragraph 28 of the Complaint. Further answering, Defendants state that on or about January 17, 2013, HSBC Bank U.S.A., as trustee for Home Equity Loan Trust Series ACE 2006-HE1, by its attorney-in-fact Wells Fargo Bank, N.A., executed a Corporate Assignment of Mortgage that conveyed Plaintiff's Mortgage from HSBC Bank U.S.A., National Association as trustee for Home Equity Loan Trust Series ACE 2006-HE1 to HSBC Bank U.S.A., National Association as Trustee for Ace Securities Corp. Home Equity Loan Trust, Series 2006-HE1 Asset Backed Pass-Through Certificates.  The Corporate Assignment of Mortgage was recorded on January 25, 2013, at Book 10486, Page 129 in the Land Evidence records of the City of Providence.  Except as expressly so admitted, the allegations set forth in this paragraph are denied.

29.     The allegations set forth in Paragraph 29 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

30.     Defendants deny the allegations set forth in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations set forth in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations set forth in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

34.     Defendants deny the allegations set forth in Paragraph 34 of the Complaint.

35.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint.

36.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint.

37.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Complaint.  Further answering, Defendants deny that Plaintiff is entitled to recover legal fees and costs for the prosecution of this action.  Except as expressly so admitted, the allegations set forth in this paragraph are denied.


WHEREFORE, Defendants deny that Plaintiff is entitled to any relief whatsoever.


## COUNT II

**(Complaint for Declaratory Judgment That There was No Power of Attorney Executed by HSBC Bank USA, National Association As Trustee for ACE 2006-HE1 to Wells Fargo Which Authorized an Assignment of the Plaintiff's Mortgage to 2006-HE1 Certificates)**

38.     Defendants repeat and reincorporate their responses to Paragraphs 1-37 of the Complaint as if fully set forth herein and make that their response to Paragraph 38 of the Complaint.

39.     The allegations set forth in Paragraph 39 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

40.     The allegations set forth in Paragraph 40 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

41.     The allegations set forth in Paragraph 41 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

42.     Defendants deny the allegations set forth in paragraph 42 of the Complaint.

43.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint.  Further answering, Defendants state that they deny that a power of attorney must be recorded in order to be valid under Rhode Island law.  Except as expressly so admitted, the allegations set forth in this paragraph are denied.

44.     Defendants deny the allegations set forth in paragraph 44 of the Complaint.


WHEREFORE, Defendants deny that Plaintiff is entitled to any relief whatsoever.

## COUNT III

**(Declaratory Judgment that Defendant Failed to Comply with Paragraph 22 of the Mortgage, Which Was a Condition Precedent to Any Acceleration and to Any Alleged Foreclosure Sale)**

45.     Defendants repeat and reincorporate their responses to Paragraphs 1-44 of the Complaint as if fully set forth herein and make that their response to Paragraph 45 of the Complaint.

46.     Defendants admit the allegations set forth in Paragraph 46 of the Complaint.

47.     Paragraph 47 of the Complaint makes allegations as to the content of a written document, which speaks for itself.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

48.     Paragraph 48 of the Complaint makes allegations as to the content of a written document, which speaks for itself.  To the extent a response is required, Defendants deny that the "Lender" failed to comply with the terms of the Mortgage.

49.     Defendants deny the allegations set forth in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations set forth in Paragraph 50 of the Complaint.

51.     Paragraph 51 of the Complaint purports to quote Paragraph 22 of the Mortgage, which speaks for itself.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

52.     Paragraph 52 of the Complaint makes allegations as to the content of a written document, which  speaks for itself.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

53.     Paragraph 53 of the Complaint makes allegations as to the content of a written document, which speaks for itself.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

54.     Paragraph 54 of the Complaint purports to quote from and make allegations as to the content of a letter dated February 5, 2013, which speaks for itself.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

55.     Paragraph 55 of the Complaint purports to quote from and make allegations as to the content of a letter dated February 5, 2013, which speaks for itself.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

56.     Paragraph 56 of the Complaint makes allegations as to the content of a written document, which speaks for itself.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

57.     The allegations set forth in Paragraph 57 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

58.     Defendants deny the allegations set forth in Paragraph 58 of the Complaint.

59.     Paragraph 59 of the Complaint makes allegations as to the content of a written document, which speaks for itself.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

60.     Defendants deny the allegations set forth in Paragraph 60 of the Complaint.

61.     Defendants deny the allegations set forth in Paragraph 61 of the Complaint.

62.     Defendants deny the allegations set forth in Paragraph 62 of the Complaint.

63.     Defendants deny the allegations set forth in Paragraph 63 of the Complaint.

64.     Defendants deny the allegations set forth in Paragraph 64 of the Complaint.

65.     The allegations set forth in Paragraph 65 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief whatsoever.

## COUNT IV

**(Complaint for Declaratory Judgment That Any Alleged Foreclosure Sale was Void Due to Non-Compliance with R.I.G.L. §  34-27-3.1)**

66.     Defendants repeat and reincorporate their responses to Paragraphs 1-65 of the Complaint as if fully set forth herein and make that their response to Paragraph 66 of the Complaint.

67.     Paragraph 67 of the Complaint purports to quote R.I.G.L. § 34-4-27-3.1, which speaks for itself.

68.     The allegations set forth in Paragraph 68 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

69.     The allegations set forth in Paragraph 69 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in this paragraph.

70.     Defendants admit the allegations set forth in Paragraph 70 of the Complaint that ASC (which is a division of Wells Fargo Bank, N.A.), sent a notice to Plaintiff on or about

February 5, 2013 notifying her of her rights under R.I.G.L. § 34-37-3.1, which speaks for itself. Defendants deny the remaining allegations set forth in this paragraph.

71.     Defendants admit the allegations set forth in Paragraph 71 of the Complaint that ASC (which is a division of Wells Fargo Bank, N.A.), sent a notice to Plaintiff on or about February 5, 2013, which speaks for itself.  Defendants deny the remaining allegations set forth in this paragraph.

72.     Paragraph 72 of the Complaint sets forth allegations as to the contents of written documents, which speak for themselves.  To the extent a response is required, Defendants admit the allegations set forth in this paragraph that the February 5, 2013 notice was sent at least 45 days before the April 2, 2013 letter from Harmon Law Offices, P.C., which initiated a foreclosure sale of Plaintiff's real estate pursuant to R.I.G.L. § 34-27-4(b).  Defendants deny the remaining allegations set forth in this paragraph.

73.     Defendants are unable to admit or deny the allegations set forth in Paragraph 73 because the allegations' reference to "this letter" is ambiguous and the Defendants do not know to which correspondence it refers.  To the extent Defendants are able to respond, Defendants deny the allegations set forth in this paragraph.

74.     Defendants are unable to admit or deny the allegations set forth in Paragraph 74 because the allegations' reference to "this letter" is ambiguous and the Defendants do not know to which correspondence it refers.  To the extent Defendants are able to respond, Defendants deny the allegations set forth in this paragraph.

75.     Paragraph 75 of the Complaint sets forth allegations as to the contents of written documents, which speak for themselves.  To the extent a response is required, Defendants admit the allegations set forth in this paragraph that a copy of an advertisement of a foreclosure sale

was appended to the April 2, 2013 letter, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph.  Except as expressly so admitted, the allegations set forth in this paragraph are denied.

76.     Defendants are unable to admit or deny the allegations set forth in Paragraph 76 because this paragraph does not form a complete sentence and is nonsensical.  To the extent Defendants are able to respond, Defendants admit the allegations set forth in this paragraph that the April 2, 2013 letter, which speaks for itself, indicated that a foreclosure sale had been scheduled for May 24, 2013.  Except as expressly so admitted, the allegations set forth in this paragraph are denied.

77.     Defendants deny the allegations set forth in Paragraph 77 of the Complaint.

78.     Defendants admit the allegations set forth in Paragraph 78 of the Complaint.

79.     Paragraph 79 of the Complaint sets forth allegations as to the contents of written documents, which speak for themselves.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

80.     The allegations set forth in Paragraph 80 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

81.     Paragraph 81 of the Complaint makes allegations as to the content of written documents, which speak for themselves.  To the extent a response is required, Defendants admit that a copy of an advertisement of a foreclosure sale scheduled for July 10, 2013 was appended to the May 17, 2013 letter, and lack knowledge or information sufficient to form a belief as to the truth of the allegation that the Property was Plaintiff's home.  Except as expressly so admitted, the allegations set forth in this paragraph are denied.

82.     Defendants deny the allegations set forth in Paragraph 82 of the Complaint. Further answering, Defendants state that advertising for a July 10, 2013 scheduled foreclosure sale date was published  in the Providence Journal by Harmon Law Offices, P.C. on behalf of Wells Fargo on June 19, 2013, June 26, 2013 and July 3, 2013, and that the foreclosure sale did not occur on July 10, 2013.  Except as expressly so admitted, the allegations set forth in this paragraph are denied.

83.     Paragraph 83 of the Complaint makes allegations as to the content of a written document, which speaks for itself.  The allegations set forth in this paragraph also call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph..

84.     Paragraph 84 of the Complaint makes allegations as to the content of a written document, which speaks for itself.  Defendants deny the remaining allegations set forth in this paragraph.

85.     The allegations set forth in Paragraph 85 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

86.      Defendants deny the allegations set forth in Paragraph 86 of the Complaint. Further answering, Defendants state that advertising for the foreclosure sale scheduled for September 4, 2013 was published in the Providence Journal on August 14, 2013, August 21, 2013, and August 28, 2013.   Except as expressly so admitted, the allegations set forth in this paragraph are denied.

87.     The allegations set forth in Paragraph 87 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

88.     Defendants deny the allegations set forth in Paragraph 88 of the Complaint. Further answering, Defendants state that HSBC foreclosed the Mortgage on or about September 13, 2013.    Except as expressly so admitted, the allegations set forth in this paragraph are denied.


WHEREFORE, Defendants deny that Plaintiff is entitled to any relief whatsoever


## COUNT VII[1]

### (Declaratory Judgment that the Alleged Foreclosure Was Not Advertised Pursuant to the Provisions of R.I.G.L. § 34-11-22)

89.     Defendants repeat and reincorporate their responses to Paragraphs 1-88 of the Complaint as if fully set forth herein and make that their response to Paragraph 89 of the Complaint.

90.     Defendants deny the allegation set forth in Paragraph 90 of the Complaint. Further answering, Defendants state that a foreclosure sale of the Property did not occur on September 4, 2013.    Except as expressly so admitted, the allegations set forth in this paragraph are denied.

91.     The allegations set forth in Paragraph 91 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

---

[1] The Complaint does not contain a Count V or a Count VI.

92.     Defendants deny the allegation set forth in Paragraph 92 of the Complaint.

Further answering, Defendants state that the foreclosure sale did not occur on September 11,

2013.   Except as expressly so admitted, the allegations set forth in this paragraph are denied.

93.     Defendants lack knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in Paragraph 93 of the Complaint that Plaintiff and the paralegal

for her attorney were present at the September 13, 2013 foreclosure auction.  Defendants deny

the remaining allegations set forth in this paragraph.

94.     Defendants deny the allegations set forth in Paragraph 94 of the Complaint.


WHEREFORE, Defendants deny that Plaintiff is entitled to any relief whatsoever


## <u>COUNT VIII</u>

**(Complaint for Damages for Violations of the Truth in Lending Act by Defendant's [<u>sic</u>] Failure to Identify the Owner of the Note and the Mortgage and the Master Servicer for the Note and the Mortgage)**

95.     Defendants repeat and reincorporate their responses to Paragraphs 1-94 of the

Complaint as if fully set forth herein and make that their response to Paragraph 95 of the

Complaint.

96.     The allegations set forth in Paragraph 96 of the Complaint contain a

characterization of Plaintiff's allegations to which no response is required.  To the extent a

response is required, Defendants deny the allegations set forth in this paragraph.

97.     The allegations set forth in Paragraph 97 of the Complaint contain a

characterization of Plaintiff's allegations to which no response is required.  To the extent a

response is required, Defendants deny the allegations set forth in this paragraph.

98.     The allegations set forth in Paragraph 98 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

99.     Defendants admit the allegations set forth in Paragraph 99 of the Complaint that Wells Fargo is a National Bank that services residential mortgage loans, and that Wells Fargo (d/b/a ASC) is the servicer of the Mortgage which is the subject of Plaintiff's Complaint. Defendants deny the remaining allegations set forth in this paragraph.  Further answering, Wells Fargo states that it is a National Association federally chartered with the Office of the Comptroller of Currency of the United States Department of the Treasury, with its main office, as set forth in its articles of association, located in Sioux Falls, South Dakota.   Except as expressly so admitted, the allegations set forth in this paragraph are denied.

100.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 100 of the Complaint.  To the extent Defendants are able to respond, Defendants state that HSBC owns Plaintiff's Mortgage and Note.  Except as expressly so admitted, the allegations set forth in this paragraph are denied.

101.    Defendants admit the allegations set forth in Paragraph 101 of the Complaint that Fremont gave a mortgage loan to Plaintiff on November 10, 2005.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in this paragraph that Fremont "gave a mortgage loan for the purpose of refinancing the Plaintiff's residence at 44 Union Avenue, Providence, Rhode Island."

102.    Defendants deny the allegations set forth in Paragraph 102 of the Complaint. Further answering, Defendants state that the Note, which speaks for itself, was payable to

"Fremont Investment & Loan its successors and/or assigns."  Except as expressly so admitted, the allegations set forth in this paragraph are denied.

103.    Defendants admit the allegations set forth in Paragraph 103 of the Complaint that the Note was secured by a Mortgage on the Property dated November 10, 2005 and recorded in the land evidence records of the City of Providence in Book 7699, Page 22.  Defendants deny the remaining allegations set forth in this paragraph.  Further answering, Defendants state that the Mortgage named "Fremont Investment & Loan its successors and/or assigns" as the Lender and "mortgage[d], grant[ed] and convey[ed] to MERS, (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with Mortgage Covenants upon the Statutory Condition and with the Statutory Power of Sale, the . . . property located in the County of Providence" at 44 Union Avenue, Providence, RI 02909.  Except as expressly so admitted, the allegations set forth in this paragraph are denied.

104.    The allegations set forth in Paragraph 104 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

105.    Paragraph 105 of the Complaint makes allegations as to the content of a written document, which speaks for itself.  Defendants deny that the letter constituted a request pursuant to the Truth in Lending Act ("TILA").  Defendants deny that they had any obligation under TILA, or had any other legal requirement, to respond to it.

106.    Defendants are unable to admit or deny the allegations set forth in Paragraph 106 of the Complaint because defendants do not know whether Paragraph 106 refers to the letter dated June 9, 2014 referenced in Paragraph 105 or whether Paragraph 106 refers to the letter

dated June 3, 2014 attached to the Complaint as Exhibit A.  Further answering, Defendants state that this paragraph makes allegations as to the content of written documents, which speak for themselves.  Except as expressly so admitted, the allegations set forth in this paragraph are denied.

107.    Defendants are unable to admit or deny the allegations set forth in Paragraph 107 of the Complaint because they do not know whether the allegations refer to the letter dated June 9, 2014 referred to in Paragraph 105 of the Complaint or to the letter dated June 3, 2014 referred to in Paragraph 106 of the Complaint and attached to the Complaint as Exhibit A.  Further answering, Defendants deny that 15 U.S.C. § 1641(f) required Wells Fargo to respond to either letter, and deny that they violated 15 U.S.C. § 1641(f).  Except as expressly so admitted, the allegations set forth in this paragraph are denied.

108.    Defendants deny the allegations set forth in Paragraph 108 of the Complaint.

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief whatsoever

## COUNT IX

**(Complaint for Damages for Violations of the Truth In Lending Act by Defendant's Failure to Send the Plaintiff a Monthly Mortgage Statement Each Month Pursuant to the Provisions of 12 C.F.R. [§]  1026.41 and 15 U.S.C. [§] 1638)**

109.    Defendants repeat and reincorporate their responses to Paragraphs 1-109 of the Complaint as if fully set forth herein and that that their response to Paragraph 110 of the Complaint.

110.    The allegations set forth in Paragraph 110 of the Complaint contain a characterization of Plaintiff's allegations to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

111.    The allegations set forth in Paragraph 111 of the Complaint contain a characterization of Plaintiff's allegations to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

112.    The allegations set forth in Paragraph 112 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

113.    Defendants admit the allegations set forth in Paragraph 113 of the Complaint that Wells Fargo is a National Bank that services residential mortgage loans, and that Wells Fargo (d/b/a ASC) is the servicer of the Mortgage which is the subject of Plaintiff's Complaint. Defendants deny the remaining allegations set forth in this paragraph.  Further answering, Wells Fargo states that it is a National Association federally chartered with the Office of the Comptroller of Currency of the United States Department of the Treasury, with its main office, as set forth in its articles of association, located in Sioux Falls, South Dakota.  Except as expressly so admitted, the allegations set forth in this paragraph are denied.

114.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 114 of the Complaint.  To the extent Defendants are able to respond, Defendants state that HSBC owns Plaintiff's Mortgage and Note.  Except as expressly so admitted, the allegations set forth in this paragraph are denied.

115.    Defendants admit the allegations set forth in Paragraph 115 of the Complaint that Fremont gave a mortgage loan to Plaintiff on November 10, 2005.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation set forth in this paragraph that Fremont "gave a mortgage loan for the purpose of refinancing the Plaintiff's residence at 44 Union Avenue, Providence, Rhode Island."  Except as expressly so admitted, the allegations set forth in this paragraph are denied.

116.    Defendants deny the allegations set forth in Paragraph 116 of the Complaint.  Further answering, Defendants state that the Note, which speaks for itself, was payable to "Fremont Investment & Loan its successors and/or assigns."  Except as expressly so admitted, the allegations set forth in this paragraph are denied.

117.    Defendants admit the allegations set forth in Paragraph 117 of the Complaint that the Note was secured by a Mortgage on the Property dated November 10, 2005 and recorded in the land evidence records of the City of Providence in Book 7699, Page 22.  Defendants deny the remaining allegations set forth in this paragraph.  Further answering, Defendants state that the Mortgage named "Fremont Investment & Loan its successors and/or assigns" as the Lender and "mortgage[d], grant[ed] and convey[ed] to MERS, (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with Mortgage Covenants upon the Statutory Condition and with the Statutory Power of Sale, the . . . property located in

21

the County of Providence" at 44 Union Avenue, Providence, RI 02909.  Except as expressly so admitted, the allegations set forth in this paragraph are denied.

118.    The allegations set forth in Paragraph 118 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 114 of the Complaint

119.    Defendants admit the allegation set forth in Paragraph 119 of the Complaint that Plaintiff has not been sent a monthly statement since September 2013.  Defendants deny the remaining allegations set forth in this paragraph.

120.    Defendants deny the allegations set forth in Paragraph 120 of the Complaint.


WHEREFORE, Defendants deny that Plaintiff is entitled to any relief whatsoever


## COUNT X

### (Violation of the Fair Debt Collection Practices Act)

121.    Defendants repeat and reincorporate their responses to Paragraphs 1-120 of the Complaint as if fully set forth herein, and make that their response to Paragraph 121 of the Complaint.

122.    The allegations set forth in Paragraph 122 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

123.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 123 of the Complaint.

124.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 124 of the Complaint.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

125.     Defendants deny the allegations set forth in Paragraph 125 of the Complaint.

126.     Defendants deny the allegations set forth in Paragraph 126 of the Complaint.

127.     Defendants deny the allegations set forth in Paragraph 127 of the Complaint.

128.     Defendants deny the allegations set forth in Paragraph 128 of the Complaint.

129.     Defendants deny the allegations set forth in Paragraph 129 of the Complaint.

130.     Defendants deny the allegations set forth in Paragraph 130 of the Complaint.

131.     Defendants deny the allegations set forth in Paragraph 131 of the Complaint.

132.     Defendants deny the allegations set forth in Paragraph 132 of the Complaint.

133.     The allegations set forth in Paragraph 133 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required Defendants deny the allegations set forth in this paragraph.

134.     Defendants deny the allegations set forth in Paragraph 134  of the Complaint.


WHEREFORE, Defendants deny that Plaintiff is entitled to any relief whatsoever.

## COUNT XI

### (Violations of Regulation X and Regulation Z)

135.    Defendants repeat and reincorporate their responses to Paragraphs 1-134 of the Complaint as if fully set forth herein, and make that their response to Paragraph 135 of the Complaint.

136.    The allegations set forth in Paragraph 136 of the Complaint contain a characterization of Plaintiff's allegations to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

137.    The allegations set forth in Paragraph 137 of the Complaint contain a characterization of Plaintiff's allegations to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

138.    Defendants admit the allegations set forth in Paragraph 138 of the Complaint that Wells Fargo d/b/a ASC is the current servicer of a Promissory Note and Deed of Trust on the real estate.  Defendants deny the remaining allegations set forth in this paragraph.  Further answering, Wells Fargo states that it services loans under the America's Servicing Company (ASC) name for other investors, and that HSBC owns Plaintiff's Mortgage, Note and former Property.  Except as expressly so admitted, the allegations set forth in this paragraph are denied.

139.     Paragraph 139 of the Complaint makes a statement to which no response is required.  To the extent a response is required, Defendants deny that Wells Fargo and ASC are separate entities.

140.    The allegations set forth in Paragraph 140 of the Complaint call for a legal conclusion and, therefore, no response is required.  To the extent a response is required, Defendants admit the allegations set forth in this paragraph.

141.     The allegations set forth in Paragraph 141 of the Complaint call for a legal conclusion and, therefore, no response is required.  To the extent a response is required, Defendants admit the allegations set forth in this paragraph.

142.     The allegations set forth in Paragraph 142 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

143.     The allegations set forth in Paragraph 143 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph, and deny that HSBC Bank is subject to regulation or liability under said laws and regulations.

144.     The allegations set forth in Paragraph 144 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations of this paragraph, and deny that HSBC is subject to regulation or liability under RESPA or Regulation X.

145.     Paragraph 145 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced April 17, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

146.     Paragraph 146 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is

required.  To the extent a response is required, Defendants deny that the referenced April 17, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

147.    Paragraph 147 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced April 17, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

148.    Paragraph 148 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced April 17, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

150.    [sic][2]  Defendants deny the allegations set forth in Paragraph 150 of the Complaint.

151.    Defendants deny the allegations set forth in Paragraph 151 of the Complaint.

152.    Defendants deny the allegations set forth in Paragraph 152 of the Complaint, and deny that the referenced April 17, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36, and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

---

[2] The Complaint does not contain a Paragraph 149.

153.     Paragraph 153 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 9, 2014 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

154.     Paragraph 154 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 9, 2014 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

155.     Paragraph 155 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 9, 2014 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

156.     Paragraph 156 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 9, 2014 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they

had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

157.    Defendants deny the allegations set forth in Paragraph 157 of the Complaint.

158.    Defendants deny the allegations set forth in Paragraph 158 of the Complaint.

159.    The allegations set forth in Paragraph 159 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

160.    Defendants deny the allegations set forth in Paragraph 160 of the Complaint.

161.    Defendants deny the allegations set forth in Paragraph 161 of the Complaint.

162.    Defendants deny the allegations set forth in Paragraph 162 of the Complaint.

163.    Defendants deny the allegations set forth in Paragraph 163 of the Complaint.

164.    Defendants deny the allegations set forth in Paragraph 164 of the Complaint.

165.    Paragraph 165 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 3, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

166.    Paragraph 166 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 3, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny

that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

167.    Paragraph 167 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 3, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

168.    Paragraph 168 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 3, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

169.    Defendants deny the allegations set forth in Paragraph 169 of the Complaint.

170.    Defendants deny the allegations set forth in Paragraph 170 of the Complaint.

171.    The allegations set forth in Paragraph 171 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

172.    Defendants deny the allegations set forth in Paragraph 172 of the Complaint.

173.    Defendants deny the allegations set forth in Paragraph 173 of the Complaint.

174.    Defendants deny the allegations set forth in Paragraph 174 of the Complaint.

175.    Defendants deny the allegations set forth in Paragraph 175 of the Complaint.

176.     Defendants deny the allegations set forth in Paragraph 176 of the Complaint.

177.     Paragraph 177 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced April 17, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

178.     Paragraph 178 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced April 17, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

179.     Paragraph 179 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced April 17, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

180.     Paragraph 180 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced April 17, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and

deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

181.    Defendants deny the allegations set forth in Paragraph 181 of the Complaint.

182.    Defendants deny the allegations set forth in Paragraph 182 of the Complaint.

183.    Defendants deny the allegations set forth in Paragraph 183 of the Complaint, and deny that the referenced April 17, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36, and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

184.    Defendants deny the allegations set forth in Paragraph 184 of the Complaint.

185.    Defendants deny the allegations set forth in Paragraph 185 of the Complaint.

186.    Paragraph 186 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 9, 2014 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

187.    Paragraph 187 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 9, 2014 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

188.     Paragraph 188 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 9, 2014 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

189.     Paragraph 189 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 9, 2014 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

190.     Defendants deny the allegations set forth in Paragraph 190 of the Complaint.

191.     Defendants deny the allegations set forth in Paragraph 191 of the Complaint.

192.     The allegations set forth in Paragraph 192 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

193.     Defendants deny the allegations set forth in Paragraph 193 of the Complaint.

194.     Defendants deny the allegations set forth in Paragraph 194 of the Complaint.

195.     Defendants deny the allegations set forth in Paragraph 195 of the Complaint.

196.     Defendants deny the allegations set forth in Paragraph 196 of the Complaint.

197.     Defendants deny the allegations set forth in Paragraph 197 of the Complaint.

198.     Paragraph 198 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 3, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

199.     Paragraph 199 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 3, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

200.     Paragraph 200 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 3, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

201.     Paragraph 201 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 3, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny

that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

202.     Defendants deny the allegations set forth in Paragraph 202 of the Complaint.

203.     Defendants deny the allegations set forth in Paragraph 203 of the Complaint.

204.     The allegations set forth in Paragraph 204 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

205.     Defendants deny the allegations set forth in Paragraph 205 of the Complaint.

206.     Defendants deny the allegations set forth in Paragraph 206 of the Complaint.

207.     Defendants deny the allegations set forth in Paragraph 207 of the Complaint.

208.     Defendants deny the allegations set forth in Paragraph 208 of the Complaint.

209.     Defendants deny the allegations set forth in Paragraph 209 of the Complaint.

210.     Paragraph 210 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced April 17, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

211.     Paragraph 211 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced April 17, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and

deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

212.    Paragraph 212 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced April 17, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

213.    Paragraph 213 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced April 17, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

214.    Defendants deny the allegations set forth in Paragraph 214 of the Complaint.

215.    Defendants deny the allegations set forth in Paragraph 215 of the Complaint, and deny that the referenced April 17, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36, and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

216.    Paragraph 216 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 9, 2014 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they

had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

217.     Paragraph 217 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 9, 2014 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

218.     Paragraph 218 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 9, 2014 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

219.     Paragraph 219 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 9, 2014 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

220.     Defendants deny the allegations set forth in Paragraph 220 of the Complaint.

221.     Defendants deny the allegations set forth in Paragraph 221 of the Complaint.

222.    The allegations set forth in Paragraph 222 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

223.    Defendants deny the allegations set forth in Paragraph 223 of the Complaint.

224.    Defendants deny the allegations set forth in Paragraph 224 of the Complaint..

225.    Defendants deny the allegations set forth in Paragraph 225 of the Complaint.

226.    Defendants deny the allegations set forth in Paragraph 226 of the Complaint.

227.    Defendants deny the allegations set forth in Paragraph 227 of the Complaint.

228.    Paragraph 228 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 3, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

229.    Paragraph 229 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 3, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

230.    Paragraph 230 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 3,

2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

231.    Paragraph 231 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 3, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

232.    Defendants deny the allegations set forth in Paragraph 232 of the Complaint.

233.    Defendants deny the allegations set forth in Paragraph 233 of the Complaint.

234.    The allegations set forth in Paragraph 234 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

235.    Defendants deny the allegations set forth in Paragraph 235 of the Complaint.

236.    Defendants deny the allegations set forth in Paragraph 236 of the Complaint.

237.    Defendants deny the allegations set forth in Paragraph 237 of the Complaint.

238.    Defendants deny the allegations set forth in Paragraph 238 of the Complaint.

239.    Defendants deny the allegations set forth in Paragraph 239 of the Complaint.

240.    Paragraph 240 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced April 17, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and

deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

241.    Paragraph 241 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced April 17, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

242.    Paragraph 242 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced April 17, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

243.    Paragraph 243 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced April 17, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

244.    Defendants deny the allegations set forth in Paragraph 244 of the Complaint.

245.    Defendants deny the allegations set forth in Paragraph 245 of the Complaint.

246.    Defendants deny the allegations set forth in Paragraph 246 of the Complaint and deny that the referenced April 17, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36, and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

247.    Paragraph 247 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 7, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

248.    Paragraph 248 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 7, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

249.    Paragraph 249 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 7, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

250.     Paragraph 250 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 7, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

251.     Defendants deny the allegations set forth in Paragraph 251 of the Complaint.

252.     Defendants deny the allegations set forth in Paragraph 252 of the Complaint.

253.     The allegations set forth in Paragraph 253 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

254.     Defendants deny the allegations set forth in Paragraph 254 of the Complaint.

255.     Defendants deny the allegations set forth in Paragraph 255 of the Complaint.

256.     Defendants deny the allegations set forth in Paragraph 256 of the Complaint

257.     Paragraph 257 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 9, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

258.     Paragraph 258 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 9, 2014

correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

259.     Paragraph 259 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 9, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

260.     Paragraph 260 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 9, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

261.     Defendants deny the allegations set forth in Paragraph 261 of the Complaint.

262.     Defendants deny the allegations set forth in Paragraph 262 of the Complaint.

263.     Defendants deny the allegations set forth in Paragraph 263 of the Complaint.

264.     Defendants deny the allegations set forth in Paragraph 264 of the Complaint.

265.     Paragraph 265 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 3, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny

that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

266.    Paragraph 266 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 3, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

267.    Paragraph 267 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 3, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

268.    Paragraph 268 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 3, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

269.    Defendants deny the allegations set forth in Paragraph 269 of the Complaint.

270.    Defendants deny the allegations set forth in Paragraph 270 of the Complaint.

271.    Defendants deny the allegations set forth in Paragraph 271 of the Complaint and deny that the referenced June 3, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36, and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

272.    Defendants deny the allegations set forth in Paragraph 272 of the Complaint.

273.    Defendants deny the allegations set forth in Paragraph 273 of the Complaint.

274.    Paragraph 274 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 4, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

275.    Paragraph 275 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 4, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

276.    Paragraph 276 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 4, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny

that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

277.    Paragraph 277 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 4, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

278.    Defendants deny the allegations set forth in Paragraph 278 of the Complaint.

279.    Defendants deny the allegations set forth in Paragraph 279 of the Complaint.

280.    The allegations set forth in Paragraph 280 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

281.    Defendants deny the allegations set forth in Paragraph 281 of the Complaint.

282.    Defendants deny the allegations set forth in Paragraph 282 of the Complaint.

283.    Defendants deny the allegations set forth in Paragraph 283 of the Complaint.

284.    Defendants deny the allegations set forth in Paragraph 284 of the Complaint.

285.    Defendants deny the allegations set forth in Paragraph 285 of the Complaint.

286.    Paragraph 286 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 3, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny

that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

287.     Paragraph 287 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 3, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

288.     Paragraph 288 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 3, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

289.     Paragraph 289 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 3, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

290.     Defendants deny the allegations set forth in Paragraph 290 of the Complaint.

291.     Defendants deny the allegations set forth in Paragraph 291 of the Complaint.

292.     Defendants deny the allegations set forth in Paragraph 292 of the Complaint and deny that the referenced June 3, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36, and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

293.     Paragraph 293 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 4, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

294.     Paragraph 294 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 4, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

295.     Paragraph 295 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 4, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

296.     Paragraph 296 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 4, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

297.     Defendants deny the allegations set forth in Paragraph 297 of the Complaint.

298.     Defendants deny the allegations set forth in Paragraph 298 of the Complaint.

299.     The allegations set forth in Paragraph 299 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

300.     Defendants deny the allegations set forth in Paragraph 300 of the Complaint.

301.     Defendants deny the allegations set forth in Paragraph 301 of the Complaint.

302.     Defendants deny the allegations set forth in Paragraph 302 of the Complaint.

303.     Defendants deny the allegations set forth in Paragraph 303 of the Complaint.

304.     Defendants deny the allegations set forth in Paragraph 304 of the Complaint.

305.     Paragraph 305 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 3, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

306.     Paragraph 306 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 3, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

307.     Paragraph 307 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 3, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

308.     Paragraph 308 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 3, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

309.     Defendants deny the allegations set forth in Paragraph 309 of the Complaint.

310.     Defendants deny the allegations set forth in Paragraph 310 of the Complaint.

311.     Defendants deny the allegations set forth in Paragraph 311 of the Complaint and deny that the referenced June 3, 2014 correspondence qualified as a Request for Information

pursuant to 12 C.F.R. § 1024.36, and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

312.     Paragraph 312 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 4, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

313.     Paragraph 313 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 4, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

314.     Paragraph 314 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 4, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

315.     Paragraph 315 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 4,

2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny

that they had any obligation under RESPA, Regulation X, or had any other legal requirement to

respond to it.

316.     Defendants deny the allegations set forth in Paragraph 316 of the Complaint.

317.     Defendants deny the allegations set forth in Paragraph 317 of the Complaint.

318.     The allegations set forth in Paragraph 318 of the Complaint call for a legal

conclusion to which no response is required.  To the extent a response is required, Defendants

deny the allegations set forth in this paragraph.

319.     Defendants deny the allegations set forth in Paragraph 319 of the Complaint.

320.     Defendants deny the allegations set forth in Paragraph 320 of the Complaint.

321.     Defendants deny the allegations set forth in Paragraph 321 of the Complaint.

322.     Defendants deny the allegations set forth in Paragraph 322 of the Complaint.

323.     Defendants deny the allegations set forth in Paragraph 323 of the Complaint.

324.     Paragraph 324 of the Complaint makes allegations as to the content of a written

document, which speaks for itself, and calls for a legal conclusion to which no response is

required.  To the extent a response is required, Defendants deny that the referenced June 3, 2014

correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny

that they had any obligation under RESPA, Regulation X, or had any other legal requirement to

respond to it.

325.     Paragraph 325 of the Complaint makes allegations as to the content of a written

document, which speaks for itself, and calls for a legal conclusion to which no response is

required.  To the extent a response is required, Defendants deny that the referenced June 3, 2014

correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny

that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

326.    Paragraph 326 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 3, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

327.    Paragraph 327 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 3, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

328.    Defendants deny the allegations set forth in Paragraph 328 of the Complaint.

329.    Defendants deny the allegations set forth in Paragraph 329 of the Complaint.

330.    Defendants deny the allegations set forth in Paragraph 330 of the Complaint and deny that the referenced June 3, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36, and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

331.    Paragraph 331 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 4,

2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

332.    Paragraph 332 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 4, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

333.    Paragraph 333 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 4, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

334.    Paragraph 334 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 4, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

335.    Defendants deny the allegations set forth in Paragraph 335 of the Complaint.

336.    Defendants deny the allegations set forth in Paragraph 336 of the Complaint.

337.    The allegations set forth in Paragraph 337 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

338.    Defendants deny the allegations set forth in Paragraph 338 of the Complaint.

339.    Defendants deny the allegations set forth in Paragraph 339 of the Complaint.

340.    Defendants deny the allegations set forth in Paragraph 340 of the Complaint.

341.    Defendants deny the allegations set forth in Paragraph 341 of the Complaint.

342.    Defendants deny the allegations set forth in Paragraph 342 of the Complaint.

343.    Paragraph 343 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 9, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

344.    Paragraph 344 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 9, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

345.    Paragraph 345 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 9, 2014

correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

346.    Paragraph 346 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 9, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

347.    Defendants deny the allegations set forth in Paragraph 347 of the Complaint.

348.    Defendants deny the allegations set forth in Paragraph 348 of the Complaint.

349.    Defendants deny the allegations set forth in Paragraph 349 of the Complaint and deny that the referenced June 9, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36, and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

350.    Paragraph 350 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 7, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

351.    Paragraph 351 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is

required.  To the extent a response is required, Defendants deny that the referenced August 7, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

352.    Paragraph 352 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 7, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

353.    Paragraph 353 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 7, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

354.    Defendants deny the allegations set forth in Paragraph 354 of the Complaint.

355.    Defendants deny the allegations set forth in Paragraph 355 of the Complaint.

356.    The allegations set forth in Paragraph 356 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

357.    Defendants deny the allegations set forth in Paragraph 357 of the Complaint.

358.    Defendants deny the allegations set forth in Paragraph 358 of the Complaint.

359.    Defendants deny the allegations set forth in Paragraph 359 of the Complaint.

360.    Defendants deny the allegations set forth in Paragraph 360 of the Complaint.

361.    Defendants deny the allegations set forth in Paragraph 361 of the Complaint.

362.    Paragraph 362 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 6, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

363.    Paragraph 363 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 6, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

364.    Paragraph 364 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 6, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

365.    Paragraph 365 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is

required.  To the extent a response is required, Defendants deny that the referenced August 6, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

366.    Defendants deny the allegations set forth in Paragraph 366 of the Complaint.

367.    Defendants deny the allegations set forth in Paragraph 367 of the Complaint.

368.    The allegations set forth in Paragraph 368 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

367.    [sic][3] Defendants deny the allegations set forth in Paragraph 367 of the Complaint.

368.    Defendants deny the allegations set forth in Paragraph 368 of the Complaint.

369.    Defendants deny the allegations set forth in Paragraph 369 of the Complaint.

370.    Defendants deny the allegations set forth in Paragraph 370 of the Complaint.

371.    Defendants deny the allegations set forth in Paragraph 371 of the Complaint.

372.    Paragraph 372 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 3, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

373.    Paragraph 373 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is

---

[3] The Complaint contains two paragraphs numbered 367 and two paragraphs numbered 368.

required.  To the extent a response is required, Defendants deny that the referenced June 3, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

374.    Paragraph 374 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 3, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

375.    Paragraph 375 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 3, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

376.    Defendants deny the allegations set forth in Paragraph 376 of the Complaint.

377.    Defendants deny the allegations set forth in Paragraph 377 of the Complaint.

378.    Defendants deny the allegations set forth in Paragraph 378 of the Complaint and deny that the referenced June 3, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36, and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

379.    Paragraph 379 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 4, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

380.    Paragraph 380 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 4, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

381.    Paragraph 381 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 4, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

382.    Paragraph 382 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 4, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny

that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

383.    Defendants deny the allegations set forth in Paragraph 383 of the Complaint.

384.    Defendants deny the allegations set forth in Paragraph 384 of the Complaint.

385.    The allegations set forth in Paragraph 385 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

386.    Defendants deny the allegations set forth in Paragraph 386 of the Complaint.

387.    Defendants deny the allegations set forth in Paragraph 387 of the Complaint.

388.    Defendants deny the allegations set forth in Paragraph 388 of the Complaint.

389.    Defendants deny the allegations set forth in Paragraph 389 of the Complaint.

390.    Defendants deny the allegations set forth in Paragraph 390 of the Complaint.

391.    Paragraph 391 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 3, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

392.    Paragraph 392 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 3, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny

that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

393.    Paragraph 393 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 3, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

394.    Paragraph 394 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 3, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

395.    Defendants deny the allegations set forth in Paragraph 395 of the Complaint.

396.    Defendants deny the allegations set forth in Paragraph 396 of the Complaint.

397.    Defendants deny the allegations set forth in Paragraph 397 of the Complaint and deny that the referenced June 3, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36, and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

398.    Paragraph 398 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 4,

2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

399.    Paragraph 399 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 4, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

400.    Paragraph 400 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 4, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

401.    Paragraph 401 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 4, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

402.    Defendants deny the allegations set forth in Paragraph 402 of the Complaint.

403.    Defendants deny the allegations set forth in Paragraph 403 of the Complaint.

404.     The allegations set forth in Paragraph 404 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

405.     Defendants deny the allegations set forth in Paragraph 405 of the Complaint.

406.     Defendants deny the allegations set forth in Paragraph 406 of the Complaint.

407.     Defendants deny the allegations set forth in Paragraph 407 of the Complaint.

408.     Defendants deny the allegations set forth in Paragraph 408 of the Complaint.

409.     Defendants deny the allegations set forth in Paragraph 409 of the Complaint.

410.     Paragraph 410 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 3, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

411.     Paragraph 411 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 3, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

412.     Paragraph 412 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 3, 2014

correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

413.    Paragraph 413 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 3, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

414.    Defendants deny the allegations set forth in Paragraph 414 of the Complaint.

415.    Defendants deny the allegations set forth in Paragraph 415 of the Complaint.

416.    Paragraph 416 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 4, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

417.    Paragraph 417 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 4, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

418.     Paragraph 418 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 4, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

419.     Paragraph 419 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 4, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

420.     Defendants deny the allegations set forth in Paragraph 420 of the Complaint.

421.     Defendants deny the allegations set forth in Paragraph 421 of the Complaint.

422.     The allegations set forth in Paragraph 422 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

423.     Defendants deny the allegations set forth in Paragraph 423 of the Complaint.

424.     Defendants deny the allegations set forth in Paragraph 424 of the Complaint.

425.     Defendants deny the allegations set forth in Paragraph 425 of the Complaint.

426.     Defendants deny the allegations set forth in Paragraph 423 of the Complaint.

427.     Defendants deny the allegations set forth in Paragraph 423 of the Complaint.

428.     Paragraph 428 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced September 22, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

429.     Paragraph 429 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced September 22, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

430.     Paragraph 430 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced September 22, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

431.     Paragraph 431 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced September 22, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36

and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

432.    Defendants deny the allegations set forth in Paragraph 432 of the Complaint.

433.    Defendants deny the allegations set forth in Paragraph 433 of the Complaint.

434.    Defendants deny the allegations set forth in Paragraph 434 of the Complaint and deny that the referenced September 22, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36, and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

435.    Paragraph 435 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 7, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

436.    Paragraph 436 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 7, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

437.    Paragraph 437 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 7,

2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny

that they had any obligation under RESPA, Regulation X, or had any other legal requirement to

respond to it.

438.     Paragraph 438 of the Complaint makes allegations as to the content of a written

document, which speaks for itself, and calls for a legal conclusion to which no response is

required.  To the extent a response is required, Defendants deny that the referenced August 7,

2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny

that they had any obligation under RESPA, Regulation X, or had any other legal requirement to

respond to it.

439.     The allegations set forth in Paragraph 439 of the Complaint call for a legal

conclusion to which no response is required.  To the extent a response is required, the

Defendants deny the allegations set forth in this paragraph.

440.     Defendants deny the allegations set forth in Paragraph 440 of the Complaint.

441.     The allegations set forth in Paragraph 441 of the Complaint call for a legal

conclusion to which no response is required.  To the extent a response is required, the

Defendants deny the allegations set forth in this paragraph.

442.     Defendants deny the allegations set forth in Paragraph 442 of the Complaint.

443.     Defendants deny the allegations set forth in Paragraph 443 of the Complaint.

444.     Defendants deny the allegations set forth in Paragraph 444 of the Complaint.

445.     Defendants deny the allegations set forth in Paragraph 445 of the Complaint.

446.     Defendants deny the allegations set forth in Paragraph 446 of the Complaint.

447.     Paragraph 447 of the Complaint makes allegations as to the content of a written

document, which speaks for itself, and calls for a legal conclusion to which no response is

required.  To the extent a response is required, Defendants deny that the referenced September 22, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

448.    Paragraph 448 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced September 22, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

449.    Paragraph 449 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced September 22, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

450.    Paragraph 450 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced September 22, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

451.    Defendants deny the allegations set forth in Paragraph 451 of the Complaint.

452.    Defendants deny the allegations set forth in Paragraph 452 of the Complaint.

453.    Defendants deny the allegations set forth in Paragraph 453 of the Complaint and deny that the referenced September 22, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36, and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

454.    Paragraph 454 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 7, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

455.    Paragraph 455 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 7, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

456.    Paragraph 456 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 7, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

457.     Paragraph 457 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 7, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

458.     Defendants deny the allegations set forth in Paragraph 458 of the Complaint.

460.     [sic][4]  Defendants deny the allegations set forth in Paragraph 460 of the Complaint.

461.     The allegations set forth in Paragraph 461 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

462.     Defendants deny the allegations set forth in Paragraph 462 of the Complaint.

463.     Defendants deny the allegations set forth in Paragraph 463 of the Complaint.

464.     Defendants deny the allegations set forth in Paragraph 464 of the Complaint.

465.     Defendants deny the allegations set forth in Paragraph 465 of the Complaint.

466.     Defendants deny the allegations set forth in Paragraph 466 of the Complaint.

467.     Paragraph 467 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced September 22, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

---

[4] The Complaint does not contain a paragraph 459.

468.     Paragraph 468 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced September 22, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

469.     Paragraph 469 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced September 22, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

470.     Paragraph 470 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced September 22, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

471.     Defendants deny the allegations set forth in Paragraph 471 of the Complaint.

472.     Defendants deny the allegations set forth in Paragraph 472 of the Complaint.

473.     Defendants deny the allegations set forth in Paragraph 473 of the Complaint and deny that the referenced September 22, 2014 correspondence qualified as a Request for

Information pursuant to 12 C.F.R. § 1024.36, and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

474.     Paragraph 474 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 7, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

475.     Paragraph 475 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 7, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

476.     Paragraph 476 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 7, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

477.     Paragraph 477 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 7,

2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

478.    Defendants deny the allegations set forth in Paragraph 478 of the Complaint.

479.    Defendants deny the allegations set forth in Paragraph 479 of the Complaint.

480.    The allegations set forth in Paragraph 480 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

481.    Defendants deny the allegations set forth in Paragraph 481 of the Complaint.

482.    Defendants deny the allegations set forth in Paragraph 482 of the Complaint.

483.    Defendants deny the allegations set forth in Paragraph 483 of the Complaint.

484.    Defendants deny the allegations set forth in Paragraph 484 of the Complaint.

485.    Defendants deny the allegations set forth in Paragraph 485 of the Complaint.

486.    Paragraph 486 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced July 24, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

487.    Paragraph 487 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced July 24, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny

that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

488.     Paragraph 488 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced July 24, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

489.     Paragraph 489 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced July 24, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

490.     Defendants deny the allegations set forth in Paragraph 490 of the Complaint.

491.     Defendants deny the allegations set forth in Paragraph 491 of the Complaint.

492.     Defendants deny the allegations set forth in Paragraph 492 of the Complaint and deny that the referenced July 24, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36, and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

493.     Paragraph 493 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 5,

2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

494.     Paragraph 494 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 5, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

495.     Paragraph 495 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 5, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

496.     Paragraph 496 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 5, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

497.     Defendants deny the allegations set forth in Paragraph 497 of the Complaint.

498.     Defendants deny the allegations set forth in Paragraph 498 of the Complaint.

499.    The allegations set forth in Paragraph 499 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

500.    Defendants deny the allegations set forth in Paragraph 500 of the Complaint.

501.    Defendants deny the allegations set forth in Paragraph 501 of the Complaint.

502.    Defendants deny the allegations set forth in Paragraph 502 of the Complaint.

503.    Defendants deny the allegations set forth in Paragraph 503 of the Complaint.

504.    Defendants deny the allegations set forth in Paragraph 504 of the Complaint.

505.    Paragraph 505 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced September 22, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

506.    Paragraph 506 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced September 22, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

507.    Paragraph 507 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced September

22, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

508. Paragraph 508 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that the referenced September 22, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

509. Defendants deny the allegations set forth in Paragraph 509 of the Complaint.

510. Defendants deny the allegations set forth in Paragraph 510 of the Complaint.

511. Defendants deny the allegations set forth in Paragraph 511 of the Complaint and deny that the referenced September 22, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36, and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

512. Paragraph 512 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that the referenced August 7, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

513. Paragraph 513 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is

required.  To the extent a response is required, Defendants deny that the referenced August 7, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

514.    Paragraph 514 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 7, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

515.    Paragraph 515 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 7, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

516.    Defendants deny the allegations set forth in Paragraph 516 of the Complaint.

517.    Defendants deny the allegations set forth in Paragraph 517 of the Complaint.

518.    The allegations set forth in Paragraph 518 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

519.    Defendants deny the allegations set forth in Paragraph 519 of the Complaint.

520.    Defendants deny the allegations set forth in Paragraph 520 of the Complaint.

521.     Defendants deny the allegations set forth in Paragraph 521 of the Complaint.

522.     Defendants deny the allegations set forth in Paragraph 522 of the Complaint.

523.     Defendants deny the allegations set forth in Paragraph 523 of the Complaint.

524.     Paragraph 524 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 3, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

525.     Paragraph 525 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 3, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

526.     Paragraph 526 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced June 3, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

527.     Paragraph 527 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is

required.  To the extent a response is required, Defendants deny that the referenced June 3, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

528.     Defendants deny the allegations set forth in Paragraph 528 of the Complaint.

530.     [sic][5] Defendants deny the allegations set forth in Paragraph 530 of the Complaint.

531.     Defendants deny the allegations set forth in Paragraph 531 of the Complaint and deny that the referenced June 3, 2014 correspondence qualified as a Request for Information pursuant to 12 C.F.R. § 1024.36, and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

532.     Paragraph 532 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 4, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

533.     Paragraph 533 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 4, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

---

[5] The Complaint does not contain a Paragraph 529.

534.     Paragraph 534 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 4, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

535.     Paragraph 535 of the Complaint makes allegations as to the content of a written document, which speaks for itself, and calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that the referenced August 4, 2015 correspondence qualified as a Notice of Error pursuant to 12 C.F.R. § 1024.35 and deny that they had any obligation under RESPA, Regulation X, or had any other legal requirement to respond to it.

536.     Defendants deny the allegations set forth in Paragraph 536 of the Complaint.

537.     Defendants deny the allegations set forth in Paragraph 537 of the Complaint.

538.     The allegations set forth in Paragraph 538 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

539.     Defendants deny the allegations set forth in Paragraph 539 of the Complaint.

540.     Defendants deny the allegations set forth in Paragraph 540 of the Complaint.

541.     Defendants deny the allegations set forth in Paragraph 541 of the Complaint.

542.     Defendants deny the allegations set forth in Paragraph 542 of the Complaint.

543.     Defendants deny the allegations set forth in Paragraph 543 of the Complaint.

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief whatsoever.

## COUNT XI [sic][6]

**(Declaratory Judgement that the Purposed [sic] Foreclosure Deed Did Not Convey Titile to the Plaintiff's Property to Any Entity)**

544.    Defendants repeat and reincorporate their responses to Paragraphs 1-544 of the Complaint as if fully set forth herein and make that their response to Paragraph 544 of the Complaint.

545.    Defendants deny the allegations set forth in Paragraph 545 of the Complaint. Further answering, Defendants state that HSBC, by Wells Fargo as Attorney in Fact, executed a Foreclosure Deed on January 10, 2014, and that the Foreclosure Deed was recorded in the Providence Land Evidence Records on March 17, 2005 at Book 11073, Page 165.  Except as expressly so admitted, the allegations set forth in this paragraph are denied.

546.    Defendants deny the allegations set forth in Paragraph 546 of the Complaint. Further answering, Defendants state that HSBC, by Wells Fargo as Attorney in Fact, executed the Foreclosure Deed on January 10, 2014.  Except as expressly so admitted, the allegations set forth in this paragraph are denied.

547.    The allegations set forth in Paragraph 547 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

548.     Paragraph 548 of the Complaint purports to quote R.I.G.L. § 34-11-34, which speaks for itself.

---

[6] The previous count, titled "Violations of Regulation X and Regulation Z" is also identified as "Count XI."

549.     The allegations set forth in Paragraph 549 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

550.     Defendants deny the allegations set forth in Paragraph 550 of the Complaint.

551.     The allegations set forth in Paragraph 551 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

552.     Defendants deny the allegations set forth in Paragraph 552 of the Complaint.

553.     Defendants deny the allegations set forth in Paragraph 553 of the Complaint.

554.     Defendants deny the allegations set forth in Paragraph 554 of the Complaint.

555.     Defendants deny the allegations set forth in Paragraph 555 of the Complaint.

556.     The allegations set forth in Paragraph 556 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

557.     Paragraph 557 of the Complaint makes allegations as to the content of written documents, which speak for themselves.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph, and further deny that the Foreclosure Deed is invalid or does not comply with any applicable law or regulation.

558.     Defendants deny the allegations set forth in Paragraph 558 of the Complaint.

559.     Defendants deny the allegations set forth in Paragraph 559 of the Complaint.


WHEREFORE, Defendants deny that Plaintiff is entitled to any relief whatsoever.

# COUNT XII

## (Injunctive Relief)

560.    Defendants repeat and reincorporate their responses to Paragraphs 1-559 of the Complaint as if fully set forth herein and make that their response to Paragraph 560 of the Complaint.

561.    The allegations set forth in Paragraph 561 of the Complaint contain a characterization of Plaintiff's allegations to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in this paragraph.

562.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 562 of the Complaint.

563.    Defendants deny the allegations set forth in Paragraph 563 of the Complaint.

564.    Defendants deny the allegations set forth in Paragraph 564 of the Complaint.

565.    Defendants deny the allegations set forth in Paragraph 565 of the Complaint.

566.    Defendants deny the allegations set forth in Paragraph 566 of the Complaint.

567.    Defendants deny the allegations set forth in Paragraph 567 of the Complaint.

568.    Defendants deny the allegations set forth in Paragraph 568 of the Complaint.

569.    Defendants deny the allegations set forth in Paragraph 569 of the Complaint.

570.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 570 of the Complaint.


WHEREFORE, Defendants deny that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the Complaint and without admitting or acknowledging that Wells Fargo has any burden to prove any of the following allegations, Wells Fargo asserts the following as separate and independent affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state any claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's FDCPA claims are barred or limited by the FDCPA's statute of limitations, 15 U.S.C. § 1692k(d).

### THIRD AFFIRMATIVE DEFENSE

Wells Fargo denies that it violated the FDCPA, but if Wells Fargo is found to have violated the FDCPA, any such violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error, within the meaning of 15 U.S.C. § 1692k(c).

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's FDCPA claims are barred because, at all relevant times, HSBC had a present right to possession of the property claimed as collateral through an enforceable security interest that was sought to be enforced.

### FIFTH AFFIRMATIVE DEFENSE

If Plaintiff sustained any damages, which is denied, such damages must be off set against the value of the funds, goods, facilities and services that Defendants or prior Lenders provided to Plaintiff.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

If Plaintiff sustained any damages as alleged in the Complaint, which Defendants deny, such damages must be off set against all sums due and owing by Plaintiff to Defendants.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

If Plaintiff sustained any damages as alleged in the Complaint, which Defendants deny, such damages, if any, must be dismissed or reduced due to Plaintiff's failure to avoid or mitigate them.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

Plaintiff lacks standing to challenge the assignments of mortgage.

<u>NINTH AFFIRMATIVE DEFENSE</u>

Plaintiff lacks standing to bring the claims alleged.

<u>TENTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred or limited by contract and/or by estoppel of contract.

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred for lack of privity.

<u>TWELFTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred or limited because the terms of Paragraph 22 of the Mortgage were complied with.

<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred or limited because the notice provided to Plaintiff complied with the terms of Paragraph 22 of the Mortgage and any applicable law.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited because she expressly, ostensibly, and/or implicitly ratified the transactions at issue.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the doctrines of estoppel, assent, laches, waiver, and/or unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited because Defendants complied with R.I.G.L. § 34-27-3.1, *et seq*.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited because Defendants complied with R.I.G.L. § 34-11-22.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims asserted under RESPA and Regulation X are barred or limited because Defendants were not "servicers" of Plaintiff's Mortgage within the meaning of RESPA, 12 U.S.C. § 2605(i)(2) and Regulation X at the time Plaintiff made purported Requests for Information and/or sent alleged Notices of Error.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims asserted under RESPA, Regulation X, and Regulation Z against HSBC are barred or limited because HSBC is not subject to regulation or liability under RESPA, Regulation X, or Regulation Z with regard to Plaintiff's Mortgage, and HSBC is not derivatively liable for Wells Fargo's alleged violations, which are denied.

<u>TWENTIETH AFFIRMATIVE DEFENSE</u>

Plaintiff's damages claims asserted under RESPA are barred or limited because Plaintiff did not suffer any actual, demonstrable damage by way of any of the alleged violations, which Defendants deny.

<u>TWENTY-FIRST AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred or limited because Plaintiff lacks a private right of action to bring her claims.

<u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>

Plaintiff's claims under the federal Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"), are barred or limited because Defendants had no duty to under TILA, 12 C.F.R. § 1026.41, or 15 U.S.C. § 1638, to respond to their purported qualified written requests.

<u>TWENTY-THIRD AFFIRMATIVE DEFENSE</u>

Plaintiff's claims under TILA, 15 U.S.C. § 1601, *et seq.*, are barred or limited by TILA's statute of limitations provision, 15 U.S.C. § 1640(e).

<u>TWENTY-FOURTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims asserted under TILA and Regulation Z are barred or limited because Defendants were not "servicers" of Plaintiff's Mortgage within the meaning of TILA, 15 U.S.C. § 1641(f) and Regulation Z at the time Plaintiff made purported Requests for Information and/or sent alleged Notices of Error.

<u>TWENTY-FIFTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, *et seq.* ("RESPA") and Regulation X, 12 C.F.R. §§ 1024.30, *et seq.*, are barred by RESPA's statute of limitations (repose) provision, 12 U.S.C. § 2614.

TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's RESPA claim is barred because her alleged qualified written request was not a qualified written request within the meaning of RESPA.

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited because Defendants acted in good faith at all times material to the Complaint.

TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants give notice that they intend to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserve their right to amend their Answer to assert such defenses.

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief whatsoever.

Respectfully submitted,

HSBC BANK USA, NATIONAL ASSOCIATION,
AS TRUSTEE FOR HOME EQUITY LOAN
TRUST SERIES ACE 2006-HE1, HSBC BANK
USA, NATIONAL ASSOCIATION, AS TRUSTEE
FOR ACE SECURITIES CORP. HOME
EQUITY LOAN TRUST, SERIES 2006-HE1,
ASSET BACKED PASS-THROUGH
CERTIFICATES, ALIAS, and
WELLS FARGO BANK, N.A.

By their Attorney,


*/s/ Michael E. Jusczyk*
Michael E. Jusczyk (Bar No. 7791)
mjusczyk@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210
Telephone: (617) 946-8343
Facsimile: (617) 946-4801

Dated:  September 30, 2016




**<u>CERTIFICATE OF SERVICE</u>**

I, Michael E. Jusczyk, hereby certify that this document has been filed electronically and is available for viewing and downloading from the ECF system.  I further certify that this document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 30, 2016.


*/s/  Michael E. Jusczyk*
Michael E. Jusczyk